UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES, | ) ) ) | |
| v. | ) ) | Crim. No. 05-0359-1, -2, -3 (RMU) |
| DOUGLAS JEMAL, et al., | ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANTS' MOTION FOR A BILL OF PARTICULARS**

Defendants Douglas Jemal, Norman D. Jemal, and Blake Esherick ("Defendants"), through counsel, hereby move this Court, pursuant to Federal Rule of Criminal Procedure 7(f), for an Order directing the government to provide a bill of particulars setting forth the information specified below regarding the allegations of the Indictment.

The allegations of the current Indictment are insufficient to permit the Defendants to prepare adequately for trial. Accordingly, the Defendants seek a bill of particulars as to the following matters: (1) specification of "official acts" allegedly performed by Michael Lorusso ("Lorusso"); and (2) specification of overt acts in furtherance of the alleged conspiracy (Count One), including all claims for payment or invoices submitted in furtherance of the conspiracy.

Defendants' specific requests are as follows:

A. **Specification of "Official Acts" Allegedly Performed By Lorusso**

1. Identify each "other[]" official act allegedly performed by Lorusso on behalf of the Defendants, as alleged but not specifically enumerated in Count One of the Indictment (Count One, Manners and Means ¶ 16).

2. Identify each instance of Lorusso "[o]therwise taking steps of benefit to Douglas Development" as alleged in Count One of the Indictment (Count One, Manners and Means ¶ 16(g)).

3. Identify each of the "numerous routine actions involving the exercise of discretion in connection with the DC Government's relationship with Douglas Development" that Lorusso allegedly took on behalf of the Defendants (Count Two, ¶ (v)).

4. Identify any other official action performed by Lorusso on behalf of the Defendants that is not alleged in the Indictment but which the government intends to prove at trial.

B. **Specification of Overt Acts, Including All Claims For Payment Or Invoices Submitted In Furtherance Of The Conspiracy Alleged In Count One**

1. Identify any overt act not alleged in the Indictment, including the nature of the act, the co-conspirator who engaged in the act, the date the act occurred and how the act furthered the alleged conspiracy.

2. Of the alleged "variety of invoices" submitted to the DC Government in furtherance of the conspiracy alleged in Count One, specify those not identified in the Indictment (Count One, Manners and Means ¶ 16(e)).

Defendants respectfully request oral argument on this motion. A proposed Order is attached.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Erik L. Kitchen (D.C. Bar #292847)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal


Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated:  December 22, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| v. ) | Crim. No.  05-0359-1, -2, -3 (RMU) |
| ) | |
| DOUGLAS JEMAL, et al., ) | |
| ) | |
| Defendants. ) | |

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS' MOTION FOR A BILL OF PARTICULARS

Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure, Defendants, through counsel, submit this memorandum in support of their motion for a bill of particulars.

I.   INTRODUCTION

The allegations in the current Indictment are insufficient to permit the Defendants to prepare adequately for trial.  Counts One and Two of the Indictment charge the Defendants with conspiracy to commit bribery and bribery, and Count Three charges the Defendants with mail and honest services fraud based on the same conduct.  The Indictment alleges that Defendants are principals in the Douglas Development Corporation ("DDC"), a business that manages, develops, and leases commercial real estate owned by Defendant Douglas Jemal. Indictment at 1-2 (¶¶ 1-4).  The Indictment further alleges that the public official bribed by Defendants is Michael Lorusso ("Lorusso"), the Deputy Director of the District of Columbia's Office of Property Management ("OPM"), who was responsible for, among other things, arranging for the leasing of office space by D.C. government agencies.  Indictment at 3 (¶ 7).  In

essence, Counts One through Three of the Indictment charge Defendants with corruptly providing various things of value to Lorusso in order to influence, or induce Lorusso to perform, a series of official acts primarily related to (a) the District's lease of and subsequent unconsummated effort to purchase a vehicle impound lot at 4800 Addison Road, Capitol Heights, Maryland, and (b) the District's lease of, and payment of invoices related to tenant improvements at, commercial office space in a building at 77 P Street, N.E., Washington, D.C. See Indictment at 5-8 (¶¶ 15-16) (Count One -- Conspiracy to Commit Bribery), 14-15 (Count Two -- Bribery).

The bribery statute requires the government to prove "a *quid pro quo* -- a specific intent to give or receive something of value *in exchange* for an official act." United States v. Sun-Diamond Growers, 526 U.S. 398, 404 (1999). However, the Indictment fails to specify all of the "official acts" Lorusso allegedly performed for the benefit of the Defendants. For instance, the paragraph of Count One alleging the official actions performed by Lorusso states that the listed actions are merely "among others," and that Lorusso "[o]therwise [took] steps of benefit to Douglas Development in connection with numerous routine issues involving and relating to the DC Government's leasing of space through Douglas Development." Id. at 6-9 (¶ 16(g)). Likewise, Count Two, the substantive bribery charge, alleges that the official acts performed by Lorusso "include[d]" four categories of "actions in the nature of" general unspecified conduct, as well as "numerous routine actions involving the exercise of discretion in connection with the DC Government's relationship with Douglas Development." Id. at 15 (¶¶ (i)-(v)). The Indictment also fails to specify all overt acts undertaken in furtherance of the alleged bribery conspiracy, such as all of the purportedly fraudulent invoices or claims for payment allegedly submitted by Defendants to the District of Columbia. See id. at 10 (alleged

Overt Acts are "among others"); id. at 7 (¶ 16(e)) (alleging that Lorusso caused the DC Government to make payments to DDC in response to "a variety of invoices . . . including" six specified invoices).

On November 1, 2005, counsel for Defendants asked the government to specify these and other allegations in the Indictment. See Letter from Reid H. Weingarten to Mark H. Dubester, Nov. 1, 2005 (Exhibit 1). On November 22, 2005, the government provided some of the requested particulars but not others. See Letter from Mark H. Dubester to Defense Counsel, Nov. 22, 2005 (Exhibit 2) ("Gov't BOP Letter"). The government specified two additional items of value provided to Lorusso, and three additional general categories of official acts performed by Lorusso. Gov't BOP Letter at 2-3. However, with respect to the Defendants' request for specification of the official acts performed by Lorusso, the government stated: "We decline to specify 'every act' or 'every official act' by Lorusso . . . ." Id.[1] The government also explicitly declined to specify every overt act. Id. at 3.

---

[1] The government's letter did not state explicitly that the two additional things of value set forth in the letter, together with the items alleged in the Indictment, represented a complete list of the "things of value" at issue in the bribery charge  However, counsel for the government confirmed in a telephone conversation that the government has now provided notice to Defendants of all such things of value of which it is currently aware. Based on this representation, and the government's agreement to promptly notify Defendants of any additional things of value identified prior to trial, Defendants do not seek further particulars regarding the alleged things of value provided to Lorusso.

## II.     ARGUMENT

### A.     The Court Has Broad Discretion To Order A Bill of Particulars When The Indictment Fails To Allege Information Required To Prepare A Defense Or Avoid Surprise At Trial

"'Under Rule 7(f) of the Federal Rules of Criminal Procedure, it is within the sound discretion of the court to determine whether a bill of particulars should be provided,' and the Court should grant such motions when 'necessary to prevent unfair surprise at trial.'" United States v. Trie, 21 F. Supp. 2d 7, 21 (D.D.C. 1998) (quoting United States v. Espy, 989 F. Supp. 17, 34 (D.D.C. 1997), aff'd in part and rev'd in part on other grounds, 145 F.3d 1369 (D.C. Cir. 1998)); accord United States v. Hsia, 24 F. Supp. 2d 14, 30 (D.D.C. 1998). A bill of particulars is warranted when the requested information is necessary to allow a defendant to understand the charges against him, to prepare a defense, and to protect against retrial on the same charges. United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987). An accused is entitled to a bill of particulars "as of right" when necessary to serve these purposes "even though it requires 'the furnishing of information which in other circumstances would not be required because [it is] evidentiary in nature.'" United States v. Smith, 16 F.R.D. 372, 375 (W.D. Mo. 1954) (quoting United States v. U.S. Gypsum, 37 F. Supp. 398, 402 (D.D.C. 1941)). Fed. R. Crim. P. 7(f) was amended in 1966 to discourage the "sporting theory of justice" by encouraging more liberality in granting bills. United States v. Addonizio, 451 F.2d 49, 64 (3d Cir. 1971), cert. denied, 405 U.S. 936 (1972). See also Advisory Committee Note to Fed. R. Crim. P. 7(f).

Courts have also recognized that "open file discovery . . . is no substitute for adequate specification of the crimes charged." Trie, 21 F. Supp. 2d at 21 n.12 (citing United

States v. Bortnovsky, 820 F.2d 572, 575 (2d Cir. 1987) and United States v. Upton, 856 F. Supp 727, 753 (E.D.N.Y. 1994)).[2]  As the court stated in Trie:

> Not only does [such a] position presume that the defendant knows what the government alleges that he did and with whom he dealt and therefore has all the information he needs, a premise inconsistent with the presumption of innocence, but it smacks of gamesmanship.

Id. at 21.

Doubts as to whether a bill should issue should be resolved in favor of a defendant because "[s]ince [a] defendant is presumed innocent . . . it cannot be assumed that he knows the particulars sought . . . ." United States v. Tucker, 262 F. Supp. 305, 307 (S.D.N.Y. 1966); see also United States v. Rogers, 617 F. Supp. 1024, 1028 (D. Colo. 1985) (the defendant must "be given the benefit of the doubt in gray areas.").  The prosecution's reluctance to reveal its case "must yield to paramount public interest in affording the accused a reasonable foundation for mounting a defense." United States v. Manetti, 323 F. Supp. 683, 696 (D. Del. 1971).

    B.    **The Indictment Fails To Allege Information Necessary To Prepare A Defense And Avoid Surprise At Trial**

The Indictment omits information critical to the preparation of a defense and necessary to prevent prejudicial surprise at trial.  Accordingly, Defendants respectfully request

---

[2] See also United States v. DeGroote, 122 F.R.D. 131, 143 (W.D.N.Y. 1988) ("[w]hile the practice of voluntary discovery is to be encouraged . . . it may not substitute for straightforward identification in a bill of essential matters that the defendant needs to avoid surprise at trial, to interpose a plea of double jeopardy, and to know 'with sufficient particularity the nature of the charges against him.'") (citation omitted).

that the Court order the government to provide the information set forth below in a bill of particulars.[3]

### 1. Specification of "Official Acts" Allegedly Performed By Lorusso

Counts One through Three of the Indictment allege that the Defendants conspired to bribe a public official, in violation of 18 U.S.C. § 371 (Count One), bribed a public official, in violation of 18 U.S.C. § 201(b)(1)(A) & (C) (Count Two), and committed mail and honest services fraud through bribery, in violation of 18 U.S.C. §§ 1341 and 1346 (Count Three). However, the Indictment does not specify all of the official acts performed by Lorusso in exchange for the items of value provided by the Defendants. Following Sun-Diamond, the D.C. Circuit confirmed that the bribery statute requires the thing of value to be linked explicitly to a specific official action, stating:

> [B]ribery requires a *quid pro quo*, and accordingly can be seen as having a two-way nexus. That is, bribery typically involves an intent to affect the future actions of a public official through giving something of value, and receipt of that thing of value then motivates the official act.

United States v. Shaffer, 183 F.3d 833, 841 (D.C. Cir. 1999), vacated as moot by Presidential pardon, 240 F.3d 245 (D.C. Cir. 2001); see also United States v. Alfisi, 308 F.3d 144, 149 (2d

---

[3] Defendants have also moved to dismiss Counts One and Two of the Indictment. It is well settled that a bill of particulars cannot save an otherwise defective indictment. See Russell v. United States, 369 U.S. 749, 770 (1962); United States v. Conlon, 628 F.2d 150, 156 (D.C. Cir. 1980), cert. denied, 454 U.S. 1149 (1982); United States v. Nance, 533 F.2d 699, 701 (D.C. Cir. 1976). Thus, the Court need consider Defendants' motion for a bill of particulars only to the extent that the Court denies Defendants' motion to dismiss. However, even if the Court determines that the Indictment is sufficient, the Court has discretion to order a bill of particulars. See King v. United States, 402 F.2d 289, 292 (10th Cir. 1968); United States v. Debrow, 346 U.S. 374, 378 (1953); United States v. Faulkner, 53 F.R.D. 299, 300 (E.D. Wis. 1971); United States v. Smith, 16 F.R.D. 372, 374 (W.D. Mo. 1954).

Cir. 2002) ("bribery involves the giving of value <u>to procure a specific official action</u> from a public official.") (emphasis added). Thus, in order to permit Defendants to effectively prepare their defense to the charges alleged in Counts One through Three, the government must provide notice of all additional official acts committed by Lorusso that are not alleged in the Indictment but which the government intends to prove at trial.

This Court granted a similar request in <u>United States v. Espy</u>, 989 F. Supp. 17 (D.D.C. 1997), a gratuities case in which the Court required the government to specify in a bill of particulars the "official acts" at issue, because such details were "necessary to avoid unfair surprise at trial" and "needed for the defendant to prepare a defense." <u>Id.</u> at 34. Similarly, in <u>United States v. Asselin</u>, No. CRIM.04-30033-MAP, 2005 WL 2365326, at *1 (D. Mass. Sept. 9, 2005), the court held that the defendant, charged with bribing local housing authority officials, was entitled to a bill of particulars specifying the official acts that the defendant allegedly received in return for the alleged things of value. <u>Asselin</u>, 2005 WL 2365326, at *2; <u>see also</u> <u>Trie</u>, 21 F. Supp. 2d at 22 (government required to specify benefits obtained by defendant from public officials and political parties as a result of his allegedly illegal political contributions); <u>United States v. Aliperti</u>, 867 F. Supp. 142, 149 (E.D.N.Y. 1994) (government ordered to particularize "*quid pro quo*" allegedly received by defendants in extortion case in order to allow defendants "to adequately prepare a defense and to avoid unfair surprise at trial"); <u>United States v. Ganim</u>, 225 F. Supp. 2d 145, 155 (D. Conn. 2002) (ordering government to specify things of value in a bribery and honest services fraud case).

In this case, although the Indictment alleges certain official actions performed by Lorusso for the Defendants' benefit, it does not specify all of the official acts at issue -- the "*quo*" of the "*quid pro quo*." Count One alleges that the official acts in the Indictment are

"among others" performed by Lorusso, Indictment at 6 (Count One, Manners and Means ¶ 16), and that Lorusso "[o]therwise [took] steps of benefit to Douglas Development" that are not specified in the Indictment.  Id. at 8 (Count One, Manners and Means ¶ 16(g)).  Count Two also alleges that the official acts fall within four general categories of "actions in the nature of" certain vague conduct, and that Lorusso took other unspecified "numerous routine actions involving the exercise of discretion in connection with the DC Government's relationship with Douglas Development."  Id. at 15 (Count Two, ¶¶ (i)-(v)).  Moreover, in the government's letter responding to Defendants' request for particulars, the government expressly declined "to specify 'every act' or 'every official act' by Lorusso . . . ."  Gov't BOP Letter at 3 (Ex. 2).

In order to prepare a defense to the allegations in Counts One through Three and avoid unfair surprise at trial, the Defendants need to be apprised of the specific official acts that the government contends constitute part of the *quid pro quo* exchange.  The Defendants should not be required to guess which actions taken by Lorusso the government will rely on at trial.  Accordingly, the Court should order the government to specify all official acts allegedly undertaken by Lorusso as part of the bribery scheme alleged in Counts One through Three that the government intends to prove at trial.

        **2.**        **Specification of Overt Acts, Including All Allegedly Fraudulent Invoices Submitted In Furtherance Of The Conspiracy Alleged In Count One**

Count One alleges that the Defendants conspired to bribe Lorusso with the goal of enriching themselves and entities under their control.  Indictment at 4-5 (¶ 14).  Although the Indictment identifies certain overt acts, it states that the alleged acts are "among others" that were allegedly committed in furtherance of the conspiracy.  Id. at 10.  Moreover, a central

allegation in the alleged bribery scheme is the claim that Lorusso caused the D.C. government to pay DDC invoices that were fraudulent. Id. at 7-8 (¶ 16(e)). Yet rather than specify all of the "variety of invoices" at issue, the Indictment alleges merely that the invoices "includ[ed]" the six invoices set forth in the Indictment. Id. The Court should require the government to specify any additional overt acts committed by the Defendants, as well as all allegedly fraudulent invoices submitted in furtherance of the bribery conspiracy in order to allow the Defendants to effectively prepare their defense and avoid unfair surprise at trial.

A similar request was granted in United States v. Hubbard, 474 F. Supp. 64 (D.D.C. 1979), where the court held, "[w]ith regard to the acts of unindicted co-conspirators, the Court finds that the government should provide 'the overt acts by . . . any alleged conspirator not named as a defendant, which the government will prove at trial by which it is alleged the defendants sought (to commit the crimes charged).'" Id. at 81 (quoting United States v. Corrado, 307 F. Supp. 513, 517 (S.D.N.Y. 1969)). The court also ordered the government to disclose "any overt acts not specified in the indictment." Id.[4]

Here, the government has expressly declined to specify all of the overt acts allegedly committed in furtherance of the conspiracy. See Gov't BOP Letter at 3 (Ex. 2). Moreover, in response to the Defendants' request for specification of all allegedly fraudulent

---

[4] See also United States v. Rogers, 617 F. Supp. 1024, 1029 (D. Colo. 1985) (ordering government to "reveal the substance, time, place and date of each overt act as well as the identities of the participants in those acts"); United States v. Ahmad, 53 F.R.D. 194, 201 (M.D. Pa. 1971) (ordering government to specify "any overt acts not enumerated in the indictment concerning which the government intends to offer evidence at trial"); United States v. Pilnick, 267 F. Supp. 791, 801 (S.D.N.Y. 1967) (same); United States v. Covelli, 210 F. Supp. 589, 590 (N.D. Ill. 1962) (same).

invoices submitted to the D.C. government that are not alleged in the Indictment, the government stated:

> All conduct whereby the defendants attempted to enrich themselves and Douglas Development through its lease of 77 P Street and Addison Road is in furtherance of the conspiracy, to include all claims for payment from the District of Columbia related to 77 P Street and Addison Road, including, for example, the submission of utility bills for Addison Road in 2002, correspondence changing the dates of the rent increases for the various city leases at 77 P Street, correspondence seeking lump-sum payment because of remeasuring 77 P Street.

Id. at 3-4. In other words, the government contends that Defendants can figure out for themselves, presumably from the discovery, what conduct is at issue.

Courts have rejected similar responses by the government as insufficient to permit a defendant to prepare a defense. For instance, in Asselin, the government responded to the defendant's request for specification of the contracts he obtained in exchange for bribes by stating that "all contracts on which Defendant bid or in which he participated were tainted in one way or another." 2005 WL 2355326, at *2. The court rejected that "specification" as "much too general," and further noted that "[t]he Government's 'open file' approach [to discovery] does not eliminate Defendant's need for particularization in light of the voluminous discovery provided." Id.; see also Trie, 21 F. Supp. 2d at 21 (court rejected government's claim that the Defendant could determine for himself the requested information, stating that a defendant "should not have to waste precious pre-trial preparation time guessing which statements he has to defend against or which contributors may be witnesses against him at trial when the government knows precisely the statements on which it intends to rely and can easily provide the information.").

The allegedly fraudulent invoices constitute a critical part of the bribery scheme alleged in the Indictment, and the Defendants should not be required to guess which claims for payment or invoices the government will seek to prove at trial. In order to effectively focus their defense efforts and avoid wasting precious pre-trial preparation time, the Court should order the government to specify the overt acts at issue, including all of the allegedly fraudulent invoices or other claims for payment that the government intends to rely upon at trial.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court direct the government to prepare a bill of particulars setting forth the information requested in the accompanying motion.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Erik L. Kitchen (D.C. Bar #292847)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

       Christopher B. Mead
       London & Mead
       1225 19th Street, N.W.
       Suite 320
       Washington, D.C. 20036
       (202) 331-3334

       Counsel for Douglas Jemal


       Stanley M. Brand
       Ross Nabatoff
       The Brand Law Group
       923 Fifteenth Street, N.W.
       Washington, D.C. 20005
       (202) 662-9700

       Counsel for Norman Jemal


       Paul Kemp
       Carol Elder Bruce
       Venable LLP
       575 7th Street, N.W.
       Washington, D.C. 20004
       (202) 344-4400

       Counsel for Blake Esherick

Dated: December 22, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES,** )  )  | |
| v. ) | Crim. No. 05-0359-1, -2, -3 (RMU) |
| ) | |
| **DOUGLAS JEMAL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |

## ORDER

Upon consideration of Defendants' Motion For A Bill Of Particulars, the Government's Opposition and Defendants' Reply thereto, it is HEREBY ORDERED that Defendants' motion is GRANTED.

SO ORDERED.

　　　　　　　　　　　　　　　　　　　　　　　　Ricardo M. Urbina
　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

copies to:

Mark H. Dubester, Esq.
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
555 Fourth Street, N.W.
Room 5917
Washington, D.C. 20001

Reid H. Weingarten
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795

- 2 -

Stan Brand
Brand & Frulla
923 Fifteenth Street, N.W.
Washington, D.C. 20005

Paul Kemp
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004