UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 05-359-01, -2, -3 (RMU) |
| | : | |
| DOUGLAS JEMAL, et al | : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANTS' MOTION FOR A BILL OF PARTICULARS

The United States, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes Defendants' Motion for a Bill of Particulars. In support of this Opposition, the Government respectfully submits:

I. THE DEFENDANTS ARE NOT ENTITLED TO A BILL OF PARTICULARS

A. Legal Principles

"A bill of particulars can be used to ensure that the charges brought against a defendant are stated with enough precision to allow the defendant to understand the charges, to prepare a defense, and perhaps also to be protected against retrial on the same charges. [citations omitted.] Yet if the indictment is sufficiently specific, or if the requested information is available in some other form, then a bill of particulars is not required." United States v. Butler, 822 F.2d 1191, 1193 (D.C. Cir. 1987). See also United States v. Madeoy, 652 F.Supp. 371, 374 (D.D.C. 1987) ("Such a motion ordinarily is not granted unless the requested particularization is necessary to a defendant's preparation for trial and the avoidance of unfair surprise at trial."). "It is not the function of a bill of particulars to provide a detailed disclosure of the government's evidence in advance of trial, " Overton v. United States, 403 F.2d 444, 446 (5th Cir. 1968), nor is a bill of particulars designed to force the government to reveal a theory of its case so that the defendant could then limit the government's presentation of its case at trial. United States v. Torres, 901

F.2d 205, 234 (2d Cir.), cert denied, 498 U.S. 906 (1990).  The defendant's constitutional right underlying a bill of particulars is to know the offense with which he is charged, not to know the details of how it will be proved.  United States v. Kendall, 665 F.2d 126, 135 (7th Cir. 1981), cert denied, 455 U.S. 1021 (1982).  As one Court stated, "[a]lthough the decision to direct the filing of a bill of particulars is within the discretion of the trial court, ... the court should not order the filing unless 'the charges of an indictment are so general that they do not advise the defendant of the specific acts of which he [or she] is accused.''  United States v. Biaggi, 675 F. Supp. 790, 809 (S.D.N.Y. 1987) (citations omitted).

### B.  The Defendants' Requests Must Be Denied

The Indictment sets forth abundant detail as to the various criminal charges.  The salient features of the conspiracy and bribery charges are set forth in a clear, non-technical form throughout the first 19 pages of the Indictment.  The government has provided the defendant copies of the bulk of the documents the government may use at trial already numbered with trial exhibit stickers.  The government has copied and provided voluminous bank records, including records obtained from Douglas Develoment, as well as records from third party financial entities and financial institutions.  The Government has also provided the defendants an abundance of additional information in response to their informal request seeking particulars and by way of the detail set forth in its pleadings, including the Government's Rule 404(b) Motion.

Notwithstanding the detail present in the Indictment and the information that has been provided, the defendants complain they have insufficient information to prepare their defense, and thus request additional "particulars" as various categories of evidence.  They seek information as to acts of a third party witness, Michael Lorusso, who is not charged in this case.

They seek information in the nature of every act in furtherance of the conspiracy not charged in the Indictment. And, finally, they seek "particulars" as to additional invoices submitted by the defendants. In light of the ample information that has been provided to the defendants, there is no legal or factual basis for any of their requests and their Motion should be denied.

The defendants' requests will be discussed in turn.

1. Acts of Lorusso.

The defendants are entitled to know what they are charged with, and, as noted, the Indictment in this case provides ample information as to what acts the defendants are alleged to have committed. However, no theory exists to support the defendants' claim that they are entitled to be informed of all acts of a government witness with whom they interacted. Specifying acts of Lorusso – a witness -- has little to do with putting the defendants on notice of the acts with which they are charged.

A significant portion of Lorusso's testimony will involve his interactions with the defendants, including testimony as to conversations and acts. Accordingly, the defendants' requests for the particularization of acts by Lorusso would require a disclosure of a significant portion of his testimony. This is simply not the purpose of a bill of particulars, and the request of the defendants inherently seeks to the sort of "evidentiary detail" and discovery of the Government's case that is disapproved.

The defendants argue that their own culpability cannot be proved without proof of specified acts on the part of Lorusso, an unrelated third party. For reasons set forth in the Government's Opposition to the Defendants' Motion to Dismiss, such a claim represents a fundamental misreading of the bribery statute. Try as the might, the defendants' culpability

simply does not turn on Lorusso's conduct. The law is clear that persons may be charged with and convicted of bribery regardless of whether the government official was <u>actually</u> influenced in the performance of his official duties. It is no defense that the recipient would have taken the same steps but for the bribes,[1] that the bribe recipient failed to do the official acts the bribes were intended influence,[2] that the recipient even knew about the bribe,[3] that the recipient did not possess the power to carry out the acts for which he was bribed,[4] or that the acts of the recipient were in fact beneficial.[5] (We note, in any event, that the defendants have a substantial amount of

---

[1] "It is neither material nor a defense to bribery that 'had there been no bribe, the (public official) might, on the available data, lawfully and properly have made the very recommendation that (the briber) wanted him to make.'" <u>United States v. Janotti</u>, 673 F.2d 578, 601 (3rd Cir. 1982) (citing <u>United States v. Labovitz</u>, 251 F.2d 393, 394 (3d Cir. 1958)).

[2] "The payment and the receipt of a bribe are not interdependent offenses, for obviously the donor's intent may differ completely from the donee's. Thus the donor may be convicted of giving a bribe despite the fact that the recipient had no intention of altering his official activities, or even lacked the power to do so." <u>United States v. Anderson</u>, 509 F.2d 312, 222 (D.C.Cir. 1974), <u>cert. denied</u>, 420 U.S. 991 (1975).

[3] <u>United v. Johnson</u>, 621 F.2d 1073, 1076 (10th Cir. 1980) ("[I]t need not be shown that the public official to whom the bribe was offered was actually corrupted by the offer. It is not necessary to show that the official accepted the bribe, and the object of the bribe need not even be attainable to support a conviction for offering the bribe under § 201(b). ... In fact, so long as the money is offered with corrupt intent, the official does not necessarily even need to be aware of the bribe."(citation omitted)).

[4] Liability under bribery statute, Section 201, imposed on "bribers who erroneously perceived that the duties of a public official would give that official the authority to accomplish the desired act." <u>United States v. Gjieli</u>, 717 F.2d 968, 973 (6th Cir. 1983) (citing cases)

[5] "The jury was also instructed that it was 'not a defense to the crime of bribery ... that the demand of something of value was made by the public official to influence an official act which is actually lawful, desirable or even beneficial to the public [or] that the public official did not have the authority, power, or ability to perform the act for which the thing of value was demanded or sought.'" <u>United States v. Dorri</u>, 15 F.3d 888, 890 (9th Cir.), <u>cert. denied</u>, 513 U.S. 1004 (1994)

information related to Lorusso, including his sworn statement of facts at the time of the plea, and various transaction documents such as leases and documents related to the approvals of payments by the DC Government to Douglas Developments signed by Lorusso.)

In short, there is no basis to grant the requests related to Lorusso.

### 2. Acts Related to the Defendants.

The Indictment sets forth an abundance of detail as to the charges against the defendants. The defendants have more than enough information as to the nature of the charges to permit them to understand the charges and prepare their defense. Though every case is different, trial courts have routinely held that a lengthy and detailed indictment, coupled with discovery and other disclosures by the Government of the sort found in this case, provide defendants sufficient notice of the charges, and that no additional particulars need be provided. As stated in a recent mortgage fraud case:

> With respect to defendant's additional requests, the Court will deny these requests on the grounds that a bill of particulars is not a discovery tool or a device for allowing the defense to preview the government's evidence. ... Further, it bears noting that "[i]t is not the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial." ... . Nor is the purpose of a bill of particulars to provide for "wholesale discovery of the Government's evidence." ... When the indictment is sufficiently detailed, or the requested information is available in some other form, a bill of particulars is not required. ...
> As is clear from a review of the indictment, the charges against the defendants are detailed and alleged with particularity. Further, the discovery provided by the government has been voluminous, including file cabinets of loan files, IRS documents, bank records, etc. There is thus no reason for any further particularization of the overt acts, the circumstances surrounding the alleged acts or any other evidentiary details.

United States v. Brodie, 326 F.Supp.2d 83, 91 (D.D.C. 2004). See also, United States v. Edelin,

128 F.Supp. 2d 23, 36-37 (D.D.C. 2001) ("When the indictment is sufficiently detailed, or the requested information is available in some other form, a bill of particulars is not required. ... 'It is not the function of a bill of particulars to provide detailed disclosure of the government's evidence in advance of trial.'" (citations omitted)); United States v. Oakar, 924 F. Supp. 232, 246 (D.D.C. 1996) ("The indictment is quite detailed. It provides the date and details of each alleged overt act. The Court finds that a more detailed description of [the defendant's] alleged role in the conspiracy is not necessary to his preparation for trial.), rev'd on other grounds, 111 F.3d 146 (1997); United States v. Esquivel, 755 F. Supp. 434, 436 (D.D.C. 1990) (denying motion for bill of particulars: "The defendant is adequately on notice of the nature of the charges against him, and can prepare his defense accordingly."); United States v. Poindexter, 725 F. Supp. 13, 35 n. 42 (D.D.C. 1989) ("{T]he indictment adequately apprises defendant of the charges against him. The particulars defendant requests go essentially only to the evidentiary details and the government's legal theory, and they therefore need not be spread upon the record by a bill of particulars."); United States v. Whitehorn, 710 F. Supp. 803, 821 (D.D.C. 1989) ("Given the detail already provided in the indictment and the discovery, defendants' request for a bill of particulars amounts to an effort to procure evidentiary material, which the Court will accordingly deny.").

The defendants' request that the Government identify every overt act not specified in the Indictment is precisely the sort of claim for a wholesale disclosure of evidence which has been repeatedly denied. Simply put, the government is not required to provide every act that it will prove at trial. Wong Tai v. United States, 273 U.S. 77 (1927) (defendant not entitled to bill of particulars regarding acts not set forth in conspiracy indictment); United States v. Armocida, 515

F.2d 29, 54 (3rd Cir.), cert. denied, 423 U.S. 858 (1975) (affirming district court's denial of request for "any other overt act": "the request is tantamount to a request for 'wholesale discovery of the Government's evidence,' which is not the purpose of a bill of particulars ...."); United States v. Kilrain, 566 F.2d 979, 985 (5th Cir. 1978) ("[D]efendants are not entitled to discover all the overt acts that might be proved at trial ...."); United States v. Murry, 527 F.2d 401, 411 (5th Cir. 1976) ("[T]here is no general requirement that the government disclose in a bill of particulars all the overt acts it will prove in establishing a conspiracy charge."); United States v. Carroll, 510 F.2d 507, 509 (2nd Cir. 1975) (same); United States v. Feola, 651 F. Supp. 1068, 1132 (S.D.N.Y. 1987) (same); United States v. Deerfield Specialty Papers, Inc., 501 F.Supp. 796, 810 (E.D.Pa. 1980) (same); United States v. Mannino, supra (same). In short, "[t]he allegations in the indictment outline[] the scheme that [is] to be the subject of the prosecution and define[] each defendant's role in that scheme in a manner sufficient to avoid surprise and permit defendants to prepare a defense," United States v. Pollack, 534 F.2d 964, cert. denied, 435 U.S. 941 (1976). Accordingly, the defendants' request for further particulars as to their own conduct must be denied.

### 3. The Invoices

The Government has made it clear that the financial rewards sought by the defendants in their dealings with the DC Government included all invoices or attempts to obtain revenues, including the use of invoices in addition to those specified in the Indictment. So that the defendants would not be surprised by this proof, the Government informed the defense:

> All conduct whereby the defendants attempted to enrich themselves and Douglas Development through its lease of 77 P Street and Addison Road is in furtherance of the conspiracy, to

> include <u>all</u> claims for payment from the District of Columbia related to 77 P Street and Addison Road, including, for example, the submission of utility bills for Addison Road in 2002, correspondence changing the dates of the rent increases for the various city leases at 77 P Street, correspondence seeking lump-sum payment because of remeasuring 77 P Street.

Government's BOP letter at 3. The Government submits this representation puts the defendants on appropriate notice. If the Government identifies additional events or documents which the Government maintains were in the nature of attempts by the defendants to obtain revenues from the DC Government related to these properties, it will inform the defendants.

### C. Conclusion

The defendants have ample notice of the charges they face and a bill of particulars in not required.

WHEREFORE, we request the <u>Defendants' Motion for a Bill of Particulars</u> be DENIED.

RESPECTFULLY SUBMITTED,

KENNETH L. WAINSTEIN
DC Bar No. 451058.
UNITED STATES ATTORNEY

By: _____
MARK H. DUBESTER
ASSISTANT UNITED STATES ATTORNEY
DC Bar No. 339655
555 Fourth Street, N.W., Room 5917
Washington, D.C.  20530
Ph. (202) 514-7986

## CERTIFICATE OF SERVICE

    I hereby certify that I have caused to be sent by fax or by electronic means a copy of the attached pleading, to:

Michele Roberts, Esq.
Counsel for Douglas Jemal
Akin Gump
1333 New Hampshire Avenue, NW
Washington, DC 20036

Paul Kemp, Esq.
Carol Elder Bruce
Counsel for Blake C. Esherick
Venable LLP
One Church Street,
Rockville, MD   20850

Reid Weingarten, Esq.
Brian M. Heberlig
Counsel for Douglas Jemal
Steptoe and Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

Stan Brand, Esq.
Counsel for Norman D. Jemal
923 15th Street, NW
Washington, DC   20005

Christopher Mead, Esq.
Counsel for Douglas Jemal
London & Meade
1225 19th Street, NW, Suite 320
Washington, DC  20036

this _____ day of January, 2006.

                                                                 _____
Mark H. Dubester
Assistant United States Attorney
DC Bar No. 339655
555 Fourth Street, NW
Rm. 5917
Washington, DC 20001
(202) 514-7986