UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| v. ) | Crim. Nos. 05-359-01, -2, -3 (RMU) |
| ) | |
| DOUGLAS JEMAL, et al., ) | |
| ) | |
| DEFENDANTS. ) | |
| _____ ) | |

**DEFENDANT BLAKE C. ESHERICK'S OPPOSITION TO GOVERNMENT'S
MOTION FOR APPROVAL TO ISSUE RULE 17(c) SUBPOENAS**

Blake C. Esherick, by and through his attorneys, hereby opposes the Government's Motion for Approval to Issue Subpoenas pursuant to Federal Rule of Criminal Procedure 17(c) ("Government's Motion"). (Docket No. 33).[1] Mr. Esherick requests that the Court deny the Government's third request ("Request No. 3") for the records of a credit card account that he did not open until 2004, sought for the purported purpose of obtaining evidence in support of the charge that Mr. Esherick committed tax evasion in 2001 – 2003. The records of an account that was opened in 2004 are irrelevant to the offense of tax evasion in 2001 – 2003, and are inadmissible against Mr. Esherick in evidence for the offenses charged in the indictment. The subpoena is merely an impermissible "fishing expedition" for evidence that is unlikely to be relevant to the offenses charged. In support of his opposition, Mr. Esherick submits the following.

I.   **INTRODUCTION AND BACKGROUND**

Mr. Esherick, along with Co-Defendants Douglas and Norman Jemal, were indicted

---

[1] Counsel for Defendant is currently engaged in informal discussions with the Government regarding a compromise to this subpoena request.

for alleged offenses connected to the operation of Douglas Development Corporation, a company involved in developing, managing and leasing real estate in the District of Columbia. In Counts Six, Seven, and Eight of the indictment, the Government alleges that the Defendants attempted to "evade and defeat the payment of a large part of the income taxes due and owing" by Mr. Esherick for the tax years 2001, 2002, and 2003. (Docket No. 1 at 28-39).

In Request No. 3 of the Government's Motion, the Government seeks a subpoena under Rule 17(c) for "Records from Esherick's Bank of America credit card account" for a credit card that the Government contends was opened "[i]n or about 2004." The primary purpose for seeking the 2004 credit card information is to obtain evidence relating to events that took place *after* the charged tax evasion offenses. The Government justifies its request by asserting that the credit card information it has already obtained when it searched Mr. Esherick's home allegedly "reflect charges and payments to the credit card company in support of a life-style inconsistent with his purported salary of $70,000," a "life-style" that was allegedly "funded in 2004, as it was in 2003, 2002, and 2001, by payments in cash and in kind . . . ."

The Government acknowledges that the credit card information relates to a period that is not covered by the charges against Mr. Esherick. "Although calendar year 2004 is not a charged year of evasion, the events of 2004 reflect the perpetuation of the tax evasion scheme (and are evidence of it) and are thus relevant to the proof in this case." Almost as an afterthought, the Government speculates that "the account application is likely to contain representations of Esherick as to what he understood his actual income to be at a time when he was purportedly earning $70,000 per year."

Mr. Esherick opposes the Government's request for these documents because documents relating to a credit card account that was opened after the date of the alleged tax evasion are

irrelevant to the specific crimes with which he is charged, would be inadmissible in the trial against him, and the request amounts to an impermissible "fishing expedition."

## II.    ARGUMENT

The Government's request for a subpoena of Mr. Esherick's credit card records for 2004 does not satisfy the standards of Rule 17(c). The records sought will not show anything about Mr. Esherick's conduct in years 2001 – 2003, and the Government's request for the application is based on pure speculation.[2]

### A. Rule 17(c) Standard

Rule 17(c) states:

A subpoena may order the witness to produce any books, papers, documents, data, or other objects the subpoena designates. The court may direct the witness to produce the designated items in court before trial or before they are to be offered in evidence. When the items arrive, the court may permit the parties and their attorneys to inspect all or part of them.

The Supreme Court has held that in order to require production of documents before trial under Rule 17(c), the moving party must show:

(1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general 'fishing expedition.'

United States v. Nixon, 418 U.S. 683, 699 (1974). In short, the prosecutor must "clear three hurdles: (1) relevancy; (2) admissibility; [and] (3) specificity." Id. at 700.

The purpose of Rule 17(c) is not to allow for an "additional means of discovery" beyond that of Federal Rule of Criminal Procedure 16. Bowman Dairy Co. v. United States, 341 U.S.

---

[2] The Defendants are filing a motion *in limine* to exclude prior and subsequent acts evidence, including evidence relating to allegations of uncharged tax evasion. Rather than burden the Court with a repetition of those arguments, Mr. Esherick refers the Court to that motion and incorporates it by reference.

3

214, 220-21 (1951); see also United States v. Edwards, 191 F.Supp.2d 88, 89 (D.C. 2002). "Its chief innovation was to expedite the trial by providing a time and place *before* trial for the inspection of the subpoenaed materials." Bowman, 341 U.S. at 220-21.

### B. The Government's Request for Mr. Esherick's 2004 Credit Card Account Information is Beyond the Scope of Rule 17(c)

The Government has failed to meet its burden to obtain a subpoena under Rule 17(c). Specifically, the Government cannot show that its request for Esherick's Bank of America credit card application and documents meets the tri-partite test of relevancy, admissibility, and specificity. See Nixon, 418 U.S. at 700.

Because Esherick is indicted with tax evasion for tax years 2001, 2002, and 2003, his credit card records from 2004 are not relevant to the elements of those charges. Beyond mere speculation that the documents relate to the alleged scheme, the Government does not make any specific proffer that the credit card documents would be relevant to its case against Esherick. It only speculates that the credit card application "is likely to contain representations of Esherick as to what he understood his actual income to be at a time when he was purportedly earning $70,000 per year." This proffer is not sufficient. The U.S. Court of Appeals for the District of Columbia Circuit has held that "Rule 17(c) precludes use of a trial subpoena to obtain evidence that is not relevant to the charges being prosecuted or where the claim that subpoenaed materials will contain such evidence represents mere speculation." In re: Sealed Case, 121 F.3d 729, 754-55 (D.C. Cir. 1997); see also United States v. Dale, 1995 U.S. Dist. LEXIS 11555, 11560 (D.D.C. 1995) (finding subpoenas as speculative under Rule 17(c) where defendant's theory failed to establish that materials sought would be "material, admissible, or relevant to what are the central issues in the case."); United States v. North, 708 F.Supp. 402, 404 (D.D.C. 1989) (denying government request for subpoena where government sought defendant's notebooks but

could not "identify any material entry or practice that assure[d] the Court that the standards of relevance, materiality and necessity to the remaining counts [would] be satisfied . . .").

Essentially, the Government's request for Mr. Esherick's credit card statements from a card he applied for and opened in 2004 amounts to an impermissible "fishing expedition." See Nixon, 418 U.S. at 700. The Government offers no specific information from the records that relate to the crimes with which any of the Defendants are charged except that it believes it might in some way relate to the alleged scheme for years 2001-2003. It would appear, then, that the Government's request is not prompted by any investigative lead, but by the desire to engage in discovery after the Government should have completed its investigation and issued its indictment. Rule 17(c) is not intended to be a discovery device. See Bowman, 341 U.S. at 220-21. Moreover, of the thousands of pages of discovery, the Government fails to point to any evidence that involves this credit card account and which would support a request for the additional documents. As such, the Government should be precluded from obtaining a subpoena as to these records. See id. at 220 (request under Rule 17(c) must be good faith effort to obtain evidence).

### C. The Cases Upon Which the Government Chiefly Relies Supports an Issuance of a Rule 17(c) Subpoena in This Case.

The two cases upon which the Government chiefly relies in supporting its request for a Rule 17(c) subpoena are neither dispositive nor persuasive to the facts in this case. In Bowman, the defendant obtained a subpoena under Rule 17(c) only for those documents that directly related to the charges for which he was indicted in that he sought materials that were obtained by the Government during the investigation and in preparation for trial if those documents would be offered in evidence against him at trial or were presented to the grand jury. See Bowman, 341 U.S. at 217. The Supreme Court held that the defendant's request for documents under Rule

17(c) was proper because those documents were "admissible as evidence, obtained by the Government by solicitation or voluntarily from third persons . . . ." See id. at 220-21. Similarly, in Nixon, although the Supreme Court held that a Rule 17(c) subpoena was proper in that case, there was a showing that the subpoenaed tapes "contain[ed] evidence admissible with respect to the offenses charged in the indictment." Nixon, 418 U.S. at 700. In this case, Mr. Esherick contends that the credit card documents are neither admissible against him at trial nor relevant to any charges for which he is indicted.

### III.   CONCLUSION

For the foregoing reasons, this Court should deny the Government's Rule 17(c) subpoena request for documents relating to Mr. Esherick's Bank of America credit card.

Respectfully submitted,

_/s/ Carol Elder Bruce_
Paul Kemp (D.C. Bar # 922773)
Carol Elder Bruce (D.C. Bar # 202200)
Lawrence B. Bernard (D.C. Bar # 181636)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated: January 18, 2006

## CERTIFICATE OF SERVICE

    I hereby certify that a copy of Defendant Blake Esherick's Opposition To Government's Motion For Approval To Issue Rule 17(C) Subpoenas was served, via fax or electronic means, this 18th day of January 2006:

                            Mark H. Dubester
                            Assistant United States Attorney
                            U.S. Attorney's Office for the
                            District of Columbia
                            555 Fourth Street, N.W.
                            Room 5917
                            Washington, D.C. 20001

and

                            Reid H. Weingarten
                            Erik L. Kitchen
                            Brian M. Heberlig
                            Steptoe & Johnson LLP
                            1330 Connecticut Avenue, N.W.
                            Washington, D.C. 20036-1795
                            (202) 429-3000

                            Michelle Roberts
                            Akin Gump Strauss Hauer & Feld LLP
                            1333 New Hampshire Avenue, N.W.
                            Washington, D.C. 20036
                            (202) 887-4306

                            Christopher B. Mead
                            London & Mead
                            1225 19th Street, N.W.
                            Suite 320
                            Washington, D.C. 20036
                            (202) 331-3334

                            Counsel for Douglas Jemal

Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal


_____
Carol Elder Bruce