UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 05-359-01,-02, 0-3 (RMU) |
| | : | |
| DOUGLAS JEMAL, et al | : | |

GOVERNMENT'S REPLY TO
DEFENDANT BLAKE C. ESHERICK'S OPPOSITION TO GOVERNMENT'S
MOTION FOR APPROVAL TO ISSUE RULE 17(c) SUBPOENAS

The United States, through its attorney, the United States Attorney for the District of Columbia, respectfully replies to Defendant Blake C. Esherick's Opposition to Government's Motion for Approval to Issue Rule 17(c) Subpoenas. In support of this Reply, the government submits:

I. THE DOCUMENTS SOUGHT ARE RELEVANT, EVIDENTIARY,
AND ARE SOUGHT IN GOOD FAITH; THE GOVERNMENT IS
NOT ENGAGED IN THE FORBIDDEN "FISHING EXPEDITION."

In 2003 and 2004, Defendant Blake Esherick was being paid at the rate of $70,000 per annum. His life-style was of far grander scale and was being financed by "in-kind" and other non-salary payments by Douglas Development Corporation to him or to third parties for his benefit.

At some point in 2003 or 2004, Esherick obtained a Bank of America credit card. The Government seeks to obtain the application and statements by way of a Rule 17(c) trial subpoena. We submit that these records are extremely likely to constitute relevant evidence.

First, it is likely that Bank of America would have required Esherick to provide his salary in order to issue the credit card. It is highly relevant whether he represented his income to be $70,00 per annum (his ostensible salary from Douglas Develoment ) or a far greater amount (such as amounts in the range of $150,000 or more). In this regard, a search of Esherick's desktop computer

revealed a document entitled "Confirm," which appears to reflect an on-line credit application to Bank of America in which his gross income was represented to be $150,000 (i.e., an amount closer to what the Government alleges his true compensation to have been than what was reported to the Internal Revenue Service).[1] Although the Government cannot say for certain that this particular on-line application was used to obtain the credit card at issue, it is fair to conclude this document represents the information that Bank of America would request of an applicant (i.e., salary information) and provides a sound basis to believe that Esherick would have represented his income to be greater than $70,000 per annum in such an application. Though the Government cannot be certain what documents will be produced – just as the Government cannot know for certain exactly what a witness will actually say when called to the stand – we submit there is a strong factual basis to support the conclusion that the credit card application is likely to be relevant and admissible.

Second, evidence of the defendant's life-style in 2003 (a charged year of evasion) and thereafter (as part of the on-going scheme) is part of the proof of this case. In 2004, Esherick was still receiving paychecks at the rate of $70,000 per annum (approximately $1000 per week). It is apparent from a review of Esherick's checking account that his true life-style was sustained by far-greater income in the form of unreported compensation. Thus, for example, Esherick made credit card payments to Bank of America in amounts in excess of $3400 and $6000 in November and December 2004.[2] There are sound reasons to conclude that the statements will provide further relevant life-style evidence.

---

[1]  A copy of this document, with appropriate redactions as to personal information, is attached at "Attachment A."

[2]  Copies of these checks, with appropriate redactions as to account information, are attached at "Attachment B."

Thus, we note, this is not just a case where the Government learned of some credit account and, not knowing what may be contained therein, seeks to look at the records. Rather, this is a case where the Government can point to specific information to support the conclusion that the Bank of America credit card application and statements are likely to constitute relevant evidence. Furthermore, it is clear that the request is made in good faith and that the Government is not engaged in the proverbial "fishing expedition." It is not reasonable to await trial to have these records in hand. See, e.g., United States v. Nixon, 418 U.S. 683, 699-700 (1974)

WHEREFORE, we request grant the Government's Motion for Approval to Issue Rule 17(c) Subpoenas be Granted.

                                                            KENNETH L. WAINSTEIN
                                                            DC Bar No. 451058.
                                                            UNITED STATES ATTORNEY

By: _____
MARK H. DUBESTER
ASSISTANT UNITED STATES ATTORNEY
DC Bar No. 339655
555 Fourth Street, N.W., Room 5917
Washington, D.C.  20530
Ph. (202) 514-7986

CERTIFICATE OF SERVICE

     I hereby certify that I have caused to be sent by fax or by electronic means a copy of the attached pleading, to:

| | |
|---|---|
| Michele Roberts, Esq.<br>Counsel for Douglas Jemal<br>Akin Gump<br>1333 New Hampshire Avenue, NW<br>Washington, DC 20036 | Paul Kemp, Esq.<br>Carol Elder Bruce<br>Counsel for Blake C. Esherick<br>Venable LLP<br>One Church Street,<br>Rockville, MD   20850 |
| Reid Weingarten, Esq.<br>Brian M. Heberlig<br>Counsel for Douglas Jemal<br>Steptoe and Johnson<br>1330 Connecticut Avenue, N.W.<br>Washington, D.C.  20036-1795 | Stan Brand, Esq.<br>Counsel for Norman D. Jemal<br>923 15th Street, NW<br>Washington, DC   20005 |
| Christopher Mead, Esq.<br>Counsel for Douglas Jemal<br>London & Meade<br>1225 19th Street, NW, Suite 320<br>Washington, DC  20036 | |

this 31st day of January, 2006.

_____
Mark H. Dubester
Assistant United States Attorney
DC Bar No. 339655
555 Fourth Street, NW
Rm. 5917
Washington, DC 20001
(202) 514-7986