UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES,  )<br>             )<br>       Plaintiff,  )<br>             )<br> v.          )<br>             )<br> DOUGLAS JEMAL, ET AL.,  )<br>             )<br>       Defendants.  ) | Crim. No.  05-0359-1, -2, -3 (RMU) |

**REPLY TO THE GOVERNMENT'S OPPOSITION TO
DEFENDANT BLAKE C. ESHERICK'S MOTION TO SUPPRESS
EVIDENCE OBTAINED BY ILLEGAL SEARCH**

The Government's opposition to the motion to suppress barely addresses the specific language in the warrant that authorized the search of Mr. Esherick's home and seizure of his personal effects ("Esherick Warrant"). Instead, the Government focuses its argument on deference to the magistrate judge, the standard of review (which is essentially the same doctrine as deference), and on the good faith of the Agents who executed the warrant. While the Government appears to be arguing for unfettered discretion in the drafting of search warrants, clearly there are standards that a warrant must meet or there would not be decisions that hold warrants invalid and suppress the evidence from the searches. The warrant used to search Mr. Esherick's home and seize his personal effects was overbroad and delegated excessive discretion to the seizing officers. The evidence obtained from this invalid warrant should be suppressed.

**I.    THE DESCRIPTION OF THE ITEMS TO BE SEIZED IS INSUFFICIENTLY
       PARTICULAR.**

Special Agent Sekela alleges in his affidavit that his office has gathered evidence that Blake Esherick committed three crimes: conspiring to bribe Michael Lorusso, a D.C.

Government official, to obtain favors for Douglas Development Company; perhaps the use of the wires to defraud a partner of Douglas Development and a lender, Morgan Stanley Mortgage Capital ("Morgan Stanley"); and tax evasion, by failing to report as income certain specific benefits that Mr. Esherick allegedly received in 2001 – 2003 from Douglas Development.[1] In drafting the warrant to search Mr. Esherick's home, the Government ignored the specific allegations of the affidavit, and drafted a warrant that authorized an unfettered, free-ranging search of Mr. Esherick's home, offering little guidance to the agents who searched Mr. Esherick's home as to what was covered by the warrant. The search warrant does not describe the evidence to be seized by the Government's agents with sufficient particularity to satisfy the requirements of the Fourth Amendment.

The Government relies on the proposition that warrants are to be read practically, and should be interpreted by the nature of the offenses under investigation. In particular, the Government quotes from Andresen v. Maryland, 427 U.S. 463, 480 n. 10 (1976) for the proposition that the Government needs to "review broad collections of documents in the investigation of a fraud case." The facts of Andresen were very different, and illustrate the deficiencies of the search warrant for Mr. Esherick's home. The petitioner in Andresen challenged the warrant solely on the basis of the phrase "together with other fruits, instrumentalities and evidence of crime at this [time] unknown" at the end of a list of specific items to be seized. The Court agreed with the Maryland Court of Appeals that the quoted language was limited by the express language of the warrant to evidence of a specific violation

---

[1] See Affidavit, attached to the Motion to Defendant Blake Esherick's Motion to Suppress Evidence Obtained by Illegal Search ("Motion to Suppress"), at ¶10. The Government does not mention the wire fraud allegation in its brief, and none of the items to be seized appears to be even remotely related to that offense. See Government's Consolidated Opposition to (1) Defendants' [Douglas Jemal and Norman Jemal] Motion to Quash, and (2) Defendant Blake Esherick's Motion to Suppress Evidence Obtained by Illegal Search ("Opposition").

with respect to one specific property.[2] There is no comparable limitation in the warrant for the search of Mr. Esherick's home, as there should have been. The warrant was not limited to the specific transactions specified in the search warrant, as the warrant in Andresen was, nor to the specific crimes under investigation, as in Andresen. Andresen does not support the Government's position, but serves as a model for how the Esherick Warrant could have been drafted to comply with Fourth Amendment requirements.

The Government also quotes from United States v. Dale, 991 F.2d 819 (D.C. Cir.), cert. denied, 510 U.S. 06 (1993) (see Opposition at 14). The Court in Dale held that the warrant was insufficiently particular. 991 F.2d at 846. The warrant in Dale authorized the seizure of various categories of documents, but was qualified by the phrase, "and other records which relate to the criminal scheme outlined in the above affidavit" of the Government agent. *Id.* The Court went on to hold that the warrant was valid because the affidavit was referenced in the warrant (but it was not clear that it was attached), and the warrant was executed by the same agent who had executed the warrant (a rationale that was effectively rejected by the Supreme Court in United States v. Groh, 540 U.S.551, 561 (2004)). Thus, the factors that the D.C. Circuit used to uphold the warrant in Dale are absent from the Esherick Warrant, and would not be valid today even on the facts of Dale.

The Government focuses only on the first of the five seizing paragraphs in arguing that the Esherick Warrant is sufficiently specific, stating that "in order to fully investigate the tax crimes of Esherick, it was reasonable to seize all his financial records...." Opposition at 16.

---

[2] Id. at 480, citing the decision of the Maryland Court of Appeals, 24 Md. App. 128, 167, 331 A. 2d 78, 103 (1975). The Court of Appeals decision repeats the language of the warrant. The "seizing" sentence begins by stating, "... the following items pertaining to sale, purchase, settlement and conveyance of lot 13, block T, Potomac Woods subdivision, Montgomery County, Maryland" and was further qualified by the language "showing or tending to show a fraudulent intent, and/or knowledge as elements of the crime of false pretenses, in violation of Article 27, Section 140, of the Annotated Code of Maryland." 24 Md.App. 128, 167, 331 A. 2d 78, 102-3 (1975).

There are three problems with this argument. First, reasonableness has nothing to do with particularity. If the Esherick Warrant were specific about what could be seized and what could not be seized, the issue before the Court would be different. Second, "all his financial records" is far broader than the affidavit can support, as discussed below. And third, the Government makes no attempt to justify the scope of the four additional numbered paragraphs, or of the broad catch-all provisions in the Esherick Warrant.

Each numbered paragraph gives substantial discretion to the agents on the scene.[3]

1. The first item seeks all documents "relat[ing] to all financial affairs and transactions, of Blake C. Esherick" and includes such items as receipts, correspondence, documents reflecting an interest in property, and "other documents related to his income, expenditures and financial circumstances." The government explains this broad scope by arguing that it needs to know not only his income and sources of income. But his spending, spending patterns, and changes in spending patterns over time." The affidavit relates to only certain specific benefits that were allegedly conferred on Mr. Esherick by Douglas Development, for which he allegedly failed to report on his tax return as income. The warrant is not limited to those specific transactions, to benefits received from Douglas Development that would be considered as income under the tax laws, nor does it mention the tax laws.

2. The second paragraph would permit seizure of any document relating to anything Mr. Esherick has done since January 1, 2000. It could be read to permit the seizure of anything from home movies and travel photographs to football schedules.

3. The third paragraph authorizes seizure of documents related to Mr. Esherick's relationship with Douglas Development or its officers, without any limitation as to time. The term "relationship" is capable of as broad a definition as any agent chooses, and could apply to personal notes or photographs from the office holiday party, for example.

4. The fourth applies to records related to all cars Mr. Esherick has ever owned, used, or leased. It would permit the seizure of photographs of Mr. Esherick taking driving lessons when he was younger, an accident report for a fender-bender, or a thank-you note to a neighbor for the loan of a car.

5. The fifth applies to all documents that relate to Mr. Lorusso or any public official of the D.C. government. The agents were presumably authorized to seize

---

[3] See also discussion of the five paragraphs at 7-10.

documents showing the names of candidates for public office or most editions of the Washington Post.

The Esherick Warrant is comparable to one that was rejected by the Ninth Circuit as insufficiently particular in United States v. Kow, 58 F.3d 423 (9th Cir. 1995). The Kow case was also a tax fraud case. The warrant authorizing the search and seizure of documents at the defendant's business (where more discretion is permitted to the seizing officers) included a substantial list of items to be seized. The Ninth Circuit's rejection would fit the Government's argument about the level of specificity in the Esherick Warrant:

> To the extent that it provided any guidance to the officers executing the warrant, the warrant apparently sought to describe every document on the premises and direct that everything be seized. The government emphasizes that the warrant outlined fourteen separate categories of business records. However, the warrant contained no limitations on which documents within each category could be seized or suggested how they related to specific criminal activity.

Id. at 426. The warrant to search Mr. Esherick's home is similarly deficient, also containing no limitations on which documents within each category could be seized, and no suggestion about how the documents related to specific criminal activity. In fact, the Esherick Warrant does not even identify the nature of the criminal activity under investigation – it could be for tax evasion and bribery, but it could also be for any crime that involves money and automobiles, such as drug trafficking, bank robbery, or smuggling. Here, as in Kow, "The government could have made the warrant more particular. Most obviously, the warrant could have specified the suspected criminal conduct." Id., (noting that the Ninth Circuit has "criticized repeatedly the failure to describe in a warrant the specific criminal activity suspected.").

Thus, none of the five seizing paragraphs provided sufficient guidance to the agents as they conducted the search. For each paragraph, the Esherick Warrant leaves considerable discretion to the agents to interpret the intent of the Esherick Warrant. The warrant violates the

Fourth Amendment requirement of a particular description of the items to be seized, and the fruits of the warrant should be suppressed.

## II. THE BREADTH OF THE ESHERICK WARRANT EXCEEDS ANY PROBABLE CAUSE THAT MIGHT BE FOUND IN THE AFFIDAVIT.

The scope of the Esherick Warrant far exceeds the scope of the Special Agent's affidavit, rendering the warrant and the search invalid. The Government argues that the categories of documents are "directly linked to the probable cause established in the [affidavit],"[4] but Special Agent Sekela's affidavit is not incorporated or even referenced in the Esherick Warrant. The Esherick Warrant is not limited by the affidavit, which is limited to tax evasion in 2001-2003, conspiracy to bribe Mr. Lorusso to obtain benefits for Douglas Development, and alleged defrauding of a partner of Douglas Jemal's.[5] The Esherick Warrant is not so limited, however. As shown above and in our Motion to Suppress, the scope of the Esherick Warrant is not only insufficiently particular to inform the seizing agents of its scope, but can reasonably read to exceed the scope of the investigation described in the affidavit. Surely many records related to each of the five categories of items to be seized will have nothing to do with either Mr. Esherick's taxable income for 2001-2003 or the alleged bribery of Mr. Lorusso. The Opposition does not attempt to tie any items to the wire fraud allegation in the affidavit, and none of the five items appear relevant to wire fraud.

---

[4] The Government's motion refers to the warrant rather than the affidavit, but we presume that the Government intended to refer to the affidavit here. If the word "warrant" was intended here, the statement does not appear to make sense. See Opposition at 13-14.

[5] The Government argues that the language "involves only the items linked to Esherick" (Opposition at 13), but that is not correct. Item 5 makes no mention of Mr. Esherick, and appears to authorize seizure of any documents that in any way relate to Michael Lorusso or any D.C. Government official.

United States v. Christine[6] illustrates the suppression of evidence seized pursuant to a warrant that exceeds the scope of the probable cause. The district court had held that a search warrant was invalid because the description of the items to be seized collectively permitted seizure of virtually all of the company's records, while the affidavit was limited to allegations of bribery of a single Government official. The Third Circuit did not reject the district court's assessment of the scope of the warrant, but instead announced that, in that circuit, the district court could attempt to save the warrant by redaction, and remanded the case to the district court. Id. at 752-3.[7] See also United States v. Cardwell, 680 F.2d 75 (1982).

The Government attempts to distinguish cases holding warrants overbroad by stating, "This is not a case where the agents were authorized to seize 'all or virtually all of appellant's business records and equipment.'"[8] It is difficult to conceive of anything relating to Mr. Esherick's personal financial affairs and transactions, his job, the officers of Douglas Development, his activities over a five-year period, all officials of the District of Columbia Government, or any cars that Mr. Esherick has ever owned, leased or used, that is not covered by the Esherick Warrant.

Additionally, to the extent that documents or records might not be covered, they can be seized if they are found in the same file or folder with the documents that are covered. These documents may have nothing to do with the five broad specifications of the items to be seized,

---

[6] 687 F.2d 749 (3rd Cir. 1982). The Opposition cites this case for the proposition that flexibility is appropriate in assessing the particularity of a warrant. Opposition at 16. While the general proposition is unobjectionable in the abstract, it does not justify the elimination of the particularity requirement. The warrant in Christine was much more specific than the Esherick Warrant in this case. The list of financial documents in Christine was specific and not illustrative, as in item 1 of the Esherick Warrant. Even the broadest category was linked to a specific HUD program. There were no categories of items comparable to items 2-4 of the Esherick Warrant, all of which are described solely in generic terms rather than as specific categories of documents.

[7] The Government has not suggested redaction of the Esherick Warrant, nor could it be salvaged by redaction. The language of the 5 categories would require a re-write to conform to the affidavit rather than redaction. Additionally, redaction could not overcome the lack of particularity.

[8] Opposition at 13, citing United States v. Maxwell, 920 F.2d 1028 (D.C. Cir. 1990).

financial matters, the D.C. Government, cars, or even Mr. Esherick. They might be medical records, personal correspondence, or poetry, and the warrant still purports to authorize their seizure.

The Esherick Warrant is clearly overbroad, covering far more than items related to the matters covered by the affidavit. The evidence seized pursuant to the warrant should be suppressed because there is no probable cause to seize evidence that would fit within the broad description of the warrant.

## CONCLUSION

The search warrant that supported the Government's entry and search of Mr. Esherick's home was both insufficiently particular and excessively broad in scope. For these reasons, as well as the other reasons stated in Mr. Esherick's Motion to Suppress, the evidence seized pursuant to this illegal search and seizure should be suppressed.

Respectfully submitted,

Paul Kemp (D.C. Bar # 922773)
Carol Elder Bruce (D.C. Bar # 202200)
Lawrence B. Bernard (D.C. Bar # 181636)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
Telephone: (202) 344-4400
Facsimile: (202) 344-8300

*Counsel for Defendant Blake C. Esherick*

Date:  February 1, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 1st day of February 2006, a true and complete copy of the foregoing *Reply to the Government's Opposition to Defendant Blake C. Esherick's Motion to Suppress Evidence Obtained by Illegal Search* was served by the Court's DCD/ECF electronic filing system on the following:

Mark H. Dubester
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
555 Fourth Street, N.W.
Room 5917
Washington, D.C. 20001

*Counsel for Plaintiff United States*

Michelle A. Roberts, Esquire
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036

*Counsel for Defendant Douglas Jemal*

Stanley M. Brand, Esquire
Ross A. Nabatoff, Esquire
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005

*Counsel for Defendant Norman D. Jemal*

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795

*Counsel for Defendant Douglas Jemal*

Christopher B. Mead, Esquire
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036

*Counsel for Defendant Douglas Jemal*

_____
Teresa E. Huguley

#719280/DC2
#063270-224156