### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES,** ) | |
| ) | |
| **v.** ) | **Crim. No. 05-0359-1, -2, -3 (RMU)** |
| ) | |
| **DOUGLAS JEMAL, *et al.*,** ) | |
| ) | |
| **Defendants.** ) | |

### REPLY MEMORANDUM IN SUPPORT OF
### DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE ALLEGED IN
### GOVERNMENT'S NOTICE OF INTENT TO INTRODUCE RULE 404(b) EVIDENCE

Defendants respectfully submit this reply memorandum in further support of their motion *in limine* to exclude the evidence described in the Government's Notice of Intent to Introduce Evidence Under Fed. R. Evid. 404(b) ("404(b) Notice").[1]  The government has utterly failed to demonstrate in its opposition brief that the evidence alleged in the 404(b) Notice is either "inextricably intertwined" with the conduct charged in the Indictment or admissible for a proper purpose under Rule 404(b).  In the interest of brevity, however, Defendants are limiting their reply memorandum to three concise points which illustrate the overall weakness of the government's arguments in favor of admitting the evidence at issue:  (1) the government does

---

[1] Pursuant to the Scheduling Order entered by the Court on October 24, 2005, pretrial motions in this case were filed on December 22, 2005, oppositions on January 18, 2006, and replies on February 1, 2006.  In addition, on December 22, 2005, the government filed its 404(b) Notice.  Defendants filed their Motion *In Limine* to Exclude Evidence Alleged in Government's 404(b) Notice on January 18, 2006, and the government filed its opposition on January 31, 2006.  Defendants respectfully request that the Court accept this reply memorandum, which is being served and filed within five days after service of the government's opposition in accordance with Local Criminal Rule 47.

not even attempt to show that any of the evidence falls within scope of the "inextricably

intertwined" doctrine as set forth in United States v. Bowie, 232 F.3d 923 (D.C. Cir. 2000);

(2) the government inaptly analogizes this case to drug cases in arguing that certain evidence is

admissible under Rule 404(b); and (3) the government overstates the law with respect to the

admissibility of alleged uncharged tax evasion.[2]  For these reasons, and for the reasons set forth

in Defendant's moving papers, the evidence alleged in the 404(b) Notice should be excluded.


I.     **DISCUSSION**

A.     **The Government Has Not Shown That Any Of The Evidence At Issue Is
       "Inextricably Intertwined" With The Charged Offenses**

       In its opposition brief, the government ignores Defendants' argument that

controlling D.C. Circuit authority, United States v. Bowie, 232 F.3d 923 (D.C. Cir. 2000),

precludes the government's attempt to admit broad categories of uncharged conduct as

"inextricably intertwined" with the charged offenses in the Indictment.  In Bowie, the D.C.

Circuit construed the "inextricably intertwined" doctrine as applying only "in a narrow range of

circumstances," such as to "an act that is *part of* the charged offense" or "uncharged acts

performed *contemporaneously* with the charged crime . . . *if they facilitate* the commission of the

charged crime."  232 F.3d at 929 (emphasis added).  The government fails to acknowledge

Bowie's holding or explain how the evidence outlined in the 404(b) Notice falls within the

parameters set forth in the Court of Appeals' opinion.  In fact, the government provides not a

_____

[2] In so limiting their reply, Defendants are not in any way conceding the arguments made
in their moving papers.

single citation -- over the course of twelve pages -- to a case discussing the standard for the

admissibility of evidence under the "inextricably intertwined" doctrine.  In sum, the Court should

reject the government's claim that the evidence at issue is admissible as "inextricably

intertwined" with the charged offenses in the Indictment.

> **B.  The Government Has Not Established The Admissibility Of The Evidence
> At Issue Under Rule 404(b)**

        In support of its argument for the admission of the evidence at issue under Rule

404(b), the government cites a string of cases, all involving drug offenses.  <u>See</u> Government's

Opposition To Defendant's Motion <i>In Limine</i> To Exclude Evidence Alleged In Government's

Notice Of Intent To Introduce Rule 404(b) Evidence at 4 ("Gov't Opp'n").  The government

asserts that "[t]he rationale for admissibility of 'other crimes' evidence on issues of intent,

common plan or scheme, or to prove the relationships among the defendants and the origins of

the conspiratorial activities is even more compelling in the context of this case than in the drug

cases" cited in its opposition brief.  <u>Id.</u> at 5.  In cases involving drug offenses, however, other

crimes evidence tending to prove the relationship of the defendant and a co-conspirator is often

admissible because it negates the possibility of an innocent association between the participants.

<u>See, e.g.</u>, <u>United States v. Bullard</u>, No. 04-1632, 2005 WL 3409603, at *3 (3d Cir. Dec. 13,

2005) (evidence of prior drug transactions between defendant and co-conspirator permissible

under Rule 404(b) as "negat[ing] the possibility of innocent association").  Indeed, in several of

the cases cited by the government, prior acts or crimes evidence was admitted for just this

reason.  <u>See</u> <u>United States v. Latney</u>, 108 F.3d 1446, 1448 (D.C. Cir. 1997) (evidence of

involvement in subsequent drug deal admissible under Rule 404(b) to show that "it was less

likely that [the defendant] was merely a bystander" in an earlier transaction); <u>United States v. Clarke</u>, 24 F.3d 257, 259 (D.C. Cir. 1994) (evidence that defendants had convened at a drugstore to deal drugs in the past admitted as relevant to whether one defendant's "appearance at the drugstore was coincidental"); <u>United States v. Moore</u>, 732 F.2d 983, 987-88 (D.C. Cir. 1984) (evidence of prior drug dealing admissible to show that defendant was not in hotel room "simply because of a horrible mistake").

Here, the government has no need to establish the relationships among the defendants through other act evidence because the relationships are obvious -- father and son, employer and employee.  Under Rule 404(b), evidence of other crimes or acts "is never admissible unless it is '*necessary'* to establish a material fact." <u>United States v. Shelton</u>, 628 F.2d 54, 56 (D.C. Cir. 1980) (emphasis added) (footnote omitted).  In this case, the government cannot show that the evidence alleged in its 404(b) Notice is necessary to establish the relationships among the Defendants and, therefore, any evidence offered on that basis must be excluded.

## C.     The Government Has Failed To Demonstrate The Admissibility Of Alleged Uncharged Tax Evasion

In its opposition brief, the government has taken great liberties in discussing the admissibility of evidence relating to any steps taken by the Defendants subsequent to the last charged year of tax evasion in the Indictment.  For example, the government states that "courts have *routinely* permitted the government to use amended returns as part of the Government's proof in a tax evasion prosecution."  Gov't Opp'n at 8 (emphasis added).  However, none of the cases cited by the government in support of this proposition actually address the admissibility of

amended tax returns. Rather, in each of the cases, it is simply part of the factual background that amended tax returns were introduced by the government; there is no discussion of whether the defendant challenged their admission. <u>See</u> <u>United States v. Dale</u>, 991 F.2d 819, 830-31 (D.C. Cir. 1993); <u>Santopietro v. United States</u>, 948 F. Supp. 145, 154 (D. Conn. 1996), <u>aff'd in part, vacated in part</u>, 166 F.3d 88 (2d Cir. 1999); <u>United States v. Dowell</u>, 446 F.2d 145, 147 (10th Cir. 1971); <u>United States v. Rosenblum</u>, 176 F.2d 321, 330 (7th Cir. 1949). Moreover, two of these cases, <u>Dowell</u> and <u>Rosenblum</u>, were decided before the Federal Rules of Evidence came into effect, and are therefore of limited value on the question of admissibility under Rule 404(b).

The main thrust of the government's opposition brief is that the evidence alleged in the 404(b) Notice is probative of the Defendants' intent. <u>See</u> Gov't Opp'n at 1. With respect to Defendants' tax-related conduct after the years charged in the Indictment, specifically, the government argues that such evidence should be viewed as similar to amended tax returns, which it contends constitute an admission by a defendant of "the existence of a prior tax deficiency." <u>Id.</u> at 8. Essentially, the government claims that proof of amended tax returns or similar subsequent remedial conduct demonstrates a defendant's fraudulent intent in submitting the earlier tax returns. But as two of the cases included in the government's brief make clear, "the filing of an amended tax return is not an admission of fraud." <u>United States v. Dyer</u>, 922 F.2d 105, 108 (2d Cir. 1990); <u>see also</u> <u>Santopietro</u>, 948 F. Supp. at 154 (recognizing that <u>Dyer</u> "held that the filing of an amended return is not an admission of fraud and that it can only support an inference of a mistake"). Indeed, "[a]t most, filing an amended return indicates that the taxpayer *now* believes he was mistaken at the time he filed the original return; in no way does it shade that minimal assumption toward proof of the requisite fraudulent intent" when filing the original return. <u>Dyer</u>, 922 F.2d at 108. Thus, the purpose for which the government seeks to admit

subsequent tax-related conduct by the Defendants is not valid, and the evidence should be excluded.

The government also goes too far in stating that it is permitted to argue "that the jury may infer the true intended compensation of Esherick by the dramatic increase in his compensation which occurred after the tax investigation commenced, and that the defendants changed the manner of Esherick's compensation once they knew they were caught doing things illegally."  Gov't Opp'n at 10.  Both Dyer and Santopietro specifically considered the scope of an appropriate instruction to the jury on the proper inference to be drawn from evidence of a change in a defendant's conduct with regard to the filing of tax returns.  The courts in those cases found that it is not proper to instruct a jury that an amended tax return, by itself, is sufficient to support an inference of fraudulent intent or willfulness.  Dyer, 922 F.2d at 108; Santopietro, 948 F. Supp. at 154.  Similarly, here, it would not be proper for the government to ask the jury to infer fraudulent intent on the part of the Defendants on the basis of their tax-related conduct subsequent to the acts charged in the Indictment.

Additionally, as set forth in the Defendants' moving papers, evidence of subsequent tax-related conduct undertaken by the Defendants after being put on notice of the government's investigation should not be admitted because policy considerations encourage individuals to take such remedial measures.  "There should be no discouragement to the filing of an amended return, and no hazard in doing so."  Dyer, 922 F.2d at 108 (citation and internal quotation marks omitted).

## II.    CONCLUSION

For the foregoing reasons, the Court should exclude the evidence alleged in the 404(b) Notice.

Respectfully submitted,

_____
Reid H. Weingarten (D.C. Bar #365893)
Erik L. Kitchen (D.C. Bar #292847)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal

Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated:  February 6, 2006