UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 05-359-01,-02, 03 (RMU) |
| | : | |
| DOUGLAS JEMAL, et al | : | |

GOVERNMENT'S NOTICE OF
ITS INTERPRETATION OF THE COURT'S
ORDER RELATING TO JENCKS MATERIALS OF MARCH 20, 2006

The United States, through its attorney, the United States Attorney for the District of Columbia, respectfully provides notice to this Court and the parties of its understanding of the colloquy and Order of March 20, 2006, regarding the production of Jencks material.

BACKGROUND

The United States, by letter of November 22, 2005, made certain representations concerning the production of Jencks material. In that letter, the Government had divided the Jencks material into two broad groups. As to witnesses Michael Lorusso and Fernando Villegas, the Government agreed to produce the Jencks material 30 days prior to trial – the "30 day Jencks materials." Pursuant to the Government's letter, the Government agreed to produce the remaining Jencks materials shortly prior to trial and immediately after opening statements.[1] The Government's position was and remains reasonable and generous, and provided for the production of all the Jencks material prior to the witness's testimony.

---

[1] This letter is attached as "Attachment A."

## THE MARCH 20, 2006 HEARING

At the March 20 hearing, in the context of setting dates for certain pre-trial hearings, defense counsel noted that the Government had previously agreed to produce Jencks material 30 days prior to trial and sought production of such materials prior to the pre-trial hearings.

Because the defense specifically referred to the "30 day" commitment of the Government to produce Jencks materials, the Government instantly, reasonably, and in good faith, understood the defense request as referring to the specific "30 day Jencks materials" that the Government had identified in its discovery letter, that is, the materials related to Lorusso and Villegas. This was the only meaning which made sense, for these were the only Jencks materials the Government had agreed to produce 30 days prior to trial. No other interpretation of the defense representation as to the Government's position would have been accurate.

The Government's contemporaneous interpretation of the defendants' request is supported by the surrounding circumstances. First, the Villegas and Lorusso materials were the most likely to generate pre-trial controversy for which the Government reasonably believed the defense sought production in advance of the pre-trial hearings. Second, the defendants' Jencks request at the hearing followed other defense requests at the related to discovery of Lorusso-related materials (emails), thus the reference to the 30 day Jencks material was understood by the Government as being of the same general nature and related to Lorusso. Thus, the Government at all times through the hearing understood the Lorusso/Villegas materials to be the only materials at issue. Nonetheless, in hindsight, it is likely that the Court understood that the defense as (inaccurately) describing to a prior commitment by the Government to produce all the Jencks materials 30 days prior to trial.

In contrast to what the Government did understand, this is what the Government certainly did not understand: that the defense was seeking the disclosure by the Government of its entire case, witness by witness, 60 days prior to trial. Such a request – if clearly made – would have been of truly stunning and unprecedented scope and would have resulted in vigorous and strenuous opposition. Had such a request been advanced, or understood as being advanced, this Court can be assured that the Government would have vigorously opposed it as being legally inappropriate [2] and inconsistent with the practice in this Courthouse, and inconsistent with its position previously communicated to the defendants, as reflected in the November 22 letter.

Thus, in response to the specific defense request – which, as noted, the Government reasonably understood as being limited – the Court thereafter directed production of "Jencks material" or "the Jencks material" 60 days prior to trial. As noted, the Government simply did not conceive that this Order related to any materials other than those that the Government had previously promised to produce 30 days prior to trial relating to Lorusso and Villegas. It was never the Government's understanding that any other documents were at issue, and, though we are aware that a transcript can be otherwise parsed, for reasons stated above, the Government certainly did not intend to be understood as agreeing to the production of all Jencks materials 60 days prior to trial.

---

[2] We note that the decision as to the disclosure of Jencks material is entrusted by law to the executive branch of the United States. "Federal Rule of Criminal Procedure 16(a)(2) prohibits discovery of statements by government witnesses or prospective government witnesses except as provided in the Jencks Act, 18 U.S.C. 3500 (1982). The Jencks Act directs that in a criminal prosecution, statements made by government witnesses or prospective government witnesses are not open to discovery or inspection by the defense until said witnesses have testified on direct examination in the trial of the case." United States v. Tarantino, 846 F.2d 1384, 1414 (D.C. Cir.), cert. denied, 488 U.S. 840 (1988).

We stress that if the Government misunderstood the defense, such misunderstanding was engendered by the defense counsel's initial reference to the Government's prior agreement to produce Jencks materials "30 days" in advance of trial – a reference which would have been inaccurate if referring to anything but the Villegas and Lorusso Jencks materials. This is hardly the sort of "mistake" on the Government's part for which consequences should flow. The Government further notes that the colloquy on this important issue occurred in a very fluid context, in the midst of setting dates for pre-trial hearings and without prior notice that this matter, of great significance to the Government, was to be addressed. Finally, the Government has thereafter, by this pleading, promptly brought to the Court's attention reasonable and compelling bases for its interpretation of the events in the Courtroom. The Government's good faith in this matter is manifest.[3]

The Government recognizes and appreciates the Court's efforts to resolve issues pre-trial, and will work with the Court and the defense to insure that as many issues as possible are resolved prior to trial. Indeed, it is for this reason that the Government assented to the production of the Lorusso and Villegas materials 60 days prior to trial and did not object to the Court Order that the Government understood as directing such production.

Thus, the Government respectfully informs the Court and the defense that pursuant to its representations and the hearing of March 20, 2006, it shall provide no later than 60 days prior to trial the Jencks material the Government understood as being the precise subject of the request of

---

[3] If the shoe were on the other foot, the Government would never attempt to hold the defense to a position taken by one of the defense attorneys in Court, if it was apparent that the defense position was taken upon a good faith interpretation of an ambiguous Government assertion which proved contrary to what was intended..

counsel (and hence embodied in the Court Order) at that hearing, that is, the material that the Government had previously committed to providing 30 days prior to trial. Because the Government understood the defense request as not otherwise addressing any other Jencks materials (and hence not before the Court), it is the Government's desire and intent to adhere to the schedule it had previously set forth in its November 22, 2005 letter for the remaining Jencks materials. The Government informs the Court of this understanding barely 48 hours after the hearing so that any further issues related to the disclosure of Jencks materials may be resolved promptly.

If the Court deems it appropriate, the Government welcomes a prompt hearing on this issue.

RESPECTFULLY SUBMITTED

KENNETH L. WAINSTEIN
DC Bar No. 451058.
UNITED STATES ATTORNEY

By: /s/ Mark H. Dubester
MARK H. DUBESTER
ASSISTANT UNITED STATES ATTORNEY
DC Bar No. 339655
555 Fourth Street, N.W., Room 5917
Washington, D.C. 20530
Ph. (202) 514-7986

## CERTIFICATE OF SERVICE

I hereby certify that I have caused to be sent by fax or by electronic means a copy of the attached pleading, to:

Michele Roberts, Esq.
Counsel for Douglas Jemal
Akin Gump
1333 New Hampshire Avenue, NW
Washington, DC 20036

Paul Kemp, Esq.
Carol Elder Bruce
Counsel for Blake C. Esherick
Venable LLP
One Church Street,
Rockville, MD  20850

Reid Weingarten, Esq.
Brian M. Heberlig
Counsel for Douglas Jemal
Steptoe and Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795

Stan Brand, Esq.
Ross Nabatoff, Esq.
Counsel for Norman D. Jemal
923 15th Street, NW
Washington, DC  20005

Christopher Mead, Esq.
Counsel for Douglas Jemal
London & Meade
1225 19th Street, NW, Suite 320
Washington, DC  20036

this 22nd day of March, 2006.

_____
Mark H. Dubester
Assistant United States Attorney
DC Bar No. 339655
555 Fourth Street, NW
Rm. 5917
Washington, DC 20001
(202) 514-7986