# EXHIBIT 1

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

| | |
|---|---|
| THE DISTRICT OF COLUMBIA, ) <br> a municipal corporation ) <br> 1350 Pennsylvania Avenue, N.W., St. 409 ) <br> Washington, D.C. 20004, ) <br>   ) <br>   Plaintiff, ) <br>   ) <br>   v. ) <br>   ) <br> DOUGLAS DEVELOPMENT ) <br> CORPORATION ) <br> 702 H Street, N.W., Suite 400 ) <br> Washington, D.C. 20001 ) <br>   ) <br> Serve: Leibner & Potkin, P.C. ) <br>   4530 Wisconsin Avenue., N.W., #350 ) <br>   Washington, D.C. 20016 ) <br>   ) <br>   and ) <br>   ) <br> CAYRE JEMAL'S GATEWAY L.L.C. ) <br> 702 H Street, N.W., Suite 400 ) <br> Washington, D.C. 20001 ) <br>   ) <br> Serve: Robert F. Leibner ) <br>   4530 Wisconsin Avenue, N.W. #350 ) <br>   Washington, D.C. 20016 ) <br>   ) <br>   and ) <br>   ) <br> DOUGLAS JEMAL ) <br> 702 H Street, N.W., Suite 400 ) <br> Washington, D.C. 20001 ) <br>   ) <br>   and ) <br>   ) <br> BLAKE C. ESHERICK ) <br> 702 H Street, N.W., Suite 400 ) <br> Washington, D.C. 20001 ) <br>   ) <br>   and ) | 0006457-03 <br><br> RECEIVED <br> Civil Clerk's Office <br> JUL 29 2003 <br> Superior Court of the <br> District of Columbia <br> Washington, D.C. <br><br><br><br><br> Case No.: <br> Calendar No.: <br> Judge: |

|  |  |
|---|---|
| Michael A. Lorusso<br>4101 State Street #M502<br>Portsmouth, N.H. 03801 | )<br>)<br>) |
| Defendants. | )<br>) |

## COMPLAINT

The District of Columbia, by and through the Office of the Corporation Counsel, its attorneys, pursuant to D.C. Official Code § 2-308.14 (a) (2001) and the common law, hereby brings suit against the defendants and respectfully states as follows:

### Jurisdiction

1. Jurisdiction and authority of this Honorable Court to grant the requested relief is founded on D.C. Official Code § 11-921 (2001), which provides that the Superior Court of the District of Columbia may adjudicate any civil action at law or in equity brought in the District of Columbia.

### Parties

2. Plaintiff DISTRICT OF COLUMBIA (the "District") is a municipal corporation created by an Act of Congress, capable of suing and being sued. D.C. Official Code § 1-102 (2001).

3. Defendant DOUGLAS DEVELOPMENT CORPORATION ("DDC") is a corporation incorporated under the laws of the District and engaged in the business of commercial property development in the District of Columbia.

4. Defendant CAYRE JEMAL'S GATEWAY L.L.C. ("CJG") is a limited liability company organized under the laws of the District and the record owner of a building and property located at 77 P Street, N.W., Washington D.C. ("P Street").

2

5.  Defendant DOUGLAS JEMAL is an individual who, upon information and belief, is a citizen of the United States, employed in the District of Columbia, and is the Authorized Member of CJG and the president and principal shareholder of DDC.

6.  Defendant BLAKE C. ESHERICK is an individual who, upon information and belief, is a citizen of the United States, and employed by DDC and/or CJG as the project manager for P Street.

7.  Defendant MICHAEL A. LORUSSO is an individual who, upon information and belief, is a citizen of the United States, and who was employed by the District as the Deputy Director of the District's Office of Property Management ("OPM").

## SUBMISSION OF FALSE INVOICES FOR PAYMENT OF UNPERFORMED CONSTRUCTION AT 77 P STREET, N.W.

8.  The District and CJG executed an initial lease for District agency space in the building at 77 P Street (also known as 64 New York Avenue) on April 26, 2001. The initial lease was for only a portion of P Street and did not include any space for facilities related to the New Economy Transformation Act of 2000, D.C. Law 13-256 (NETA).

9.  Pursuant to a memorandum of agreement (MOA) dated September 26, 2001, between the District's Office of the Deputy Mayor for Planning and Economic Development and OPM, Eight Hundred Sixty-three Thousand Two Hundred Ninety-nine Dollars and Twenty-eight Cents ($863,299.28) of a 2001 budget allocation under the "Affordable Facilities" provision of the NETA, was transferred to OPM.

10. The MOA provided conditions for the transfer and use of "up to $1,000,000" to OPM for leasehold assistance for "Qualified High Technology Companies" under the NETA. The MOA restricted the use of the funds to "leasing, construction management, and related services in connection with the Affordable Facilities Section of the New Economy

3

Transformation Act of 2000." The goal of the transfer was to spend the funds on authorized NETA expenses during the fiscal year for which they were appropriated, which ended September 30, 2001.

12. The MOA was executed on behalf of OPM by defendant Lorusso.

13. Prior to the execution of the MOA, defendants Lorusso and Esherick engaged in negotiations in an effort to arrange a lease for 30,000 square feet of additional space at P Street which would include an advance payment of One Million Dollars ($1,000,000.00). The proposed space was to be used for the purposes of the NETA.

14. In the absence of any contract or lease for additional space at P Street for the purposes of the NETA, two false invoices were prepared and submitted to Lorusso at OPM dated September 26, 2001 and September 28, 2001 for unperformed and uncontracted construction expenses.

15. An invoice in the amount of Sixty-six Thousand Dollars ($66,000.00), dated September 26, 2001, was submitted on DDC letterhead and indicated that it was for, "New Economy," and for "Reimbursement for Telco Room Buildout." This invoice was false because no such construction or buildout had taken place or had been contracted for at P Street.

16. An invoice in the amount of Eight Hundred Sixty-three Thousand Two Hundred Ninety-nine Dollars and Twenty-eight Cents ($863,299.28), dated September 28, 2001, was submitted on DDC letterhead and indicated that it was for "Reimbursement for Tenant Construction" for 77 P Street under "New Economy." This invoice was false because no such construction had taken place or had been contracted for at P Street.

17. On October 4, 2001, defendant Lorusso certified that the invoices were approved for payment by OPM knowing that the invoices were false.

4

18. On October 26, 2001, the District issued check No. 5455470 in the amount of Nine Hundred Twenty-nine Thousand Two Hundred Ninety-nine Dollars and Twenty-eight Cents ($929,299.28) (the total of the two false invoices referred to in paragraphs 15 and 16 above) payable to CJG which upon information and belief was received and deposited by CJG on or about October 29, 2001.

19. Upon information and belief, the funds used to pay the above check were the Eight Hundred Sixty-three Thousand Two Hundred Ninety-nine Dollars and Twenty-eight Cents ($863,299.28) transferred to OPM for the NETA purposes and additional funds from OPM's budget.

20. Defendant Lorusso did not, nor did any other District employee, have the authority to expend the NETA program funds, or any other District funds, for payment of invoices that were for "reimbursement" of construction or buildout that had not been performed or contracted.

21. Upon information and belief, defendant Esherick prepared or caused to be prepared the false invoices and submitted or caused to be submitted the false invoices to the District for payment and did so in his capacity as an employee or agent of defendants DDC and CJG.

22. Upon information and belief, defendant Jemal prepared or caused to be prepared the false invoices, submitted or caused to be submitted the false invoices or approved the preparation and submission of the false invoices submitted to the District for payment and did so in his capacity as an officer, employee or agent of defendants DDC and CJG.

5

## COUNT I

### Knowingly Presents or Causes to be Presented a
### False Claim for Payment to the District
### (D.C. Official Code § 2-308.14 (a)(1))

23. Paragraphs 1 through 22 are incorporated herein by reference as if fully realleged.

24. Defendants knowingly presented or caused to be presented two false invoices for unperformed construction work for payment or approval to an officer or employee of the District.

WHEREFORE, the District of Columbia demands judgment in its favor and against the defendants, jointly and severally, for treble compensatory damages and for statutory penalties to the full extent permitted by the law, together with interest, attorneys fees, costs and such other and further relief as the nature of the case requires.

## COUNT II

### Knowingly Makes or Causes to be Made or Used a False Record
### or Statement to Get a False Claim Paid by the District
### (D.C. Official Code § 2-308.14 (a)(2))

25. Paragraphs 1 through 22 are incorporated herein by reference as if fully realleged.

26. Defendants knowingly made, used, or caused to be made, or used, two false invoices for unperformed construction work to get false claims paid or approved by the District.

WHEREFORE, the District of Columbia demands judgment in its favor and against the defendants, jointly and severally, for treble compensatory damages and for statutory penalties to the full extent permitted by the law, together with interest, attorneys fees, costs and such other and further relief as the nature of the case requires.

6

## COUNT III

### Conspires to Defraud the District by Getting a False Claim Allowed or Paid by the District
### (D.C. Official Code § 2.308.14 (a)(3))

27. Paragraphs 1 through 22 are incorporated herein by reference as if fully realleged.

28. Defendants conspired to defraud the District by getting false invoices for unperformed construction work allowed or paid by the District.

WHEREFORE, the District of Columbia demands judgment in its favor and against the defendants, jointly and severally, for treble compensatory damages and for statutory penalties to the full extent permitted by the law, together with interest, attorneys fees, costs and such other and further relief as the nature of the case requires.

## COUNT IV

### Conversion

29. Paragraphs 1 through 22 are incorporated herein by reference as if fully realleged.

30. Defendants unlawfully converted property of the District to their own use by wrongfully obtaining funds which belonged to the District and to further their own economic interests at the expense of the District.

31. During the relevant time, the District was the lawful owner and entitled to the wrongfully obtained funds which the defendants converted.

32. As a direct and proximate result of the defendants' conversion, the District has suffered damages in an as-yet undetermined amount, including loss of funds, loss of use of funds, and lost interest.

7

WHEREFORE, the District of Columbia demands judgment in its favor and against the defendants, jointly and severally, for actual damages, punitive damages, costs, attorneys fees, interest, and such other relief as the nature of the case requires.

## COUNT V

### Common Law Fraud

33. Paragraphs 1 through 22 are incorporated herein by reference as if fully realleged.

34. Defendants' false invoices constitute false and misleading representations of material facts, and were made with knowledge of their falsity and with the intent to deceive the District.

35. The District relied on the defendants' false, misleading, and fraudulent representations in making payments based upon the defendants' false invoices, and was thereby harmed and defrauded.

WHEREFORE, the District of Columbia demands judgment in its favor and against the defendants, for actual damages, punitive damages, costs, attorneys fees, interest, and such other relief as the nature of the case requires.

## COUNT VI

### Unjust Enrichment

36. Paragraphs 1 through 22 are incorporated herein by reference as if fully realleged.

37. Defendants have wrongfully obtained funds which rightfully belong to the District.

38. By diverting the District's funds to their own use, the defendants have been unjustly enriched to the detriment of the District, and as a result the District has been damaged.

8

WHEREFORE, the District of Columbia demands judgment from the defendants, jointly and severally, in the amount by which the defendants were unjustly enriched, plus interest, costs, and such other relief as may be just and proper.

## COUNT VII

### Breach of Fiduciary Duty
### (Defendant Lorusso Only)

39. Paragraphs 1 through 22 are incorporated herein by reference as if fully realleged.

40. As an employee/agent of the District of Columbia government, defendant Lorusso owed a fiduciary duty to the District. This fiduciary duty includes the obligation to act in good faith, honesty, and fair dealing; to promote the best interests of the plaintiff; to make full and frank disclosures; to avoid damage to the interests of the District; not to appropriate funds of the District or divert funds of the District; and not to promote his or others' interests to the detriment of those of the District.

41. Defendant Lorusso has committed willful, intentional and negligent acts and omissions which breached his fiduciary duties to the District, which acts and omissions include, but are not limited to, his approval for payment of two false invoices for unperformed construction, as more fully alleged in paragraphs 1 through 22 of this Complaint and incorporated herein by reference.

42. As a direct and proximate result of defendant Lorusso's breaches of fiduciary duty, the District has suffered monetary damages, in an as-yet undetermined amount.

43. Defendant Lorusso breached his fiduciary duties and obligations owed to the District intentionally, maliciously, fraudulently, in conscious disregard of the rights of the District and with the knowledge of a likelihood of economic injury to the District, and at all times to further his or others' economic interests at the expense of the District.

9

WHEREFORE, the District of Columbia demands judgment in its favor and against defendant Lorusso, for compensatory damages, punitive damages, costs, attorneys fees, interest, and such other relief as the nature of the case requires.

                                 Respectfully submitted,

                                 ROBERT J. SPAGNOLETTI
                                 Acting Corporation Counsel

                                 CHARLOTTE W. PARKER (#186205)
                                 Deputy Corporation Counsel
                                 Civil Division

                                 ARTHUR PARKER (#376054)
                                 Assistant Corporation Counsel
                                 Chief, Civil False Claims Unit
                                 441 4th Street, N.W., Suite 450-N
                                 Washington, D.C. 20001
                                 (202) 727-0874

Dated: July 28, 2003            Attorneys for Plaintiff District of Columbia

10

PAGE 12/13 * RCVD AT 8/7/2003 2:36:47 PM [Eastern Daylight Time] * SVR:FAX01/14 * DNIS:27724 * CSID: * DURATION (mm-ss):04-54

## VERIFICATION

DISTRICT OF COLUMBIA, ss:

I, Marceline D. Alexander, being duly sworn, depose and say that I have read the foregoing Complaint and that the contents thereof are just and true statements of the facts surrounding the complained-of incidents and the resulting damages, to the best of my knowledge, information and belief.

*Marceline D. Alexander*
Marceline D. Alexander
Interim Director
Office of Property Management

Signed and sworn to before me this 29th day of July, 2003.

*Valencia Walker*
Notary Public, D.C.

My Commission Expires: 9-14-06

11