# EXHIBIT 2

SUPERIOR COURT OF THE DISTRICT OF COLUMBIA
Civil Division

- - - - - - - - - - - - - - - - - -X
THE DISTRICT OF COLUMBIA,         :

    Plaintiff,                    :

    v.                            :
                                    :   C.A. No. 03ca006457
DOUGLAS DEVELOPMENT
CORPORATION, CAYRE JEMAL'S   :   Calendar # 1 (Judge Zoe Bush)
GATEWAY L.L.C., DOUGLAS
JEMAL, BLAKE C. ESHERICK, and :
MICHAEL A. LORUSSO,
                                      :

    Defendants.
- - - - - - - - - - - - - - - - - -X

## ANSWER AND COUNTERCLAIM

       Defendants Douglas Development Corporation ("DDC"), Cayre Jemal's Gateway L.L.C. ("CJG"), Douglas Jemal, and Blake C. Esherick (collectively "Defendants"), by and through their attorneys, file this Answer and Counterclaim to the Complaint of Plaintiff District of Columbia ("the District").

## ANSWER

       Defendants respond to the numbered paragraphs of the Complaint as follows:

       1.    Defendants state that the allegations in paragraph 1 contain conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants admit the allegations in paragraph 1.

       2.    Defendants are without sufficient knowledge to either admit or deny the allegations in paragraph 2.

1

3. Defendants admit the allegations in paragraph 3.

4. Defendants admit that CJG is a limited liability company organized under the laws of the District. Defendants deny the remaining allegations in paragraph 4. By way of further answer, Defendants state that CJG is the record owner of a commercial office building and property located at 77 P Street, N.E., Washington, D.C.

5. Defendants admit the allegations in paragraph 5.

6. Defendants admit that Blake C. Esherick is a citizen of the United States and is employed by DDC. Defendants deny the remaining allegations in paragraph 6.

7. Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 7.

8. In response to the allegations in paragraph 8, Defendants admit that CJG and the District executed a lease for District agency space in the building at 77 P Street, N.E. dated April 26, 2001, and state further that the terms of said lease speak for themselves.

9. In response to the allegations in paragraph 9, Defendants admit that they have seen what purports to be a memorandum of agreement dated September 26, 2001 between the District's Office of the Deputy Mayor for Planning and Economic Development and the District's Office of Property Management, and state further that the terms of said document speak for themselves.

10. In response to the allegations in paragraph 10, Defendants admit that they have seen what purports to be a memorandum of agreement dated September 26, 2001 between the District's Office of the Deputy Mayor for Planning and Economic Development and the

2

District's Office of Property Management, and state further that the terms of said document speak for themselves.

12. Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 12.[1]

13. In response to the allegations in paragraph 13, Defendants admit that prior to September 26, 2001, Esherick and Lorusso engaged in negotiations in an effort to arrange a lease by the District of additional space at 77 P Street, N.E., and that the proposed space purportedly was to be used for the purposes of the New Economy Transformation Act of 2000. Defendants deny the remaining allegations in paragraph 13.

14. Defendants deny the allegations in paragraph 14.

15. Defendants deny the allegations in paragraph 15.

16. Defendants deny the allegations in paragraph 16.

17. Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 17.

18. In response to the allegations in ¶ 18, Defendants are without sufficient knowledge or information to either admit or deny that on October 26, 2001, the District issued check No. 5455470 in the amount of $929,299.28. Defendants deny the remaining allegations in ¶ 18.

19. Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 19.

---

[1] The copy of the Complaint served upon Defendants does not contain a paragraph 11. Defendants are responding to the allegations as numbered.

3

20. Defendants state that the allegations in paragraph 20 are conclusions of law to which no response is required. To the extent a response is deemed to be required, Defendants are without sufficient knowledge or information to either admit or deny the allegations in paragraph 20.

21. Defendants deny the allegations in paragraph 21.

22. Defendants deny the allegations in paragraph 22.

## COUNT I

23. Defendants reallege and incorporate their responses to paragraphs 1 through 22.

24. Defendants deny the allegations in paragraph 24. Defendants also deny that the District is entitled to the relief requested in the "WHEREFORE" clause following paragraph 24.

## COUNT II

25. Defendants reallege and incorporate their responses to paragraphs 1 through 22.

26. Defendants deny the allegations in paragraph 26. Defendants also deny that the District is entitled to the relief requested in the "WHEREFORE" clause following paragraph 26.

## COUNT III

27. Defendants reallege and incorporate their responses to paragraphs 1 through 22.

28.  Defendants deny the allegations in paragraph 28. Defendants also deny that the District is entitled to the relief requested in the "WHEREFORE" clause following paragraph 28.

## COUNT IV

29.  Defendants reallege and incorporate their responses to paragraphs 1 through 22.

30.  Defendants deny the allegations in paragraph 30.

31.  Defendants deny the allegations in paragraph 31.

32.  Defendants deny the allegations in paragraph 32. Defendants also deny that the District is entitled to the relief requested in the "WHEREFORE" clause following paragraph 32.

## COUNT V

33.  Defendants reallege and incorporate their responses to paragraphs 1 through 22.

34.  Defendants deny the allegations in paragraph 34.

35.  Defendants deny the allegations in paragraph 35. Defendants also deny that the District is entitled to the relief requested in the "WHEREFORE" clause following paragraph 35.

## COUNT VI

36.  Defendants reallege and incorporate their responses to paragraphs 1 through 22.

37. Defendants deny the allegations in paragraph 37.

38. Defendants deny the allegations in paragraph 38. Defendants also deny that the District is entitled to the relief requested in the "WHEREFORE" clause following paragraph 38.

## COUNT VII

39. Defendants reallege and incorporate their responses to paragraphs 1 through 22.

40. Defendants make no response to the allegations in paragraph 40, as those allegations are not directed against Defendants and contain conclusions of law to which no response is required.

41. Defendants make no response to the allegations in paragraph 41, as those allegations are not directed against Defendants and contain conclusions of law to which no response is required.

42. Defendants make no response to the allegations in paragraph 42, as those allegations are not directed against Defendants and contain conclusions of law to which no response is required.

43. Defendants make no response to the allegations in paragraph 43, as those allegations are not directed against Defendants and contain conclusions of law to which no response is required. For the same reasons, Defendants make no response to the "WHEREFORE" clause following paragraph 43.

## AFFIRMATIVE DEFENSES

### First Defense

The District's claims against Defendants are barred, in whole or in part, because the Complaint fails to state a claim upon which relief can be granted.

### Second Defense

The District's claims against Defendants are barred, in whole or in part, because the District has not sustained any injury by reason of any conduct by Defendants.

### Third Defense

The District's claims against Defendants are barred, in whole or in part, by principles of waiver and/or estoppel.

### Fourth Defense

The District's claims against Defendants are barred, in whole or in part, because Defendants did not create, generate, or submit the invoices on which the District's Complaint is based, and at all times relevant hereto, Defendants did not have any knowledge of said invoices.

### Fifth Defense

The District's claims against Defendants are barred, in whole or in part, because at all times relevant hereto the District was aware of the facts and circumstances surrounding the District's transfer of funds to DDC in connection with the District's lease of space at 77 P Street, N.E.

### Sixth Defense

The District's claims against Defendants are barred, in whole or in part, because the District acted with unclean hands.

### Seventh Defense

The District's claims against Defendants are barred, in whole or in part, because Defendants justifiably relied on the express, implied, and/or apparent authority of District officials to transfer funds to DDC in connection with the District's lease of space at 77 P Street, N.E.

### COUNTERCLAIM

1. Cayre Jemal's Gateway L.L.C. ("CJG"), for its counterclaim against the District of Columbia ("District"), states as follows:

### JURISDICTION

2. This Court has jurisdiction of the claims asserted herein under D.C. Code § 11-921.

### THE PARTIES

3. CJG is a limited liability company organized under the laws of the District.

4. The District is a municipal corporation which is subject to suit pursuant to the District of Columbia Code.

8

## FACTS

### Master Lease for 77 P Street, N.E.

5.  CJG is the owner and landlord of the commercial office building located at 77 P Street, N.E., Washington, D.C. ("P Street"").

6.  On or about April 26, 2001, CJG entered into a lease agreement (hereinafter "Master Lease") with the District pursuant to which the District leased approximately 105,754 square feet of space on the second and third floors of P Street to be occupied by the District's Department of Employment Services through August 31, 2011.

7.  The Master Lease was executed by Douglas Jemal on behalf of CJG and Michael Lorusso, Deputy Director of the District's Office of Property Management, on behalf of the District.

8.  The District's Office of Corporation Counsel reviewed the Master Lease and approved it "as to legal sufficiency."

9.  Pursuant to the Master Lease, the District agreed to pay CJG base rent beginning at $33 per square foot for the first year and increasing gradually to $40.83 per square foot in the tenth year.

10. The Master Lease was approved by the District of Columbia Council on April 3, 2001, and was subsequently approved by the federally mandated Control Board.

11. Since June 22, 2001, the District has occupied, and continues to occupy, space on the second and third floors of P Street pursuant to the Master Lease.

9

12.  As of August 31, 2003, the District owes CJG $391,437.43 in base rent and additional rent with respect to the space on the second and third floors occupied pursuant to the Master Lease, which amount the District has not paid CJG even after CJG made demand for such payment.

### First Addendum to the Master Lease

13.  On or about November 15, 2001, CJG and the District executed an addendum ("First Addendum") to the Master Lease for approximately 67,900 square feet of space on the fourth and fifth floors of P Street to be occupied by the District's Department of Mental Health through August 31, 2011. The First Addendum expressly incorporates and is subject to the terms of the Master Lease.

14.  The District's Office of Corporation Counsel reviewed the First Addendum and it was approved "as to legal sufficiency."

15.  The First Addendum was executed by Douglas Jemal on behalf of CJG and Michael Lorusso on behalf of the District.

16.  The District has acknowledged in internal communications that the First Addendum was a modification or extension of the Master Lease and not a new lease requiring District of Columbia Council approval.

17.  Pursuant to the First Addendum, the District agreed to pay CJG base rent beginning at $35.37 per square foot for the first year and increasing gradually to $43.60 per square foot in the ninth year.

18.  Since December 1, 2001, the District has occupied, and continues to

occupy, the space on the fourth floor of P Street pursuant to the First Addendum.

19. Since May 1, 2002, the District has occupied, and continues to occupy, the space on the fifth floor of P Street pursuant to the First Addendum.

20. As of August 31, 2003, the District owed CJG $194,863.88 in base rent and additional rent with respect to the space on the fourth and fifth floors occupied pursuant to the First Addendum, which amount the District has not paid CJG even after CJG made demand for such payment.

### Second Addendum to the Master Lease

21. On or about July 19, 2002, CJG and the District executed a second addendum ("Second Addendum") to the Master Lease for approximately 52,000 square feet of space on the first and sixth floors of P Street to be occupied by the District's Department of Human Services through August 31, 2011. The Second Addendum expressly incorporates and is subject to the terms of the Master Lease.

22. The District's Office of Corporation Counsel reviewed the Second Addendum and approved it "as to legal sufficiency."

23. The Second Addendum was executed by Douglas Jemal on behalf of CJG and Michael Lorusso on behalf of the District.

24. Pursuant to the Second Addendum, the District agreed to pay CJG base rent beginning at $34 per square foot for the first year and increasing gradually to $41.17 per square foot in the ninth year.

25. Under the Second Addendum, base rent and additional rent owed by the

District commenced on the date that build out construction was certified as substantially complete, which occurred on March 15, 2003.

26. As of August 31, 2003, the District owed CJG $1,048,855.89 in base rent and additional rent with respect to the space on the first and sixth floors of P Street to have been occupied pursuant to the Second Addendum, which amount the District has not paid CJG even after CJG made demand for such payment.

### Third Addendum to the Master Lease

27. On or about July 19, 2002, CJG and the District executed a third addendum ("Third Addendum") to the Master Lease for approximately 24,387 square feet of space on the lower level of P Street to be occupied by the District's New Economy Act Office through August 31, 2011. The Third Addendum expressly incorporates and is subject to the terms of the Master Lease.

28. The District's Office of Corporation Counsel reviewed the Third Addendum and approved it "as to legal sufficiency."

29. The Third Addendum was executed by Douglas Jemal on behalf of CJG and Michael Lorusso on behalf of the District.

30. Pursuant to the Third Addendum, the District agreed to pay CJG base rent beginning at $20 per square foot for the first year and increasing gradually to $23.43 per square foot in the ninth year.

31. Under the Third Addendum, base rent and additional rent owed by the District commenced on the date that build out construction was certified as substantially

12

complete, which occurred on March 15, 2003.

32. As of August 31, 2003, the District owed CJG $237,792.90 in base rent and additional rent with respect to the space on the lower level of P Street to have been occupied pursuant to the Third Addendum, which amount the District has not paid CJG even after CJG made demand for such payment.

### Fourth Addendum to the Master Lease

33. On or about August 20, 2002, CJG and the District executed a fourth addendum ("Fourth Addendum") to the Master Lease for approximately 77,360 square feet of space on the first and fifth floors of P Street to be occupied by the District's Department of Health and Department of Transportation through August 31, 2011. The Fourth Addendum expressly incorporates and is subject to the terms of the Master Lease.

34. The District's Office of Corporation Counsel reviewed the Fourth Addendum and approved it "as to legal sufficiency."

35. The Fourth Addendum was executed by Douglas Jemal on behalf of CJG and Michael Lorusso on behalf of the District.

36. Pursuant to the Fourth Addendum, the District agreed to pay CJG base rent for the first floor beginning at $31.75 for the first year and increasing gradually to 38.60 in the ninth year and for the fifth floor beginning at $34 per square foot for the first year and increasing gradually to $41.17 per square foot in the ninth year.

37. Since February 19, 2003, the District has occupied, and continues to occupy, space on the first floor of P Street pursuant to the Fourth Addendum.

13

38. Since March 15, 2003, the District has occupied, and continues to occupy, the space on the fifth floor of the P Street pursuant to the Fourth Addendum.

39. As of August 31, 2003, the District owed to CJG $1,233,683.82 in base rent and additional rent with respect to the space occupied pursuant to the Fourth Addendum, which amount the District has not paid CJG even after CJG made demand for such payment..

## Tenant Build Out Allowances

40. Each of the four lease addenda provided an allowance for tenant improvement construction costs, pursuant to which CJG agreed to build out the space pursuant to the District's specifications and the District agreed to pay CJG for all of the costs of such construction that exceeded the allowance provided in the addenda.

41. The District has exceeded the allowance for tenant improvement construction costs provided in the First, Second, and Fourth Addenda by $3,877,519.20.

## COUNT I)

### (Breach of Contract)

42. CJG realleges and incorporates the allegations in paragraphs 1 through 42 above.

43. The District has breached the Master Lease and is in default thereof by having failed to make required rental payments in the amount of $3,106,633.92, exclusive of late fees and other applicable charges, and by having exceeded tenant build out allowances in the amount of $3,877,519.20.

44. By letters dated July 24, 2003 and August 26, 2003, CJG made demand for

payment upon the District for all rents due and owing pursuant to the Master Lease, including the four addenda thereto.

45. As of the filing of this Counterclaim, the District has failed to remit sums due and owing pursuant to the Master Lease, including the four addenda thereto.

## COUNT II

### (Implied Contract – Unjust Enrichment)

46. CJG realleges and incorporates the allegations in paragraphs 1 through 42 above.

47. The District has been in possession and/or enjoyed the use of the lower level and the first, second, third, fourth, fifth, and sixth floors of P Street without making required rental payments to CJG.

48. CJG rendered valuable benefit to the District and the District knew that CJG expected to be paid for the rendering of such benefit.

49. The District has been unjustly enriched as a result of its possession and/or use of P Street to the detriment of CJG.

**WHEREFORE**, CJG respectively requests that the Court :

a. Enter judgment in favor of CJG and against the District;

b. Award CJG damages equal to the amount of base rent, additional rent, late fees, interest, and any and all other amounts owing to CJG under the Master Lease, including the four addenda;

c. Alternatively, award CJG damages equal to the amount by which the District has been unjustly unjustly enriched by its possession and/or use of P Street;

d. Award CJG the attorneys' fees and costs incurred by it in connection with this action; and

e. Award CJG such other relief as the Court may deem just and proper.

### JURY DEMAND

Defendants demand a trial by jury on all claims as to which a trial by jury may be had.

Dated: September 9, 2003

Respectfully submitted,

*[signature]*

John M. Dowd, D.C. Bar No. 003525
Jonathan S. Spaeth, D.C. Bar No. 394921
James C. Osborne, Jr., D.C. Bar No. 384814
Jeffrey M. King, D.C. Bar No. 461644
AKIN, GUMP, STRAUSS, HAUER & FELD, L.L.P.
1333 New Hampshire Ave, N.W.
Washington, D.C. 20036
(202) 887-4000
(202) 887-4288 FAX

COUNSEL FOR DEFENDANTS DOUGLAS DEVELOPMENT CORPORATION, CAYRE JEMAL'S GATEWAY L.L.C., AND DOUGLAS JEMAL

16

and

*/s/ Paul F. Kemp*
Paul F. Kemp, P.A.; D.C. Bar No. 922773
33 Wood Lane
Rockville, Maryland 20850
(301) 294-0460
(301) 294-4568 FAX

COUNSEL FOR DEFENDANT BLAKE C. ESHERICK

17

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing Answer and Counterclaim of Defendants Douglas Development Corporation, Cayre Jemal's Gateway L.L.C., Douglas Jemal, and Blake C. Esherick was served this 9th day of September 2003, by hand delivery and first class mail, postage prepaid, upon:

Robert J. Spagnoletti
Charlotte W. Parker
Arthur Parker
Corporation Counsel
441 4th Street, N.W., Suite 450-N
Washington, D.C. 20001