## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| _____ ) | |
| **UNITED STATES,** ) | |
| ) | |
| **v.** ) | **Crim. No.  05-0359-1, -2, -3 (RMU)** |
| ) | |
| **DOUGLAS JEMAL, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

### DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
### PRIOR, UNRELATED, SETTLED VENDOR/CONTRACTOR LAWSUITS

Defendants Douglas Jemal, Norman D. Jemal, and Blake Esherick

("Defendants"), through counsel, hereby move this Court, pursuant to Federal Rules of Evidence

402, 403, and 408, to exclude any evidence relating to nine settled lawsuits filed by various

vendors and contractors against Douglas Development Corporation and other entities owned by

Defendant Douglas Jemal (as found in Government Exhibits 690 through 698) for the following

reasons:  (1) the evidence is irrelevant; (2) the evidence involves efforts to compromise a civil

claim; and (3) any minimal probative value the evidence may have is substantially outweighed

by its prejudicial effect and the undue delay its introduction will cause at trial.

Defendants respectfully request oral argument on this motion.  A proposed Order is attached.

Respectfully submitted,

Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal

Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated:  July 5, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                        )
UNITED STATES,                          )
                                        )
         v.                             )         Crim. No.  05-0359-1, -2, -3 (RMU)
                                        )
DOUGLAS JEMAL, et al.,                  )
                                        )
                     Defendants.        )
_____)

MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS'
MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF
PRIOR, UNRELATED, SETTLED VENDOR/CONTRACTOR LAWSUITS

Defendants Douglas Jemal, Norman D. Jemal, and Blake Esherick

("Defendants"), through counsel, respectfully request that the Court, pursuant to Federal Rules of

Evidence 402, 403, and 408, prohibit the government from introducing at trial any evidence

relating to nine civil lawsuits (and/or the agreements to settle those lawsuits) brought by various

vendors and contractors against Douglas Development Corporation and other entities owned by

Douglas Jemal, which the government has marked as Government Exhibits 690 through 698.

The nine lawsuits do not relate to the allegations in the Indictment, and are

therefore irrelevant to any of the issues at trial, because they are not the basis of any of the

purportedly false invoices that Defendants allegedly submitted to the District of Columbia.

Additionally, because each of the lawsuits was settled, evidence relating to them or their

disposition constitutes exactly the kind of compromise of a disputed claim in a civil matter that is

deemed inadmissible by Rule 408.  Finally, the nine lawsuits and their settlements have no

probative value and their admission will, instead, mislead or confuse the jury, unduly delay the

trial, and cause substantial prejudice to the Defendants by suggesting that the Defendants are

prone to wrongdoing because they have been sued and agreed to settle lawsuits.

## I.    BACKGROUND

Defendant Douglas Jemal is the owner and president of Douglas Development

Corporation ("DDC"). Defendants Norman Jemal and Blake Esherick are respectively DDC's

Vice President and Director of Leasing. In early 2001, Michael Lorusso ("Lorusso") became the

Deputy Director of the District's Office of Property Management. The Indictment alleges that

the Defendants provided various things of value to Lorusso in order to influence a series of

official acts. A substantial portion of the official acts at issue relate to: (1) the District's lease

of, and payment of tenant improvement construction invoices for, space at two properties owned

by Defendant Douglas Jemal and managed by DDC: 77 P Street, N.E., Washington, D.C.

("P Street"), and 4800 Addison Road in Maryland ("Addison Road"); and (2) an attempt to cause

the District to sell to Defendants an historic firehouse at 438 Massachusetts Avenue (the

"firehouse").

The government has included on its preliminary exhibit list the court files for nine

civil lawsuits filed by eight different contractors or service vendors, marked as Government

Exhibits 690 through 698.[1] In essence, these lawsuits allege that DDC had not paid the

contractors for services rendered. The exhibits at issue consist of approximately 450 pages of

court documents. Each of the nine exhibits contains a complaint and an answer, and some of the

exhibits contain additional pre-trial pleadings, forms, or notations of docket entries.

---

[1] Because the government has not yet disclosed its final exhibit list, Defendants do not know whether the government intends to maintain the numbering system used in its post-Indictment production of documents to Defendants. For purposes of this motion, however, Defendants will refer to the nine exhibits at issue as Government Exhibits 690 through 698.

Some of these lawsuits involve facts that allegedly occurred in 1999 and 2000, *before* Lorusso even began working for the District of Columbia. Five of the lawsuits relate to services or materials allegedly provided at property locations *other than* 77 P Street, Addison Road, or the firehouse -- the three properties that are the subject of the Indictment. *None* of the nine lawsuits involve any invoice alleged to be false in the Indictment. *All* nine of the lawsuits were settled and dismissed after the parties reached a negotiated agreement.

Five of the Government Exhibits (Exhibits 691, 692, 693, 697, and 698) stem from disputes involving properties that are not mentioned in the Indictment:

- Exhibit 691 contains pleadings related to a lawsuit filed by Tri County Industries, Inc. against DDC regarding the removal of oil tanks and soil from 400 Massachusetts Avenue in March 2001, work for which plaintiff alleged it had not been paid by DDC. The work site is adjacent to but not the same as the firehouse referenced in the Indictment and accordingly there are no allegations in the lawsuit related to the proposed sale of the firehouse by the District to Mr. Jemal. The court file reflects that this action was settled and dismissed.

- Exhibit 692 contains pleadings related to a lawsuit filed by Adecco Employment Services, Inc. (a "temp" agency) alleging that DDC owed plaintiff $8,000 for temporary personnel provided to DDC in August 2000. The court file reflects that this action was settled and dismissed.

- Exhibit 693 contains pleadings related to a lawsuit filed by Nery & Sons Corp. alleging that DDC failed to pay for electrical supplies and services that plaintiff provided in the second half of 2000 at properties located on F Street and elsewhere, none of which are mentioned in the Indictment. The court file reflects that the parties reached an agreement to dismiss this action.

- Exhibit 697 contains pleadings related to a lawsuit filed by Washington Gas Light Company alleging that DDC failed to pay for public utility gas provided between February 2002 and June 2003 at 6856 Eastern Avenue, a property that is not the subject of the Indictment. The court file reflects that this case was settled and dismissed.

- Exhibit 698 contains pleadings related to a lawsuit filed by Pavement Design & Engineering Consultants, Inc. against DDC for paving and sealing work it allegedly performed in or around September 2000 at nine

named property sites, none of which are the subject of the Indictment. The action was settled and dismissed.

The other four Government Exhibits (Exhibits 690, 694, 695 and 696) contain documents relating to settled lawsuits arising from work performed by contractors at 77 P Street or Addison Road, but none of the work at issue is the subject of any invoice alleged in the Indictment to be false or inflated:

- Exhibit 690 contains pleadings related to a mechanics lien lawsuit filed by Stalker Brothers, Inc. against DDC and Cayre Jemal's Gateway (a partnership including Defendant Douglas Jemal) for drywall and similar work alleged to have been performed by plaintiff, but not paid for by defendants, at 77 P Street between July 1999 and August 2001. The parties negotiated a settlement and the case was dismissed.

- Exhibit 694 contains pleadings related to a lawsuit filed by Keystone Plus Construction Corp. against DDC for excavation work performed at Addison Road during the year 2000, which is prior to Lorusso's tenure with the District and prior to any alleged dealings between Defendants and the District about this property. The lawsuit was settled and dismissed, according to the court file.

- Exhibit 695 and 696 contain pleadings related to two similar lawsuits filed by Neco Construction Management Corp. against DDC for labor and materials plaintiff allegedly provided during the first half of 2001 at Addison Road, for which plaintiff had not been paid by DDC. The court files reflect that both lawsuits were settled and dismissed simultaneously.

## II.    ARGUMENT

### A.    Government Exhibits 690 Through 698 Are Irrelevant And Should Be Excluded Pursuant To Rule 402

The nine lawsuits that are the subject of Government Exhibits 690 through 698 are irrelevant to the allegations in the Indictment and therefore should be excluded pursuant to Federal Rule of Evidence 402, which provides that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402.

Specifically, Government Exhibits 691, 692, 693, 697, and 698 stem from vendor and contractor work that was not performed at 77 P Street, Addison Road, or the firehouse. The work was performed at properties that are not the subject of, nor even mentioned in, the Indictment. Additionally, three of these five lawsuits and settlements (Government Exhibits 692, 693, 698) predate the tenure of Lorusso, whom the Indictment alleges Defendants conspired to bribe. Thus, Government Exhibits 691, 692, 693, 697, and 698 are irrelevant and should be excluded.

Similarly, the remaining four Government Exhibits (690, 694, 695, 696), while stemming from work contractors performed at the properties 77 P Street or Addison Road, also do not involve any invoices referred to (or alleged to be false or inflated) in the Indictment. In fact, the work involved in the lawsuit contained in Exhibit 694 deals with allegations that entirely predate Lorusso's tenure with the District. Accordingly, the Court should not permit the government to use any of the nine Government Exhibits involving prior vendor/contractor lawsuits at trial.

**B.    Government Exhibits 690 Through 698 Reflect Prior Compromises Of
       Disputed Civil Claims And Are Thus Inadmissible Pursuant To Rule 408**

Even if the Court decides that any of the nine lawsuits are relevant, the Court nonetheless should preclude the government from introducing or referring to any of the lawsuits and/or their settlement at trial because their admission is barred by Federal Rule of Evidence 408. Rule 408 defines as inadmissible evidence relating to the compromising of a claim "which was disputed as to either validity or amount" in order "to prove liability for or invalidity of the

claim or its amount."  Fed. R. Evid. 408.[2]  As the U.S. Court of Appeals for the District of

Columbia Circuit has recognized, "[t]he subject of [Rule 408] is the admissibility of evidence (*in*

*a civil or criminal case*) of negotiations undertaken to 'compromise a claim' in a civil action

. . . ."  United States v. Graham, 91 F.3d 213, 218 (D.C. Cir. 1996) (citation omitted) (emphasis

added).[3]  Each of the nine lawsuits contained in the court files that comprise Government

Exhibits 690 through 698 contained claims and amounts that were disputed and ultimately

settled, as the court files reflect.  Thus, they are exactly the type of compromised claims or

amounts that Rule 408 defines as inadmissible.

> **C.**     **Government Exhibits 690 Through 698 Should Be Excluded Because Their Admission Would Cause Undue Delay And Substantial Prejudice To The Defendants At Trial**

If the Court permits the government to introduce Government Exhibits 690

through 698 (and any reference to the lawsuits or settlements that are the subject of those

Exhibits) at trial, Defendants will be required to expend significant time, call additional

---

[2] For a more complete discussion of authorities supporting the application of Rule 408 in this case, see Defendants' Memorandum Of Law In Support Of Its Motion *In Limine* To Exclude Evidence Of Prior Related Civil Lawsuit And Settlement, filed simultaneously with the instant motion.

[3] The Graham court held that Rule 410 rather than Rule 408 "address[es] the admissibility of evidence concerning negotiations to 'compromise' a [prior] *criminal* case," while the instant case involves the admissibility of evidence regarding settlement of a prior *civil* case, to which Rule 408 clearly applies.  See also Defendants' Memorandum Of Law In Support Of Its Motion *In Limine* To Exclude Evidence Of Prior Related Civil Lawsuit And Settlement (citing and discussing United States v. Hays, 872 F.2d 582, 589 (5th Cir. 1989) (admission of deposition excerpts explaining reasons for defendants entering into civil settlement agreement plain error under Rule 408); United States v. Bailey, 327 F.3d 1131, 1146 (10th Cir. 2003) (written civil settlement agreement between defendant and some of his business partners not admissible under Rule 408); United States v. Arias, 431 F.3d 1327, 1338 (11th Cir. 2005) (Rule 408 bars evidence of statement signed by defendant in response to state administrative complaint brought by Florida Department of Health against defendant's company which admitted liability and permitted the Department to enter a fine and final order)).

witnesses, and introduce additional exhibits to explain each of the different allegations in the nine lawsuits, as well as the reasons why each suit was settled, in order to counter the misleading impression the jury would be given by hearing about such lawsuits and settlements. Rule 403 is designed to preclude evidence that will cause this type of "undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

The introduction of Government Exhibits 690 through 698 would also cause unfair prejudice to the Defendants that substantially outweighs any minimal probative value of the Exhibits.[4]   The Court should exclude the nine exhibits because their cumulative nature (*i.e.*, indicating that DDC and other Douglas Jemal entities were sued on at least nine different occasions and on each occasion agreed to settle the lawsuit) will mislead and confuse the jury into drawing the improper conclusion that Defendants engaged in wrongdoing relating to their business. See Old Chief v. United States, 519 U.S. 172, 180 (1997) ("[t]he term 'unfair prejudice,' as to a criminal defendant, speaks to the capacity of some concededly relevant evidence to lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged."); see also United States v. Arias, 431 F.3d 1327, 1337 (11th Cir. 2005) ("permitting the admission of civil settlement offers in subsequent criminal prosecutions actually compromises the accuracy of the jury's determination").[5]

---

[4] A court may exclude relevant evidence pursuant to Rule 403 "if its probative value is substantially outweighed by the danger of unfair prejudice . . . ." Fed. R. Evid. 403.

[5] The government has not informed Defendants of the purpose for which it will offer Government Exhibits 690 through 698. The court files contained in each Exhibit are limited to basic pleadings like complaints and answers and a docket notation reflecting that the case was settled and dismissed. There is no discovery, depositions, or other factual development to indicate anything more about how government would use these lawsuits at trial. Defendants therefore reserve the right to supplement this motion once the government's intention is clear.

**III.    CONCLUSION**

        For the foregoing reasons, Defendants request that the Court exclude all evidence relating to the vendor/contractor lawsuits and settlement agreements that are the subject of Government Exhibits 690 through 698.

        Respectfully submitted,

        _____
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal

Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal

Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated:  July 5, 2006