## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 05-359-01, -2, -3 (RMU) |
| | : | |
| DOUGLAS JEMAL, ET AL. | : | |

### GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM MOUNTING CLAIM-OF-RIGHT DEFENSE TO FRAUD CHARGES

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully moves pursuant to Federal Rules of Evidence 402 and 403 for an order precluding the defendants from seeking to introduce evidence that no person or entity was harmed by the alleged frauds, from arguing that point directly to the jury, or in seeking to leave that impression with the jurors. That type of evidence or argument is commonly described as a "claim-of-right" defense, and courts have uniformly rejected efforts by defense counsel to inject such a defense into federal fraud trials.

A defendant is not entitled to resort to fraud as a means of "self-help" debt collection; and, for that reason, a defendant may not argue that he should not be convicted for a fraudulent scheme because the money he sought to obtain through fraud was legitimately owed to him. As explained by the Second Circuit:

> "If [petitioner's] theory of self-help were the law, anyone who believed that he
> was legally entitled to benefits from a pension plan, or an insurance policy, or a
> government program, but who was concerned that he or she might nevertheless be
> denied such benefits, would be given carte blanche simply to lie to obtain those
> benefits. Such a course of action would often be much easier than pursuing legal
> remedies through civil actions in court, and would guarantee success as long as
> the misrepresentation remained undiscovered. We will not encourage people to
> lie to obtain benefits rather than pursue their rights in civil actions. Such
> controversies may be resolved by civil suit or settlement, but cannot be won by
> using lies and deception."

United States v. Gole, 158 F.3d 166, 168-69 (2d Cir. 1998) (affirming conviction for mail fraud in rejecting claim trial court erred by preventing defense from raising claim-of-right defense), cert. denied, 526 U.S. 1078 (1999).   Though the Second Circuit referenced certain benefits frauds, the same reasoning applies to the submission of fraudulent loan requests or fraudulent invoices to obtain monies from the government:  that there may be off-setting obligations from the institutional victim to the defendant is irrelevant and does not excuse otherwise criminal conduct.

The appropriate remedy, then, and the one consistently followed by federal trial courts, is to preclude such evidence or argument from reaching the jury.  See United States v. Martin, 798 F.2d 308, 310 (8th Cir. 1986) (affirming fraud conviction where trial court denied defense motion to present defense that fraudulent transaction sought to obtain legitimately owed funds); United States v. Vitello, No. CR.03-555, 2004 WL 2496877, at *5-*8 (E.D. Pa. Nov. 2, 2004) (granting government motion in limine to preclude defense from presenting claim-of-right defense in fraud trial); see also United States v. Casey, 951 F.2d 892, 894 (8th Cir.1991) (affirming mail fraud and tax evasion convictions and rejecting defendant's claim that he was not guilty of fraud because he had $200,000 in unreimbursed expenses from the victim, and rejecting defendant's claim that he was not guilty of tax evasion because the government allegedly owed him $15,000), cert. denied, 504 U.S. 944 (1992); United States v. Richman, 944 F.2d 323, 330 (7th Cir.1991) (affirming mail and wire fraud convictions in rejecting defense claim that mail fraud requires "'that the defendant receive or intend to receive money or property in excess of an amount [he was] entitled to [receive].'") (quoting United States v. Ranke, 873 F.2d 1033, 1040 (7th Cir. 1989)).

Not only should claim-of-right evidence or argument be excluded under Rule 402 of the

Federal Rules of Evidence as legally irrelevant as a defense to a fraud charge; it should be

excluded under Rule 403 on the ground that it presents a "danger of unfair prejudice, confusion

of the issues, or misleading the jury, [and] by considerations of undue delay [and] of time * * *."

Fed. R. Evid. 403.

WHEREFORE, the government's motion should be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By:    _____

Mark H. Dubester
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

-3-

CERTIFICATE OF SERVICE

I hereby certify that, on this 10th day of July, 2006, I caused to be served by electronic filing a copy of the foregoing motion and following proposed order, to:

Michele A. Roberts, Esquire
Counsel for Douglas Jemal
Akin Gump Straus Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

Timothy G. Lynch
Assistant United States Attorney

-4-