UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
v.                                :   Crim. No. 05-359-01, -2, -3 (RMU)
                                  :
DOUGLAS JEMAL, ET AL.             :

### GOVERNMENT'S MOTION IN LIMINE TO PRECLUDE DEFENDANTS FROM INTRODUCING EVIDENCE OR ARGUING THAT OTHERS IN ADDITION TO MICHAEL LORUSSO WERE INVOLVED IN GOVERNMENT DECISIONS

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully moves pursuant to Federal Rules of Evidence 402 and 403 for an order precluding the defendants from seeking to admit evidence or suggesting to the jury that there was no bribery, conspiracy, or fraud because Michael Lorusso lacked complete, unilateral power to provide City contracts or things of value to Douglas Development Corporation.

The law is clear that it is no defense that a bribe recipient lacks the power to provide a requested official action, service, or contract. Thus, a bribe-giver "may be convicted of giving a bribe even when the recipient * * * lacked the power to" do what the bribe-giver requested. United States v. Anderson, 509 F.2d 312, 322 (D.C. Cir. 1974) (emphasis added), cert. denied, 420 U.S. 991 (1975); United States v. Gjieli, 717 F.2d 968, 973 (6th Cir. 1983) (bribery law applies to "bribers who erroneously perceived that the duties of a public official would give that official the authority to accomplish the desired act."); United States v. Dorri, 15 F.3d 888, 890 (9th Cir. 1994) (approving instruction that it was "not a defense to the crime of bribery * * * that the demand of something of value was made by the public official to influence an official act * * * that the public official did not have the authority, power, or ability to perform the act for which the thing of value was demanded or sought" (first deletion in text; second deletion added)).

These principles hold true even when a bribe recipient is a single member of a multi-member government board, agency, or legislative body. See United States v. Lopez-Lukis, 102 F.3d 1164, 1169 (11th Cir. 1997) (affirming fraud conviction involving bribery of single official in multi-member decision making body); Shushan v. United States, 117 F.2d 110, 115 (5th Cir. 1941) (affirming mail fraud convictions for scheme involving bribery of two members of board of commissioners where "the fact that the official who is bribed is only one of several and could not award the contract by himself does not change the character of the scheme").

Despite the clear law on this issue, defendants have indicated their intent to suggest to the jury that there was no bribery, fraud, or conspiracy because other government officials were involved in any decision or action taken by Mr. Lorusso. Thus, defense counsel stated:

> "We believe * * * that there is a bunch of exculpatory evidence out there that suggests that many of the officials in the District of Columbia, not Lorusso, handled and approved these transactions and more than that, that these transactions were important to the District of Columbia, that they benefitted from these transactions and, indeed, they got full value from the transactions.
> * * *
> We need to show who communicated with whom to put the lie to the allegation that Lorusso was the public official to get [a certain act] done."

United States v. Jemal, et al, Crim. No. 05-359 (RMU), Transcript of Motions Hearing, March 20, 2006, at 16.

The natural course of the trial will make clear that individuals in the D.C. government were involved in various degrees in Lorusso's decisions and actions. As examples, the attorneys for the (then) Office of Corporation Counsel reviewed certain of the leases for legal sufficiency (and not for financial merits). Similarly, some of the agency directors or other personnel were involved in the decision to move their agencies. At trial, the Government will naturally seek to prove that the defendants perceived Lorusso as having the apparent authority to take steps on

their behalf, and indeed, the facts will demonstrate that Lorusso was a critical, if not the only, D.C. government official involved in leasing decisions or other acts affecting the defendants.

But as the case law cited above makes clear, defendants are not permitted to argue directly or indirectly that it is a defense that Lorusso lacked the power to take acts for the defendants.

The government therefore respectfully requests that the Court order (1) that the defense not be permitted to argue or suggest that it is a defense that Lorusso lacked the ability to accomplish, by himself, some of the acts taken by the D.C. government; and (2) that the defense not be permitted to elicit testimony or other evidence that would, by its natural terms, tend to support such an argument, without a proffer by the defense and without leave of the Court.

WHEREFORE, the government's motion should be granted.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
Mark H. Dubester
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on this 10th day of July, 2006, I caused to be served by electronic filing a copy of the foregoing motion and following proposed order, to:

Michele A. Roberts, Esquire
Counsel for Douglas Jemal
Akin Gump Straus Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

_____
Timothy G. Lynch
Assistant United States Attorney