UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 05-359-01, -2, -3 (RMU) |
| : | |
| DOUGLAS JEMAL, ET AL. : | |

GOVERNMENT'S OPPOSITION TO
DEFENDANTS DOUGLAS JEMAL'S AND BLAKE ESHERICK'S
RENEWED MOTION TO SEVER COUNTS SIX, SEVEN AND EIGHT

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes yet another motion to sever Counts Six through Eight (the "Tax Counts") from the Indictment. In support of this Opposition, the Government submits:

The Tax Counts allege in clear and succinct terms that defendant Douglas Jemal, personally and through Douglas Development Corporation, provided Blake Esherick four types of unreported income: 1) checks directly to Esherick (occasionally recorded as "loans"); 2) payment of child support and other obligations directly to Esherick's ex-wife; 3) payments on Esherick's car loan; and 4) free housing. The Indictment provided substantial detail in support of these allegations, including approximate amounts of the value of each of these categories of income. Thus, for example, Count Six, Tax Evasion for 2001, alleged that the acts of evasion consisted of:

> I.  payments of $27,100 by check directly from Douglas Development to BLAKE C. ESHERICK's ex-wife * * *;
>
> ii. payments in excess of approximately $20,000 by checks directly from Douglas Development to BLAKE C. ESHERICK * * *;

    iii.    rent-free housing, to include utilities at the Bethesda house, of a fair market rental value of approximately of $2,000 per month * * *;

    iv.    payments in excess of $10,000 in the form of checks directly from Douglas Development as payments for an automobile personally owned by and used by BLAKE C. ESHERICK * * *.

As part of the discovery in this case, the government has provided the defense copies of the numerous Douglas Development checks that reflect the above categories of income. These have been marked with exhibit stickers as trial exhibits. Nearly all the underlying documents were produced in October 2005–about 9 months ago. In addition, the government produced to the defense copies of Douglas Development general ledgers, in which these checks were recorded. All these documents were obtained from Douglas Development and the contents of these documents have been well known to the defendants for years.

By phone call of June 27, 2006, defense counsel sought additional information related to these charges. (Presumably, prior to that date, the Indictment and discovery had provided ample notice, sufficient to permit preparation of the defense.) The very next day, June 28, 2006, the government provided the defense the Revenue Agent's Report and several supporting schedules that itemize and further summarize the categories of income payments set forth in the Indictment. These schedules closely track the dollar amounts in the Indictment.[1]

---

[1] Thus, for Count Six, the income amounts "disclosed" on the summary schedules are: $27,100 to Esherick's ex-wife (same as Indictment), $19,000 miscellaneous checks to cash (Indictment charges "approximately $20,000"), $11,911.50 in car payments (Indictment charges "payments in excess of $10,000") and $24,000 in free living quarters (same as Indictment).

The Report may be considered either a form of Jencks material of the Revenue Agent, in which case it is not due to be produced until after opening statement. Alternately, it could be considered a form of expert witness notification. As to this latter category, the government and defense had agreed to exchange such materials the week of July 6, 2006 to facilitate the preparation of the Joint Pretrial Statement. The government provided the Report earlier than was otherwise agreed to by the parties. Either way, the government's prompt production of the materials pursuant to specific defense request should be commended, not the subject of yet another severance motion.

The government expects that the Report and income schedules are, in fact, "final," and is proceeding on that basis. The government produced the Report and schedules to the defense with exhibit stickers affixed. However, when dealing with the organization and presentation of hundreds of checks in contemplation of the admission of such evidence at trial, the government recognizes that it may become necessary to fine-tune or make minor corrections to these summary schedules and the resulting tax computations. Thus, the fax transmittal sheet sent to defense counsel referenced that there may be "minor edits." In the context of the nature of the evidence at issue, it is wholly unreasonable to interpret this brief message on the fax cover page which transmitted these documents as suggesting that material changes are likely.

Finally, defendants' claims of prejudice are unsupported and, indeed, unsupportable. First, the materials at issue are hardly illuminating. Although they provide exact dollar amounts for the categories of income in lieu of the more general approximations set forth in the Indictment, and provide the bases for the government's determination of the precise tax due and owing, it is almost impossible to see how such information would actually impact pretrial

preparation. As noted, these exact amounts could have been derived from the discovery provided by the government, which consists of the underlying checks and records, even in the absence of the summary charts.

Second, for these reasons, it is noteworthy that the defense does not explain how it was actually prejudiced. Instead, the defense couches allegations of prejudice in truly conclusory and perfunctory terms. It is reasonable to conclude that the defense requested the Report and supporting schedules only when it saw a need for them, that the defense received these items promptly thereafter, and that its pretrial preparation has proceeded thereafter without interruption.

WHEREFORE, in that: 1) the Indictment and discovery have provided notice sufficient to permit the preparation of the defense; 2) the government promptly provided certain expert and summary materials upon specific request of said materials; and, 3) there is no showing of actual prejudice to the defense, the Government requests defendants' motion for severance be DENIED.

Respectfully submitted,

KENNETH L. WAINSTEIN
UNITED STATES ATTORNEY

By: _____
Mark H. Dubester
Timothy G. Lynch, D.C. Bar No. 456506
Assistant United States Attorneys
555 4th Street, NW
Room 5233
Washington, D.C. 20530
(202) 353-4862

CERTIFICATE OF SERVICE

    I hereby certify that, on this 10th day of July, 2006, I caused to be served by electronic filing a copy of the foregoing motion and following proposed order, to:

Michele A. Roberts, Esquire
Counsel for Douglas Jemal
Akin Gump Straus Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

_____
Timothy G. Lynch
Assistant United States Attorney