UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA :
:
v. : Crim. No. 05-359-01, -2, -3 (RMU)
:
DOUGLAS JEMAL, ET AL. :

GOVERNMENT'S REPLY BRIEF IN SUPPORT OF ITS
MOTION IN LIMINE TO LIMIT AND CONTROL
DIRECT EXAMINATION OF ANY CHARACTER WITNESSES

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully replies to defendants' opposition to the government's motion in limine requesting that the Court take appropriate steps to ensure that any defense character witnesses do not testify about specific instances of conduct.

Defendants object to the government's motion in large part on the ground that it is premature because they "have not yet determined what specific [character] evidence, if any, they intend to offer." See Defs. Opp. at 1.

But it is clear that this issue should be joined now, for two reasons. First, despite their protestations to the contrary, defendants fully intend to call character witnesses. Thus, they have requested that the Court instruct the jury on character witnesses. See Joint Pretrial Statement. Moreover, in their opposition, they contend that "[c]haracter evidence is of critical importance to a defense case," id. at 2, and that "Defendants are clearly entitled to present evidence of their good character at trial." Id.

But, second, and more importantly, the defendants put to rest any doubt about whether this issue is ripe because they have fully indicated their intent to flout the plain language of Rule 405. Thus, defendants brazenly assert that

> "in this case, testimony relating to specific instances of goodwill exhibited by Defendants toward, for example, the District of Columbia, would bear on their purported intent to defraud the D.C. Government and its citizens, as alleged in Count Three of the Indictment."

Defs. Opp. at 4.

Rule 405(a) specifically bars the defendants from eliciting direct-examination testimony from their character witnesses about specific instances of conduct, including "specific instances of goodwill." That point is not contested anywhere—not in the Rule, not in case law, not in the treatises—except, that is, in defendants' opposition. At most, they begrudgingly concede that "Rule 405(b) [sic] does not act as an absolute bar to the admission of specific instances of Defendants' good conduct." See id. at 3.

But, although in life absolutes are rare, Rule 405(a) <u>does</u> provide such an absolute bar to specific-instances testimony in a case like this, where character is not an essential element of a defense or charge.[1] Rule 405(a), which sets forth the methods of proving character, allows questions about specific instances of conduct <u>only on cross examination</u>. Thus, the drafters to Rule 405 note that "testimony of specific instances is not generally permissible on the direct examination of an ordinary opinion witness to character." Fed. R. Evid. 405(a), Advisory Comm. Note to 1972 Proposed Rules.

The defendants don't merely seek to skirt Rule 405(a); their effort to elicit testimony about "specific instances of goodwill" reveals an intent to ignore the heartland of this Rule. It would not be unreasonable to expect that they would offer the Court binding or at least persuasive authority for their "interpretation" of the Rule.

---

[1] Significantly, defendants do not contend in their opposition that character is relevant to an essential element or charge, such that Rule 405(b) would apply.

But defendants' two proffered authorities cannot bear the weight of their extreme position. First, defendants mistakenly seek refuge in language from the drafters of the Rule, who state that "opinion testimony on direct ought * * * [to] be confined to the nature and extent of observation and acquaintance upon which the opinion is based." See Defs. Opp. at 3 (quoting Fed. R. Evid. 405(a), Advisory Comm. Note to 1972 Proposed Rules). But the drafters plainly did not contemplate that testimony laying a foundation for the opinion would in itself allow the witness to testify as to specific instances of good conduct; for <u>in the very same paragraph</u> cited by defendants the drafters reaffirm that "testimony of specific instances is not generally permissible on direct examination * * *." See Fed. R. Evid. 405(a), Advisory Comm. Note to 1972 Proposed Rules.

Character witnesses may discuss the basis of opinion or the basis for their knowledge of a witness's reputation; but, they may do so only by speaking in general terms, <u>not</u> by testifying as to "specific instances of goodwill" as the defendants have indicated they intend to proceed.

The defendants' second authority—an unpublished, nonbinding case—provides no grounds to avoid the clear language of Rule 405(a). In that case, the Second Circuit affirmed a variety of fraud convictions in rejecting a contention that the trial court erred by excluding character witness testimony that was proffered as demonstrating the defendant's "good deeds and charitable works." <u>United States</u> v. <u>Nachamie</u>, Case No. 00-1806, 28 Fed. Appx. 13, 20-21, 2002 WL 108341 (2d Cir. Jan. 25, 2001). In doing so, the Court of Appeals noted that the trial court "did not err in limiting evidence of [defendant's] character" because character "was not an essential element of any of the charges against her." See <u>id.</u>; see also Rule 405(b) (allowing evidence of specific instances of conduct only when relevant to an "essential element of a charge,

claim, or defense"). The Second Circuit further rejected the defense challenge on the ground that it was factually inaccurate; for the trial court had allowed "some testimony as to specific instances" of defendant's charity where "[t]he government did not object to such testimony * * *." Nachamie, 28 Fed. Appx. at 21 & n.1.

But, contrary to defendants' assertions, see Defs. Opp. at 3, Nachamie does not stand for the proposition that trial courts have discretion to ignore the plain language of Rule 405(a) and allow specific instances of conduct. It only holds that the trial court did not err in that case when it admitted such evidence in the absence of objections and where the defense argument on appeal was that the trial court should not have placed any limit on specific-instance testimony.

Nachamie does not help the defendants here because the government does object to such testimony, and the Rule forbids it.

Indeed, the unpublished opinion in Nachamie is, if anything, consistent with the government's position and, even more importantly, consistent with the law of the Second Circuit. See, e.g., United States v. O'Connor, 580 F.3d 38, 43 (2d Cir. 1978). In O'Connor, the Second Circuit rejected an argument that the trial court had erred in precluding the defense from asking a witness about specific instances of the defendant's good character. Id. As the Court held,

> "[d]efense counsel had already elicited in general terms from the witness the information now sought to be made more specific. Much more importantly, the evidence should have been excluded in the first instance. Even the meat packers themselves could not have properly testified, over objection, as to appellant's non-receipt of bribes in their plants, because such testimony would in effect be an attempt to demonstrate appellant's good character by proof of specific good acts."

Id. The Second Circuit does not allow what the defendants have stated they intend to do. No circuit does; and that's because the plain language of Rule 405 bars such efforts.

   *     *     *

  When the government filed its motion in limine, it fully expected that the issue would be viewed as uncontroversial. After all, the language of Rule 405(a) is straightforward, and the authorities are clear. But, given the defendants' stated intent to ignore the plain language of the Rule, the government is left with no choice but to ask the Court to order, pretrial, that any and all direct examination questions of defense character witnesses be done strictly through leading questions specifically designed to avoid defense witnesses (or their counsel) from straying into specific instances of conduct. The government has, accordingly, drafted a revised proposed order to that effect.

  WHEREFORE, the government's motion should be granted.

              Respectfully submitted,

              KENNETH L. WAINSTEIN
              UNITED STATES ATTORNEY

By: _____
    Mark H. Dubester
    Timothy G. Lynch, D.C. Bar No. 456506
    Assistant United States Attorneys
    555 4th Street, NW
    Room 5233
    Washington, D.C. 20530
    (202) 353-4862

## CERTIFICATE OF SERVICE

I hereby certify that, on this 18th day of July, 2006, I caused to be served by electronic filing a copy of the foregoing motion and following proposed order, to:

Michele A. Roberts, Esquire
Counsel for Douglas Jemal
Akin Gump Straus Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

_____
Timothy G. Lynch
Assistant United States Attorney