UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES, <br><br> v. <br><br> DOUGLAS JEMAL, et al., <br><br> Defendants. | Crim. No. 05-0359-1, -2, -3 (RMU) |

**DEFENDANTS' OPPOSITION TO GOVERNMENT'S MOTION *IN LIMINE*
TO PRECLUDE DEFENDANTS' PROPOSED EXPERT TESTIMONY
OF BRUCE G. DUBINSKY**

Defendants Douglas Jemal, Norman Jemal, and Blake Esherick (collectively, "Defendants"), through counsel, oppose the government's Motion *In Limine* To Preclude Defendants' Proposed Expert Testimony of Bruce G. Dubinsky and submit as follows:

**I.    INTRODUCTION**

The government has mischaracterized Bruce G. Dubinsky's proposed expert testimony and on that basis, seeks to exclude it. In fact, as explained herein, Mr. Dubinsky's testimony will not focus on the law, as the government asserts. Rather, Mr. Dubinsky's testimony will focus on the reasonableness of Defendants' beliefs that they were not violating the tax laws. Such testimony is proper in a case such as this, where the element of willfulness is critical to the defense. The Court should deny the government's motion *in limine* and should allow Mr. Dubinsky's proposed testimony.

The Court also should deny the government's motion *in limine* because the government filed its motion late and without a compelling explanation, as is required by this Court's Standing Order. On July 7, 2006, Defendants provided their expert disclosure of Mr. Dubinsky to the

government. Pursuant to the Court's Standing Order, the government was required to file its motions *in limine* as part of the Joint Pretrial Statement, which was filed with the Court on July 18, 2006. The government did not file its motion *in limine* to preclude Mr. Dubinsky's until July 25, 2006. The government asserts that there is good cause for it to submit its motion after the filing of the Joint Pretrial Statement but offers no explanation of such cause. In fact, no such cause exists.

The government may attempt to assert that the one-page Notice of Intent to File Additional Motions *In Limine* that it submitted as part of the Joint Pretrial Statement reserved its right to file additional motions. This argument should fail. Even though the government alerted the Court of its intent to file additional motions *in limine*, the government did not offer a compelling explanation for its need to file motions late, either in its Notice of Intent or in its motion *in limine* to preclude Mr. Dubinsky's testimony. As such, the government has not met the requirements set forth in the Court's Standing Order

## II.   ARGUMENT

### A.   Defendants Are Entitled To Wide Latitude In The Introduction Of Evidence Showing Lack Of Intent.

The Government has charged Defendants Douglas Jemal and Blake Esherick with three counts of attempting to evade and defeat taxes and payment thereof in violation of 26 U.S.C. § 7201. To prove these charges, the government must prove the existence of a tax deficiency, an affirmative act constituting an evasion or attempted evasion of the tax due, and willfulness. *See Sansone v. United States*, 380 U.S. 343, 351 (1965). "Willfulness" requires the government to prove that the law imposed a duty on the defendants, that the defendants knew of this duty, and that they voluntarily and intentionally violated that duty. *See Cheek v. United States*, 498 U.S. 192, 201 (1991). Because the element of willfulness is critical to the tax counts, the Court

should allow Defendants to introduce evidence tending to show lack of intent. *United States v. Lankford*, 955 F.2d 1545, 1550 (11th Cir.) (citing *United States v. Garber*, 607 F.2d 92, 99 (5th Cir. 1979) (en banc) ("where the element of willfulness is critical to the defense, the defendant is entitled to wide latitude in the introduction of evidence tending to show lack of intent.").

B. A Good Faith Belief That One Is Not Violating The Law Tends To Show Lack Of Intent.

Evidence that the Defendants had a good faith belief that they were not violating the law demonstrates Defendants' lack of intent to violate the tax laws. *See Cheek*, 498 U.S. at 196 ("A good-faith misunderstanding of the law or a good-faith belief that one is not violating the law negates willfulness, whether or not the claimed belief or misunderstanding is objectively reasonable.") Because evidence of good faith belief is critical to the defense, and because Defendants are entitled to wide latitude in the introduction of evidence that demonstrates lack of intent, the Court should permit the introduction of such evidence.

C. Mr. Dubinsky Will Not Testify "As To The Law" And As Such, The Case Law Cited By The Government Is Inapposite.

Contrary to the government's assertions in its motion *in limine*, Mr. Dubinsky will not testify "as to the law." *See* Government's Motion *In Limine* To Preclude Defendants' Proposed Expert Testimony Of Bruce G. Dubinsky ("Government's Motion"), p. 2. Mr. Dubinsky will not testify "that United States v. X holds for a certain legal proposition…and that United States v. Y stands for yet a different legal proposition…." Government's Motion, p. 3. Nor will he testify to "his own reading of the statutes and regulations as interpreted by Treasury Decisions." *See* Government's Motion, pp. 2-3. Because the government has misconstrued Mr. Dubinsky's proposed testimony, the case law cited by the government in its motion *in limine* is inapposite. The government repeatedly cites case law that bars experts from testifying about the law. *See*

Government's Motion, pp. 5-8. But because Mr. Dubinsky will not testify about the law, the Court should ignore the case law cited by the government.

Rather that testify about the law, Mr. Dubinsky will testify about the reasonableness of Defendants' beliefs that they were not violating the tax laws. For example, Mr. Dubinsky will testify that it was reasonable for Mr. Esherick to consider the cash loans that Douglas Development Corporation made to Mr. Esherick to be loans to Mr. Esherick rather than wage income to him and that it was reasonable for Mr. Esherick to believe that the use of the houses on Radnor Road and Nevada Avenue was a gift to him from a friend rather than wage income to him. Such testimony is proper.

> D. Mr. Dubinsky's Testimony, Which Will Focus On The Reasonableness Of The Defendants' Beliefs That They Were Not Violating The Tax Laws, Is Proper.

Testimony about the reasonableness of Defendants' beliefs that they were not violating the tax laws is both relevant and proper. In *Lankford*, the government alleged that Richard B. Lankford had willfully filed false income tax returns. *See Lankford*, 955 F.2d 1545. During the trial, the defense attempt to offer expert testimony to show that Lankford might reasonably have believed that a $1500.00 check he received was a gift and therefore not taxable income, but the district court excluded this testimony. *Id.* at 1546. United States Court of Appeals for the Eleventh Circuit held that the district court had erred in excluding this testimony, stating, "[a]ny evidence concerning the reasonableness of Lankford's belief that the $1500 he received was a gift rather than taxable income is relevant to the determination of whether Lankford willfully violated the tax laws." *Id.* at 1550. The Eleventh Circuit elaborated, "evidence of a belief's reasonableness tends to negate a finding of willfulness and to support a finding that the defendant's belief was held in good faith....Expert testimony of the reasonableness of Lankford's belief would be highly relevant to the assessment of whether Lankford willfully

violated the tax laws." *Id.* at 1550-51. As in *Lankford*, expert testimony about the reasonableness of Defendants' beliefs that they were not violating the tax laws is highly relevant to the assessment of whether they willfully violated the tax laws and is proper.

> E. The Categorization Of Items As Gifts, Loans, Excludible Business Expense Reimbursements, Qualified Fringe Benefits, Or Income Is Not A Simple Matter.

Although the government asserts that Counts Six through Eight, the tax counts, "involve very straight-forward factual issues...." (Government's Motion, p. 1), in fact, "the categorization of items as either gifts[, loans,] or income is rarely a simple matter." *Lankford*, 955 F.2d 1551 at n. 14. Given the complicated nature of Federal tax law, expert testimony is proper to indicate whether Defendants' claimed belief is, in fact, reasonable. *Id.* at 1551. As in *Lankford*, where "Lankford testified that he believed the $1500 check was a gift that was not taxable [and] his expert's testimony revealed that a legitimate and well-founded legal analysis would have supported the reasonableness of that belief[,]" so, too, in this case will Mr. Dubinsky's testimony reveal that a legitimate and well-founded legal analysis will support the reasonableness of Defendants' beliefs.

> F. Mr. Dubinsky's Testimony Is Relevant And Defendants Will Provide An Additional Specific Proffer Of His Potential Testimony If The Court So Requests.

The government's final argument in its motion *in limine* is that Mr. Dubinsky's potential testimony is not relevant. As set forth above, Mr. Dubinsky's testimony is relevant – and admissible – as it will support the reasonableness of Mr. Esherick's beliefs that he was not violating the tax laws. If the Court so requests, the Defendants will provide an additional specific proffer of Mr. Dubinsky's potential testimony.

### III.   CONCLUSION

In addition to filing its motion *in limine* late, the government has mischaracterized Mr. Dubinsky's proposed testimony. In fact, Mr. Dubinsky's proposed testimony is proper. For the foregoing reasons, Defendants respectfully request that the Court deny the government's motion *in limine*.

Respectfully submitted,

*Carol Bruce /yms*

Paul F. Kemp (D.C. Bar # 922773)
Carol Elder Bruce (D.C. Bar #202200)
Lawrence B. Bernard (D.C. Bar #181636)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Counsel for Blake Esherick


Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

                                  Christopher B. Mead
                                  London & Mead
                                  1225 19th Street, N.W.
                                  Suite 320
                                  Washington, D.C.  20036
                                  (202) 331-3334

                                  Counsel for Douglas Jemal

Dated: August 7, 2006

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 7th day of August 2006, a true and complete copy of the foregoing was served via the Court's ECF filing system on the following:

Mark H. Dubester
Assistant United States Attorney
U.S. Attorney's Office for the
District of Columbia
555 Fourth Street, N.W.
Room 5917
Washington, D.C. 20001

Reid H. Weingarten
Erik L. Kitchen
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795

*Counsel for Defendant Douglas Jemal*

Michelle Roberts
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036

*Counsel for Defendant Douglas Jemal*

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036

*Counsel for Defendant Douglas Jemal*

Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005

*Counsel for Defendant Norman Jemal*

_____
Mara B. Zusman