# EXHIBIT C

# STEPTOE & JOHNSON LLP
### ATTORNEYS AT LAW

Brian M. Heberlig
202.429.8134
bheberlig@steptoe.com

1330 Connecticut Avenue, NW
Washington, DC 20036-1795
Tel 202.429.3000
Fax 202.429.3902
steptoe.com

August 15, 2006

By Electronic & U.S. Mail

Mark H. Dubester, Esq.
Timothy Lynch, Esq.
Assistant United States Attorneys
U.S. Attorney's Office for the
 District of Columbia
555 Fourth Street, NW, Room 5917
Washington, D.C. 20001

Re:   United States v. Douglas Jemal, et al., Crim. No. 1:05-cr-0359 (RMU)

Dear Mr. Dubester and Mr. Lynch:

I am writing regarding the witness list and Jencks issues that Judge Urbina encouraged the parties to agree upon prior to the August 24, 2006 status conference, which Michele Roberts and I discussed with you during our meeting today.

To summarize our prior correspondence on this issue, on August 14, 2006, I sent you an email stating that the Defendants would consider any reasonable stipulations and provide a witness list to the government, in exchange for:

1) A witness list to be provided immediately;

2) Jencks materials for all government witnesses to be provided immediately;

3) FBI 302s and/or grand jury transcripts relating to the *Brady* and *Giglio* disclosures contained in the government's Discovery Letter #11, without which the disclosures are incomplete (to include information on Grace Carr, Barbara Turner and Mary Myers, as well as any investigatory materials relating to the investigation of Mr. Lorusso's unauthorized credit card use by the FBI and/or the D.C. Auditor);

4) The "rough notes" of the interviews of Mr. Lorusso (including the September 8, 9 and 21, 2004 and November 8 and 10, 2004 interviews); and

5) Mr. Lorusso's plea agreement.

See Attachment A.

WASHINGTON   •   NEW YORK   •   PHOENIX   •   LOS ANGELES   •   LONDON   •   BRUSSELS

STEPTOE & JOHNSON LLP

Mark H. Dubester, Esq.
Timothy Lynch, Esq.
August 15, 2006
Page 2


You responded to my email on August 14, 2006, stating that the government is willing to consider (1) providing a witness list on August 21, 2004, and (2) providing Jencks materials for thirty (30) witnesses on September 4, 2006, one week prior to opening statements, with the balance of the Jencks materials to be provided after opening statements.[1] In exchange, the government proposed certain stipulations that you provided as attachments to your email. See Attachment B (email and proposed stipulations). In our meeting today, you clarified that the thirty witnesses are not necessarily the first thirty witnesses that the government intends to call, and that the government intends to withhold production of any Jencks material for current or former Douglas Development Corporation ("DDC") employees and DDC consultants or agents until after opening statements. You further indicated that these DDC employees or agents would not be called to testify during the first week of trial. You expressed your view that the government intends to withhold Jencks material for these individuals because the Defendants either have access to them or worked with them and should be familiar with their anticipated testimony. We informed you many former employees have declined to speak with defense counsel, and that we saw no basis to withhold Jencks material for these individuals other than tactical maneuvering.

This letter memorializes Defendants' positions on the issues raised by our prior correspondence and discussed during our meeting.

At the outset, we appreciate your willingness to engage in this dialogue and are hopeful that we can reach an agreement short of involving the Court in setting the government's disclosure obligations. Although we cannot accept your current witness list and Jencks disclosure proposal, we are willing to reach a substantial number of the requested stipulations if the government is willing to modify the disclosure schedule as set forth below.

We will accept a witness list on August 21, 2004, and believe that would give us sufficient time to prepare for trial.

We respectfully cannot accept the Jencks disclosure schedule that you have proposed. In a trial of this length, in which the government apparently intends to call more than thirty (30) witnesses, it is unreasonable to provide only a portion of the Jencks material a mere four days before commencement of jury selection. Although we believe the government should provide Jencks material immediately, we are willing to accept production of the Jencks material on August 21, 2004, the same day that the government discloses its witness list and three weeks prior to opening statements. In our experience, the government typically discloses Jencks materials in a trial of this length at least 30 days prior to trial. Under our proposal, the government would be providing Jencks disclosures three weeks prior to trial -- one week later than normal. We also cannot agree to a schedule in which the government withholds Jencks material for an undisclosed number of witnesses -- including all current and former DDC

---

[1] You also asked to keep Defendants' requests 3, 4 and 5 as separate matters, but informally agreed to provide Lorusso's plea agreement, declined to provide the additional Brady and Giglio material requested, and reserved on the request for the Lorusso "rough notes."

STEPTOE & JOHNSON LLP

Mark H. Dubester, Esq.
Timothy Lynch, Esq.
August 15, 2006
Page 3

employees and consultants who are anticipated to be significant witnesses at trial -- until after opening statements. Such a proposal has the potential to cause unnecessary delays in trial and appears to serve no other purpose than to attempt to catch Defendants by surprise or prevent effective trial preparation. In a trial of this length and nature, in which witness safety is not an issue, we have never experienced the government withholding Jencks material until after opening statements. Again, we request that all Jencks materials be disclosed on August 21, 2004, three weeks prior to trial.

In your email, you also state that the government will provide Jencks material only if the Defendants agree not to refer to anticipated testimony of government witnesses in opening statements. We respectfully cannot agree to limit the defense opening statements in this manner. In opening statements, we intend to describe the anticipated evidence, including what we expect government witnesses, such as Michael Lorusso, to say or not say at trial. Such argument will be derived in part from independent investigation and an evaluation of the documentary evidence in the case, and in part from the witness statements. We cannot agree to limit opening statements in the manner requested by the government. Indeed, we certainly expect the government to characterize the testimony it expects to elicit from witnesses in its opening statement. It would be unfair and unprecedented to limit defense counsel's ability to do so.

With respect to the proposed stipulations, we have some general observations and then will respond specifically using the heading numbers in the proposed stipulation. As it is currently drafted, the stipulation asks the Defendants to "waive any and all objections to the admissibility of the documents listed in the following five categories of documents . . . ." (emphasis added). In other words, the government appears to want the Defendants to agree to pre-admit broad categories of documents before the trial even begins. The Defendants are willing to stipulate to the authenticity of most of the documents listed in the stipulation, and in many cases to stipulate that the documents are business records for purposes of Federal Rule of Evidence 803(6). However, Defendants are not willing to stipulate that all of the records contained in the stipulation are relevant and therefore admissible. Many of the government exhibits at issue are overbroad, including several years of bank statements, returned checks, credit card statements and phone records for the Defendants and other witnesses. While Defendants are willing to stipulate to the authenticity and business record nature of those types of records, we do not believe they are all relevant and admissible at trial. The stipulation should be revised to cover authenticity and business record/hearsay issues only, while leaving issues of relevance and admissibility to be dealt with on an exhibit-by-exhibit basis during trial. Alternatively, if you are willing to narrow the records covered by the proposed stipulation or inform us of the government's theory of relevance, we would be willing to consider stipulating to the admissibility of specific documents. As current drafted, however, the stipulation covers thousands of pages of documents and Defendants cannot stipulate to the admissibility of such wholesale categories of records. Subject to this general objection, Defendants respond as follows to the specific requests at issue.

With respect to category I(1), the "business records" listed in Exhibit A, provided we can reach agreement on the witness list and Jencks disclosure issues, Defendants are willing to stipulate to the authenticity of all of the records in Exhibit A. Defendants are also willing to stipulate that the following government exhibits are business records pursuant to Federal Rule of Evidence 803(6): 4, 6, 7, 10, 11,

STEPTOE & JOHNSON LLP

Mark H. Dubester, Esq.
Timothy Lynch, Esq.
August 15, 2006
Page 4

13, 14, 15, 16 (minus the cover page), 17, 18, 19, 36, 37, 38, 38B, 38D, 40, 41, 42, 43, 50, 51, 52, 53, 54, 55, 57 (if a complete transcript is provided), 58, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 91, 92, 93, 94, 95, 218-22, 224, 227, and 228. Defendants contend that portions of the following exhibits are not business records and are therefore unwilling to stipulate that they are covered by Rule 803(6): 5, 8, 35, 39, and 44. Government exhibit 500 is incorrectly labeled as "Morgan Stanley loan records" when in fact it appears to contain records related to the commission pool. They do not appear to be business records and Defendants are not willing to so stipulate. Again, Defendants reserve the right to object to the relevance of documents in this category on an exhibit-by-exhibit basis.

With respect to category I(2), the search of 6001 Nevada Avenue documents, provided we can reach agreement on the witness list and Jencks disclosure issues, Defendants are willing to stipulate that the records at issue in government exhibits 200-213 and 750-756 are authentic and were obtained by the FBI during a search of 6001 Nevada Avenue, Washington, D.C. on February 23, 2005. Defendants are not willing to stipulate that the documents at issue are business records and reserve the right to object to the relevance of documents in this category on an exhibit-by-exhibit basis.

With respect to category I(3), the search of Douglas Development offices documents, provided we can reach agreement on the witness list and Jencks disclosure issues, Defendants are willing to stipulate that the records at issue in government exhibits 230-46 are authentic and were obtained by the FBI during a search of the offices of Douglas Development Corporation, 702 H Street, N.W., Washington, D.C. on February 23, 2005. Defendants are not willing to stipulate that the documents at issue are business records and, again, reserve the right to object to the relevance of documents in this category on an exhibit-by-exhibit basis.

With respect to category I(4), District of Columbia government documents obtained from the Office of Financial Records Management (OFRM) and the Office of Property Management, Defendants are not willing to stipulate to the authenticity of these records or that they are business records. Defendants also reserve the right to object to the relevance of documents in this category on an exhibit-by-exhibit basis.

With respect to category I(5), records produced by Douglas Development Corporation pursuant to grand jury and trial subpoenas, we note that the government has requested stipulations for approximately 149 exhibits covering thousands of pages of documents. Provided we can reach agreement on the witness list and Jencks disclosure issues, Defendants are willing to stipulate as to the authenticity of these documents but are not in a position at this time to stipulate that all of the records covered by this request are business records. As we discussed at our meeting, if the government is willing to compromise on the witness list and Jencks disclosure issues, we will endeavor to identify the records in this category that we can agree constitute business records. Again, Defendants reserve the right to object to the relevance of documents in this category on an exhibit-by-exhibit basis.

With respect to category II, provided we can reach agreement on the witness list and Jencks disclosure issues, Defendants are willing in principle to stipulate that the disc and transcript of Douglas Jemal's testimony before the D.C. City Council are a true and accurate recording and transcription of

STEPTOE & JOHNSON LLP

Mark H. Dubester, Esq.
Timothy Lynch, Esq.
August 15, 2006
Page 5

Mr. Jemal's testimony. However, we request an opportunity to review the disc and transcript before confirming this agreement.

With respect to category III(1), provided we can reach agreement on the witness list and Jencks disclosure issues, Defendants are willing to stipulate that the custodian of records for Boot Barn would testify that the writings on government exhibit 14, the Boot Barn invoice, describe the particular items referenced on that invoice. Defendants are not willing to stipulate to the second sentence of the request because the Boot Barn document custodian would have no basis to testify as to whether Mr. Jemal served in the military -- an irrelevant topic in any event. We understand that you may attempt to revise this stipulation and will of course consider any reasonable alternative.

With respect to category III(2), provided we can reach agreement on the witness list and Jencks disclosure issues, Defendants are willing to stipulate to the quoted language.

With respect to category III(3), Defendants are willing to stipulate to the requested information.

With respect to category IV, the government requests that the Defendants stipulate that "the documents excluded by Court Order" are authentic and satisfy the business records exception to the hearsay rule. Defendants cannot agree to this stipulation unless the documents are described with greater specificity. Defendants are willing to consider all reasonable requests for stipulations regarding authenticity. If the requested records appear to satisfy the business records exception to the hearsay rule, Defendants are also willing to consider requests for stipulations regarding the business record exception. In connection with the last paragraph of the proposed stipulation, Defendants are willing to consider in good faith any reasonable requests for stipulations as to authenticity and business records that come up during trial.

Defendants are willing to enter into these stipulations on the condition that the government agrees to reciprocate and honor any reasonable request for a stipulation that a record is authentic and a business record within the meaning of Federal Rule of Evidence 803(6). Of course, the government would always be free to object to the relevance of any exhibit proposed by the Defendants.

In sum, if the government is willing to modify the Jencks disclosure schedule in the reasonable manner described above, the Defendants are willing to enter into substantial stipulations regarding authenticity and the business records exception to the hearsay rule. We believe we should be able to resolve any remaining differences short of requiring the Court's intervention.

As we discussed, you will provide a response to our request for the Lorusso "rough notes" by close of business tomorrow. If the government declines to provide these materials, we intend to file a motion with Judge Urbina sufficiently far in advance of the August 24 status hearing to allow the government to respond.

Finally, we discussed that we are still missing certain exhibits and others remain on the government's index as "not yet marked." You agreed to clarify all outstanding document issues tomorrow.

STEPTOE & JOHNSON LLP

Mark H. Dubester, Esq.
Timothy Lynch, Esq.
August 15, 2006
Page 6

Please contact me if you have any questions about this letter. Thank you for your consideration.

Sincerely,

Brian M. Heberlig

Attachments

cc:   Counsel of Record (by email)

STEPTOE & JOHNSON LLP