UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Action No.: 05-0359 (RMU) |
| : | |
| DOUGLAS JEMAL, : | Doc. No.: 94 |
| NORMAN D. JEMAL, and : | |
| BLAKE C. ESHERICK : | **FILED** |
| : | |
| Defendants. : | AUG 2 4 2006 |
| | NANCY MAYER WHITTINGTON, CLERK |
| | U.S. DISTRICT COURT |

**ORDER**

On July 18, 2006, the parties filed a joint pretrial statement, which included the parties' proposed jury instructions. After considering the issues raised by the parties, the court concludes that it will give the following jury instructions:

**COUNT 2 (BRIBERY)**

1. *Govt's Instr. 1*: The court will give the bribery instruction before the conspiracy instruction.

2. *Govt's Instr. 2.8 - 2.13, Defs.' Instr. 27a - 27h (lesser included offense)*: The government's request to include the unlawful gratuities instruction during the preliminary instructions is denied. The court will decide at the end of the trial whether to include an instruction on unlawful gratuities and on conspiracy to pay unlawful gratuities.

3. *Govt's Instr. 2.0 - 2.6, Defs.' Instr. 20-26 (bribery and its elements)*: The court will give the Modern Federal Jury Instruction on bribery (including the purpose of the statute and the text of the statute), but modified as follows:

   (a) The court will include the language suggested by the defendants reminding

the jury of the government's burden of proof beyond a reasonable doubt.

(b) The court will decide at the end of the trial whether to read the indictment.

(c) The court will use the Defs.' Instr. 21 defining "something of value," without the proposed last sentence.

(d) The court will use the *Valdez* definition of "official act." The government may raise its challenge to this instruction should the outcome of the D.C. Circuit's en banc review invite reconsideration of the matter.

(e) The court will include an instruction based on Defs.' Instr. 25 stating that it is a defense to the charges that a defendant provided an item of value "because of a personal or social relationship." The court, however, will not use the word "corruptly," as suggested by the defendants in the 4th and 8th lines. After the first paragraph, the court will add the following language,cited by the case law used by the defendants:

> "A personal or social relationship with a government official that partially motivates a transaction does not insulate participants in an unlawful transaction from criminal liability. The evidence must suffice to permit a jury to find beyond a reasonable doubt that the unlawful purposes were of substance, not merely vague possibilities that might attend an otherwise legitimate transaction. A gift or favor bestowed on a public official solely out of friendship, to promote good will, or for motive wholly unrelated to influence over official action does not violate the bribery statutes."

4. ***Govt's Instr. 2.7, Defs.' Instr. 27 (unanimity)***: The government's objection to the defendants' proposed instruction is sustained.

5. ***Govt's Instr. 2.14 (bases of liability)***: The court will give the government's proposed instruction once, but it will not repeat it for each count.

## COUNT 1 (CONSPIRACY)

1. ***Govt's Instr.3.0 - 3.1, Defs.' Instr. 14-19 (conspiracy and its elements)***: The court will use Redbook Instruction 4.93.

2. ***Govt's Instr. 3.2 (lesser included offense)***: As stated *supra*, the court will decide at the end of the trial whether to include an instruction on conspiracy to pay unlawful gratuities.

3. ***Govt's Instr.3.3 (unindicted, unnamed or separately tried co-conspirators)***: The government's request is granted.

4. ***Govt's Instr. 3.4 (venue)***: The government's request for an instruction that the preponderance of the evidence standard governs questions of venue is granted. The defendant's request for a unanimity instruction with respect to venue is also granted.

## COUNT 3 (MAIL FRAUD)

1. ***Govt's Instr. 4.0 - 4.1, 4.3 - 4.9, Defs.' Inst. 28 - 29, 31 - 33 (mail fraud and its elements)***: The court will use the Modern Federal Jury Instruction for Mail Fraud, but the court will not read the indictment during the preliminary instructions. The court may, however, read the indictment as part of the final jury instructions. Although the court will read the statute, as recommended by the Modern Federal Jury Instructions, it will include the language proposed by the defendants in connection with the bribery instruction.

2. ***Govt's Instr. 4.2, 4.11 - 4.19, 4.21 Defs.' Instr. 28, 30 (two types of mail fraud)***: The Modern Federal Jury Instruction incorporates the concept of honest services fraud. Although court denies the government's request to include a separate instruction on honest services fraud, the court will include a short explanation that defines the concept

of honest services at the beginning of the instruction.

3. *Govt's Instr. 4.10 (claim of right defense)*: The government's request is denied, but it is subject to review at the conclusion of the evidence.

4. *Govt's Instr. 4.20 (good faith defense)*: The defendants' objection to this instruction is sustained. The court will use the defendants' proposed instruction # 52.

5. *Defs.' Instr. 34 (unanimity)*: The government's objections are sustained. The court will include an instruction stating that the jury must be unanimous on at least one theory of mail fraud. Because the parties have not provided adequate authority for the court to either grant or deny an instruction requiring unanimity as to one mailing, the court **ORDERS** the parties to submit briefs addressing this issue as to both mail and wire fraud in light of Redbook Instruction 2.72. The briefs are due on or before Monday, August 28, 2006, and oppositions to the briefs are due on or before Tuesday, August 29, 2006.

## COUNT 4 (D.C. FRAUD IN THE FIRST DEGREE)

1. *Govt's Instr. 5.0 - 5.3, Defs.' Instr. 35-39 (D.C. fraud and its elements)*: The court will read the government's proposed instruction 5.0, and it will also read the statute, as requested by the government. As requested by the defendants, the court will use Redbook Instruction 4.41.

2. *Defs.' Inst. 40 (unanimity)*: The defendants' request for a unanimity instruction is denied because the indictment only alleges conduct constituting one scheme.

## COUNT 5 (WIRE FRAUD)

1. ***Govt's Instr. 6.0-6.1, Defs.' Instr. 41 (introduction to wire fraud the wire fraud statute)***: The court will give the government's proposed instructions 6.0 and 6.1.

2. ***Govt's Instr. 6.2-6.4; Defs.' Instr. 42-46 (elements of wire fraud)***: The court will give the Modern Federal Jury instructions on Wire Fraud (44.01, 44.03, 44.07).

3. ***Govt's Instr. 6.5 (claim of right defense)***: The defendants' objection to the government's proposed instruction 6.5 is sustained, although the court does recognize that "claim of right" is not a defense cognizable in this case.

4. ***Govt's Instr. 6.6 (bases of criminal liability)***: The court will abstain from ruling on these proposed instructions until it considers the briefing regarding unanimity as ordered *supra*.

5. ***Govt's Instr. 6.7 (good faith defense)***: The defendants' objection to govt's proposed instruction 6.7 is sustained, and the court will give a general instruction (Defs.' Instr. 52) that good faith is a defense to all the charges.

## COUNTS 6-8 (TAX EVASION)

1. ***Govt's Instr. 7.0-7.6 (tax evasion and its elements), Defs.' Instr. 47-50***: The court will give the government's proposed instructions with the following exceptions:

    (a) The defendants' objection to the government's proposed instruction 7.0 is partially sustained in that the word "co-conspirators" will be stricken from this instruction.

    (b) The defendants' objection to the government's proposed instruction 7.2 is partially sustained in that the second element of the offense of Tax Evasion will read, ". . .

the defendants committed an affirmative act or acts constituting an evasion or attempted evasion of this tax, as detailed in the indictment . . ."

(c) The defendant's objection to the government's instruction 7.4 is overruled, except that the word "allegedly" will go after the word "tax" and before the word "owed" in the third line of the instruction.

(d) The govt's objection to defendants' proposed instruction 47 is sustained, and the government's language regarding "substantial portion of the tax owed" is adopted.

(e) The government's objection to the defendants' proposed instruction 48 is sustained, but with leave for the defendants to request this instruction at the end of the case.

(f) The defendants' objection to the government's proposed instruction 7.5 is partially sustained, in that court will give the government's proposed instruction 7.5, but it will delete the fourth paragraph of that instruction.

(g) The government's objection to the defendants' proposed instruction 49 is overruled.

(h) The defendants' objection to the government's proposed instruction 7.6 is sustained, in that the court will give defendants' proposed instruction 50. However, the government's objection to this instruction is partially sustained, and the court will substitute the word "wrongful" for "evil."

2. ***Govt's Instr. 7.7 (good faith defense)***: As stated *supra*, the court will give a general instruction that "good faith" is a defense to all the charges.

3. ***Govt's Instr. 7.8 (when the offense is completed)***: The court will add the following

language to the end of the first sentence: "I note the fact that merely because a charge is 'completed' does not necessarily mean that the offense charged had been completed."

4. ***Govt's Instr. 7.9-7.11 (specifics of tax law)***: The defendants' objection to the government's proposed instruction 7.9 is sustained. The court will instruct the jury using the language recommended by the defendants as an alternative. The defendants' objection to the government's proposed instruction 7.10 is partially sustained in that at the end of the first paragraph, the court will indicate that, "under certain circumstances, gross income may include items such as loans or gifts." The court will otherwise give the instruction as proposed. The defendants' objection to the government's proposed instruction 7.11 is partially sustained, and the last sentence of the government's instruction will be replaced by the following language: "this presumption may be rebutted by contrary evidence indicating that the non-payroll payment was, for example, a loan or gift."

5. ***Govt's Instr. 7.12-7.16 (tax law concepts explained)***: The court will give the following language as suggested by the parties:

    (a) The defendants' objection to the government's proposed instruction 7.12 is partially sustained in that the language of the third paragraph of the defendants' objection shall be added to the end of the government's proposed instruction 7.12.

    (b) The defendants' objection to the government's proposed instruction 7.13 is sustained. Pursuant to the defense's request, because the court has opted to use the government's proposed instruction, the court will add the language proposed in the defense's objection.

(c) The defendants' objection to the government's proposed instruction 7.14 is overruled, and the court will give the government's alternate proposal #2.

(d) The defendants' objection to the government's proposed instruction 7.15 is overruled in part, but as per the defendants' request, the court will add the last sentence proposed in the defendants' objection.

(e) The defendants' objection to the government's proposed instruction 7.16 is sustained, to the extent that the court will use the language proposed in the defendants' objection beginning with "Generally, the corporation employing an individual employee" and ending in "'controlled' by such a sole shareholder."

## ADDITIONAL INSTRUCTIONS

1. *Govt's Instr. 8.0, Defs.' Instr. 51 (aiding and abetting)*: The court will give the government's proposed instruction 8.0.

2. *Govt's Instr. 9.0 (causing an act to be done)*: The court will give the government's proposed instruction 9.0.

3. *Govt's Instr. 10.0 (Pinkerton charge)*: The defendants' objection to the government's proposed instruction 10.0 is sustained, subject to having the motion for the instruction to be given renewed at the end of the evidentiary presentation.

4. *Govt's Instr. 11.0 (preparation of witnesses)*: The defendant's objection to government's proposed instruction 11.0 is sustained in part and the last sentence of the instruction will be omitted.

5. *Govt's Instr. 12.0 (summary witness testimony)*: The court adopts the government's

proposed instruction as written.

6. ***Govt's Instr. 16.0 (submission of the indictment)***: The defendants' objection to the government's proposal for the submission of the indictment is overruled, subject to the defendants' submission of a cautionary instruction.

7. ***Defs.' Instr. 52 (good faith)***: The court will adopt the defendants' proposal as written.

**SO ORDERED**.

_____
Ricardo M. Urbina
United States District Judge