UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 05-359-01,-2, -3 (RMU) |
| | : | |
| DOUGLAS JEMAL, et al | : | |

GOVERNMENT'S MOTION FOR
JURY INSTRUCTION ON UNANIMITY

The United States, through its attorney, the United States Attorney for the District of Columbia, respectfully requests the Court instruct the jury on count two of the Indictment as to unanimity. The government has attempted to craft a non-controversial instruction that provides the jury guidance on this topic.

**Requirement for a Unanimity Instruction and Government's Proposed Instruction**.

Both parties, recognizing that the Indictment in count two charges "multiple bribes" for "multiple acts," asked the Court to provide a unanimity instruction. This Court did not accept either party's proposal.

The government respectfully requests that the jury be instructed on unanimity. Without such an instruction, it is conceivable that four jurors may believe the defendants committed the offense of bribery by giving the city official the Rolex wrist watch with the corrupt intent to influence official act A; four may find the defendants committed bribery by giving the city official cash with the corrupt intent to influence <u>two</u> official acts (B and C); and four may believe the defendants committed bribery by providing the city official <u>two</u> charged items (say, boots and the trip to Las Vegas) to influence the city official in the performance of <u>three</u> charged official acts (D, E and F). A verdict reached on that basis would not be unanimous, even if all 12 jurors determined that the defendants committed bribery within the various combinations of things of

value and official acts set forth in count two, thus rendering the verdict vulnerable on appeal.

The government thus requests the Court instruct the jury on count two as follows:

<u>REQUIREMENT OF UNANIMOUS VERDICT</u>

The Indictment charges that the defendant or defendants provided the city official numerous things of value with the corrupt intent to influence him in the performance of numerous official acts. You must be unanimous both as to a given thing or things of value, charged in the Indictment, that were given by the defendant or defendants to the official, and the official act or official acts, charged in the Indictment, that the defendant or defendants corruptly intended to influence.

\* \* \*

The defendants, though they find fault with certain aspects of the charging theory in the Indictment, fundamentally <u>do not disagree</u> that the offense of bribery may encompass the giving of a single or multiple things of value to a government official with the corrupt intent to influence multiple official acts, and the government's proposed unanimity instruction takes this into account. Thus, in their Reply Memorandum in Support of Defendants' Motion to Dismiss Counts One and Two of the Indictment for Failure to State an Offense, defendants affirmatively recognize that <u>bribery charges may be brought upon a showing that</u>:

> "(a) an item of value is given to a public official in exchange for several official acts, \*\*\*; or (b) several things of value are given to a public official in return for one specific official act, \*\*\*. Under the appropriate factual circumstances, <u>it is even possible for a single bribery charge to encompass multiple payments to a public official in return for multiple specific official acts</u>."

<u>Id</u>. at 7-8 (citations omitted) (emphasis added). In the cited language the defendants use the

phrase "in exchange for" or "in return for" when the actual proof required by law is that the thing or things of value be given "corruptly ... with intent to influence" an official act or acts[1]—thus recognizing that the focus of the offense is on the bribor's intent in providing the things of value, and that the offense may be committed even if the bribe recipient rejects the bribe or does not perform as the bribor contemplates. However, with that exception, the government does not disagree with the defendants' assertions as to the law and has incorporated them (indeed, it has closely tracked them) in its proposed unanimity instruction.

More importantly, this Court, in its ruling of March 7, 2006, affirmed the "multiple bribes for multiple acts" charging theory set forth in the Indictment. The Court stated:

> The government's theory of the case (that the quid pro quo requirement is satisfied so long as the evidence shows a course of conduct of favors and gifts flowing to a public official in exchange for a pattern of official actions favorable to the donor), which is based on the government's theory, assertion of the theory under United States v. Jennings, [160 F.3d 1006, 1014 (4th Cir. 1998),] is also sound.

United States v. Jemal, Crim. No. 05-359 (RMU), March 7, 2006 Hearing Tr. at 14. In its ruling, the Court noted that the defendants do not dispute this proposition: "Indeed, the defendants in their reply concede that it is 'possible for a single bribery charge,' and this is a quote, 'possible for a single bribery charge to encompass multiple payments to a public official in return for multiple specific official acts,' close quote, so long as the requisite nexus is shown." Id. at 16.

The government's proposed unanimity instruction—which accords with the expressed views of both the defendants and the Court—should thus be seen as a noncontroversial solution to the need for an instruction on this issue.

---

[1] Title 18, United States Code, Section 201(b)(1)(A).

WHEREFORE, the government requests the Court give the proposed unanimity instruction.

By: *[signature]*

KENNETH L. WAINSTEIN
DC Bar No. 451058.
UNITED STATES ATTORNEY

MARK H. DUBESTER, D.C. Bar No. 339655
TIMOTHY G. LYNCH, D.C. Bar No. 456506
ASSISTANT UNITED STATES ATTORNEY
555 Fourth Street, N.W., Room 5917
Washington, D.C. 20530
Ph. (202) 514-7986

CERTIFICATE OF SERVICE

     I hereby certify that I have caused to be sent by electronic filing a copy of the attached motion, to:

Michele Roberts, Esquire
Jeffrey M. King, Esquire
Counsel for Douglas Jemal
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esq.
Counsel for Blake C. Esherick
Venable LLP
One Church Street,
Rockville, MD 20850

Reid Weingarten, Esq.
Brian M. Heberlig
Erik L. Kitchen, Esquire
Counsel for Douglas Jemal
Steptoe and Johnson
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher Mead, Esq.
Counsel for Douglas Jemal
London & Meade
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stan McK. Brand, Esq.
Ross Nabatoff, Esq.
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

this 30th day of August, 2006.

                                                            Mark H. Dubester
                                                            Assistant United States Attorney
                                                            DC Bar No. 339655
                                                            555 Fourth Street, NW
                                                            Rm. 5917
                                                           Washington, DC 20001
                                                           (202) 514-7986