UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                )
**UNITED STATES,**              )
                                )
    v.                          )    Crim. No.  05-0359-1, -2, -3 (RMU)
                                )
**DOUGLAS JEMAL, et al.,**      )
                                )
        **Defendants.**         )
_____)

### DEFENDANTS' MOTION TO COMPEL THE GOVERNMENT TO IDENTIFY TRIAL EXHIBITS THE DAY BEFORE THEY ARE USED IN COURT

Defendants respectfully request that the Court order the government to identify the trial exhibits it intends to use in court no later than 7:00 p.m. the evening before the government intends to use the exhibits at issue. The Court's standing Order requires the parties to make any evidentiary motions, including objections to documentary evidence, by 7:00 a.m. on the day the issue is expected to arise. The Court has supplemented these procedures in this case, at the government's request, by requiring the parties to meet and confer after each Court day and notify the opposing party of any intent to file a motion by 9:00 p.m.

During the first two days of trial, the government has failed to give the defense notice of all of the exhibits it intends to use in Court the following day. As a result, the Defendants have been forced to raise objections in the jury's presence that have required side bars and wasted precious jury time. For instance, the government did not give the defense advance notice that it intended to attempt to admit GX 47 with Barbara Gill -- necessitating a lengthy side bar in front of the jury on the Bruton issues raised by the document.

The government's failure to provide advance notice of its exhibits has not disrupted the trial significantly thus far because the government has called no substantive

witnesses. However, Defendants anticipate that the government's gamesmanship could greatly disrupt the trial today. During the "meet and confer" after court yesterday, the government notified defense counsel that it intended to call former-Douglas Development accountant David Medding today and expected his testimony to last most of the day. Mr. Medding is the government's first substantive witness. There is no question that the government has been preparing for Mr. Medding's testimony for some time and knows full well what documentary evidence it will attempt to admit through Mr. Medding. Nonetheless, the government expressly declined to identify the government exhibits it intends to use with Mr. Medding during the "meet and confer" yesterday. As of the time this motion was filed, the government has failed to identify a single exhibit it plans to use with Mr. Medding. Thus, Defendants are left to speculate as to which of the more than 700 exhibits on the government's exhibit list might be at issue today.

        Defendants cannot comply with the Court's trial procedures if the government refuses to give advance notice of the exhibits it intends to use in court. Defendants understand that the government may need some time to get organized after court and finalize its list of exhibits to be used the following day. The government should be able to do so by 7:00 p.m., which would give the Defendants two hours to identify any evidentiary issues before the 9:00 p.m. deadline for providing notice of anticipated motions *in limine*.[1] This procedure would allow the parties to research and brief evidentiary issues for the Court instead of handling issues "on

---

[1] All the Defendants are seeking is a good faith list. If the government identifies additional documents after 7:00 p.m., it should give notice as soon as possible thereafter by phone or email. Of course, late notice by the government might make it impossible for the Defendants to comply with the 9:00 p.m. "meet and confer" rule.

the fly." Frankly, undersigned counsel cannot recall a trial in recent memory in which the party presenting its case-in-chief did not provide the opposing party with this basic courtesy.

For the foregoing reasons, the Court should order the government to identify any exhibits that it intends to use in court no later than 7:00 p.m. the evening before the government uses such exhibits in Court. Counsel for Douglas Jemal sought the government's consent to the relief sought in this motion but the parties were unable to reach agreement. A proposed Order is attached.

                                          Respectfully submitted,

/s/ Reid H. Weingarten
Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
(202) 429-3000

Michele A. Roberts
Jeffrey M. King
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal

- 4 -

        Stanley M. Brand
        Ross Nabatoff
        The Brand Law Group
        923 Fifteenth Street, N.W.
        Washington, D.C.  20005
        (202) 662-9700

        Counsel for Norman Jemal

        Paul Kemp
        Carol Elder Bruce
        Venable LLP
        575 7th Street, N.W.
        Washington, D.C.  20004
        (202) 344-4400

        Counsel for Blake Esherick

Dated:  September 13, 2006