UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, | ) )  ) |
| v. | ) Crim. No. 05-0359-1, -2, -3 (RMU) ) |
| DOUGLAS JEMAL, et al., | ) ) |
| Defendants. | ) ) |

### DEFENDANTS' MOTION *IN LIMINE* TO EXCLUDE CERTAIN GOVERNMENT WITNESSES PURSUANT TO RULE 403

The Court should preclude the government from calling certain individuals who engaged in failed lease negotiations at 4800 Addison Road because any probative value of their testimony is substantially outweighed by the waste of time and delay that would result from the presentation of such needless and cumulative evidence. The five witnesses at issue are: Ralph Haught, Mark Loesberg, Saul Goldfarb, Marie C. Thomas, and John Spivey. The government has notified Defendants that it intends to call Haught, Loesburg, Goldfarb and Thomas today. Accordingly, this issue is ripe for resolution by the Court.

The government apparently intends to call several witnesses who engaged in preliminary negotiations that did not result in lease agreements to rent portions of 4800 Addison Road for various purposes. These witnesses include tour bus operators, auto auction companies, and dirt and concrete companies that needed facilities. The few potential tenants the government has selected appear to have attempted to lease a portion of the 4800 Addison Road property for rental amounts lower than the District of Columbia paid to lease the impound lot. The government apparently contends that this testimony is relevant to show that the rent paid by the District for the impound lot was excessive.

The Court should exclude this testimony for several reasons. First, whether the rent paid by the District to lease 4800 Addison Road was excessive is an issue of marginal (if any) relevance to the case. Defendants understand from a review of the Jencks material that Mr. Lorusso does not contend that the rent paid by the District to lease 4800 Addison Road as an impound lot was excessive in any way. If Mr. Lorusso does not contend that he inflated the rent for the impound lot in return for things of value that he received from the Defendants, then the rental rate for the impound lot lease is irrelevant.[1] It follows that the Court should exclude all testimony from potential tenants at 4800 Addison Road regarding the terms of the leases that they proposed to Douglas Development but never executed.[2]

In addition, any probative value of this testimony is substantially outweighed by the waste of time and delay that would result from the presentation of such needless and cumulative evidence. Pursuant to Federal Rule of Evidence 403, a trial court "enjoys broad discretion to reduce 'undue delay, waste of time, or needless presentation of cumulative evidence.'" United States v. North Am. Reporting, Inc., 740 F.2d 50, 54 n.5 (D.C. Cir. 1984) (quoting Fed. R. Evid. 403); see also United States v. Am. Tel. & Telegraph Co., 83 F.R.D. 323,

---

[1] Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 provides that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402.

[2] Moreover, Defendants respectfully submit that by the time Mr. Lorusso has completed his testimony it will be abundantly clear that (1) the District was desperate to rent a suitable impound lot, and (2) many District officials senior to Mr. Lorusso approved the terms of the impound lot lease. Under these circumstances, the economic terms of the Addison Road lease appear to be both reasonable and known to all relevant decision-makers.

340 (D.D.C. 1979) ("The Federal Rules of Evidence grant substantial discretion to the Court with respect to the exclusion of needlessly repetitive testimony, whether written or oral.") (citing Fed. R. Evid. 403 & 611(a)).  Indeed, as one commentator has noted:

> The authority of the trial judge to exclude even relevant evidence on [the basis of Rule 403] serves vital and practical societal interests.  The court's time is a public commodity that should not be squandered.  Witnesses and jurors have private lives, and ought not to be asked to give more of their time than is necessary to resolve disputes.  A tireless or resourceful litigant should not have unlimited freedom to wear down his opponent by repetitious proof or unnecessary waiting.  In short, Rule 403 is evidence law's answer to the adage, "Enough is enough."

1 Christopher B. Mueller & Laird C. Kirkpatrick, <u>Federal Evidence</u> § 96 (2d ed.).

       In the exercise of this discretion, courts have often curtailed or excluded witness testimony on the grounds that it would result in undue delay of the trial, expend valuable time and judicial resources, or merely repeat testimony or evidence already presented.  <u>See</u> <u>North Am. Reporting</u>, 740 F.2d at 54 n.5 (affirming district court's exclusion of individual defendant's testimony in mail fraud case about specific instances of undercharging and the dollar amount thereof because "the prolonged enumeration of the numerous instances" of undercharging "would have created . . . undue delay" and "testimony regarding the actual dollar amount of the total alleged undercharges would have had no probative value"); <u>United States v. Beech-Nut Nutrition Corp.</u>, 871 F.2d 1181, 1194 (2d Cir. 1989) (affirming district court's exclusion of certain testimony and documents "on the ground that their relevance, if any, was outweighed by their propensity for confusion and their cumulative nature"); <u>United States v. Shelton</u>, 736 F.2d 1397, 1409-10 (10th Cir. 1984) (affirming district court's reduction in number of vendor witnesses permitted to be called by defendant in mail fraud case from 78 to 5 because "the

-3-

testimony of the other vendors would have been repetitious and cumulative"); <u>United States v. Guardia</u>, 955 F. Supp. 115, 118 (D.N.M. 1997) (excluding four government witnesses under Rule 403 because their testimony "add[s] little probative value to the testimony of the [other] witnesses but ha[s] the definite potential to confuse the jury and unnecessarily extend the trial").

The testimony at issue is needless and cumulative. To the extent the issue of the fair market value of the District's lease at 4800 Addison Road is relevant at all, the government intends to call in its case-in-chief two professional real estate appraisers who appraised the 4800 Addison Road property and who can testify about rental rates in the area. The testimony of the various dirt/concrete and bus company owners adds virtually nothing to this issue and would merely waste time.

Moreover, the comparison the government would like the jury to draw between the District's use of 4800 Addison Road and the proposed use of these other companies is unfair. This is truly an "apples to oranges" comparison. None of these companies (1) intended to use the property as an impound lot, (2) faced the pressure that the District faced to lease a new impound lot when they were negotiating with Douglas Development Corporation, (3) had angry constituents, or (4) ever even executed a lease with Douglas Development Corporation. As a result, the probative value of these draft lease proposals and unconsummated negotiations is virtually non-existent and the presentation of this evidence has the potential to confuse or mislead the jury.

Defendants respectfully submit that the government will waste the Court's time with the needless presentation of cumulative evidence if it calls these witnesses. Again, the five witnesses at issue are: Ralph Haught, Mark Loesberg, Saul Goldfarb, Marie C. Thomas, and

John Spivey.  The Court should preclude the government from calling these peripheral and unnecessary witnesses.

                                      Respectfully submitted,

/s/ *signature*

Reid H. Weingarten (D.C. Bar #365893)
Brian M. Heberlig (D.C. Bar #455381)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
 (202) 429-3000

Michele A. Roberts (D.C. Bar #337998)
Jeffrey M. King (D.C. Bar #461644)
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W., Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C.  20005
(202) 662-9700

Counsel for Norman Jemal

                    Paul Kemp
                    Carol Elder Bruce
                    Venable LLP
                    575 7th Street, N.W.
                    Washington, D.C. 20004
                    (202) 344-4400

                    Counsel for Blake Esherick

Dated: September 26, 2006