UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Criminal Action No. 05-359 (RMU) |
| : | |
| DOUGLAS JEMAL ET AL. : | |

### GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION IN LIMINE TO PRECLUDE CERTAIN GOVERNMENT WITNESSES PURSUANT TO RULE 403

The United States of America, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes defendants' motion in limine to preclude the government from calling certain witnesses.

As an initial matter, and in light of the extensive motions in limine briefing filed in connection with the Joint Pretrial Statement, the government respectfully submits that the defendants' motion should be denied because there is no compelling explanation for why it is being filed at this late date, when the government's resources are being directed at preparing witnesses. See Standing Order ¶ 9. Defendants have had the exhibits associated with the government's witnesses for months, and it has had the government's witness list for weeks.

### BACKGROUND

Central to the government's case is the contention that the defendants sought to bribe Michael Lorusso to obtain valuable D.C. Government leases. One was for 4800 Addison Road.

The defendants purchased the 4800 Addison Road property – a warehouse with a surrounding paved area – in late 1998 for $1.5 million. Over the next two years, their efforts to lease the paved area were met with futility. They made a series of attempts to lease this property (consisting of a paved lot surrounding a truck bay) for about $2000 - $3000 per acre per month,

or at an annual range of about $84,000 to $150,000 per year. They had done so for years, but there were no takers for this empty yard at that rate. This is corroborated by contemporaneous Douglas Development documents memorializing their offers.

The evidence of the unsuccessful efforts to market the property at the above mentioned rental rates establishes the true value of Michael Lorusso to the defendants (and their motive to bribe him); for in May of 2001 and in the period shortly thereafter, Lorusso agreed to lease the vacant space at 4800 Addison Road for a total amount of $1 million per year (nearly the purchase price for the entire property), at a price per acre (or price per square foot) substantially higher than the prices sought by the defendants from any other prospective tenant prior thereto. The defendants went from receiving nothing for this property–despite years of efforts--to receiving $1 million per year, all because of one man who negotiated the salient terms of the lease while their guest in Las Vegas.

The lease offers at issue are akin to "apples for apples." Despite some minor differences in terms–such as length of the proposed lease–in all but one instance, the leases involve the truck bay and surrounding acreage. Any differences in terms can be explored on cross-examination and are the sorts of differences the jury can easily appreciate.

Thus, the government's proposed testimony on the above topic establishes:

1) The defendants' ongoing efforts to lease the space at 4800 Addison Road;

2) The defendants' inability to do so over a period of years;

3) The actual price the defendants were affirmatively seeking to lease the space for;

4) The millions of dollars in value provided by Lorusso to the defendants by his agreeing to a lease terms far above what the defendants had ever sought from others; and,

    5)    The defendants' motives to bribe Lorusso for the reasons noted above.

Notably, after the D.C. Government left the impound lot in 2004, and despite the huge rise in real estate prices from 2001 through 2004, Douglas Development was back trying to market the property for about $150,000 in 2005 – just a fraction of what the city had paid. The government expects the evidence will support the attached (now draft) summary chart. (This chart will be modified if the testimony does not precisely come in evidence as expected.)

In short, the evidence will show that the defendants' lease offers to various prospective tenants—a very good indicator of the value the defendants placed on the property—were at such dramatically lower prices than the lease price negotiated by Michael Lorusso during his trip to the Bellagio Hotel in May 2001 that they provide an important demonstration of the value of the official acts Lorusso did for the defendants. Put simply, until Lorusso came around, the defendants had no interest from anyone in leasing the space around 4800 Addison Road for anything remotely near $1 million per year

The above evidence will be presented by a series of witnesses whose testimonies each should be no more than 20 minutes or so each on direct. Each will be asked to describe his or her business, describe why they had an interest in the Addison Road property, and describe the few interactions leading to the lease offer they received. The witnesses will each offer a short, to-the-point recitation of their negotiations with Douglas Development to lease space at 4800 Addison Road. The testimony of each witness is akin to that of Ms. Steinkamp, who as the Court will recall, testified to a discrete transaction involving Mr. Esherick.

Lorusso's negotiation of such a one-sided contract ($1 million dollars for empty space around a decrepit warehouse) while at the Bellagio Hotel is one of the official acts he took to

benefit the defendants. That some City officials may have been pleased to find an impound lot does not mean that Lorusso acted in the City's best interest when negotiating the price.

The defendants' arguments are wildly off the mark: for example, they continue to argue how the evidence does not bear on Lorusso's intent, when, of course, Lorusso's intent is not at issue; they argue that the evidence of what they offered to lease the space to others is not relevant because there will be expert testimony from appraisers, when, in fact, the appraisers will testify as to the market value for the sale of the property (that is, approximately $6.5 million compared to the $12 million offered by Lorusso– a separate issue), not the monthly rental rate; they argue that the city had a more compelling need for the Addison Road space than other potential tenants, a fact which, even if true, has nothing to do with the value of the D.C. Government lease to the defendants. They do not address the fact that the defendants had been completely unsuccessful in getting any tenants to that point despite numerous marketing efforts, and the relevance of the evidence on that point as well. As noted, the defendants' claims of delay and jury confusion are meritless, and the witnesses have discrete nuggets of testimony to identify discrete documents. Finally, the state of the evidence at this point belies any contention that the decision on lease terms was not made by Lorusso and Lorusso alone–Ms. Mitten made it clear that any other review by the City lawyers was for "legal sufficiency" only, and that agency personnel, such as personnel associated with the D.C. Department of Public Works, had little ability to appreciate or evaluate lease terms.

Thus, the core of the government's case for Addison Road is the value to the defendants in having Lorusso in their pockets. The proposed evidence is central to the government's case and speaks powerfully to this topic.

-4-

## CONCLUSION

Defendants' motion should be denied.

                                      KENNETH L. WAINSTEIN
                                      UNITED STATES ATTORNEY

By: _____
       Mark H. Dubester, D.C. Bar No. 339655
       Timothy G. Lynch, D.C. Bar No. 456506
       Assistant United States Attorneys
       555 4th Street, NW
       Room 5233
       Washington, D.C. 20530
       (202) 353-4862

CERTIFICATE OF SERVICE

    I hereby certify that, on this 26th day of September, 2006, I caused to be served by electronic filing a copy of the foregoing motion to:

Michele A. Roberts, Esquire
Jeffery M. King, Esquire
Counsel for Douglas Jemal
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, NW
Washington, D.C. 20036

Paul F. Kemp, Esquire
Counsel for Blake C. Esherick
Venable LLP
One Church Street, Fifth Floor
Rockville, MD 20850

Reid H. Weingarten, Esquire
Erik L. Kitchen, Esquire
Brian M. Heberlig, Esquire
Counsel for Douglas Jemal
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036

Carol Elder Bruce, Esquire
Lawrence B. Bernard, Esquire
Counsel for Blake C. Esherick
Venable LLP
575 Seventh Street, NW
Washington, D.C. 20004

Christopher B. Mead, Esquire
Counsel for Douglas Jemal
London & Mead
1225 19th Street, NW, Suite 320
Washington, D.C. 20036

Stanley McK. Brand, Esquire
Ross A. Nabatoff, Esquire
Counsel for Norman D. Jemal
Brand Law Group
923 15th Street, NW
Washington, D.C. 20005

                                            /s/ Mark H. Dubester
                                            Mark H. Dubester
                                            Assistant United States Attorney