UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| v. ) | Crim. No. 05-0359-1, -2, -3 (RMU) |
| ) | |
| DOUGLAS JEMAL, et al., ) | |
| ) | |
| Defendants. ) | |

**DEFENDANT'S MOTION *IN LIMINE* TO PRECLUDE THE GOVERNMENT FROM INTRODUCING TESTIMONY ABOUT THE AMOUNT OF RENT DOUGLAS JEMAL RECEIVED FROM HIS TENANTS AT 7910 RADNOR ROAD IN 2001 AND 2002 AND TO PRECLUDE THE GOVERNMENT FROM INTRODUCING MR. JEMAL'S PERSONAL TAX RETURNS FOR 2001 AND 2002 TO DEMONSTRATE THE AMOUNT OF RENT MR. JEMAL RECEIVED FROM HIS TENANTS AT 7910 RADNOR ROAD IN 2001 AND 2002**

Defendant Blake Esherick ("Mr. Esherick"), through counsel, hereby files this motion *in limine* to preclude the government from eliciting testimony that Douglas Jemal ("Mr. Jemal") indicated on his personal tax returns that he received $30,000 in rent from his tenants at 7910 Radnor Road in 2001 and $24,333 in rent from his tenants at 7910 Radnor Road in 2002. Mr. Esherick, through counsel, also files this motion *in limine* to preclude the government from introducing Mr. Jemal's personal tax returns for 2001 and 2002 for the purpose of demonstrating the amount of rent Mr. Jemal received from his tenants at 7910 Radnor Road in those years.

Counsel for Mr. Esherick has met and conferred with the government but the parties were unable to resolve the instant issue. In support of his motion, Mr. Esherick submits as follows:

**I.      INTRODUCTION**

In counts six, seven, and eight of the indictment, the government has charged that by allowing Mr. Esherick to live at 7804 Radnor Road, Mr. Jemal provided Mr. Esherick with rent-

free housing of a fair market rental value of approximately $2,000 per month. On September 26, 2006, at 9:00 p.m., the government indicated – for the first time since the inception of this case – that it intends to argue that the rent Mr. Jemal received from his tenants at 7910 Radnor Road was a proxy for the fair market value of 7804 Radnor Road. The government also indicated that it intends to introduce Mr. Jemal's personal tax returns for 2001 and 2002 to demonstrate that Mr. Jemal received $30,000 in rent from his tenants at 7910 Radnor Road in 2001 and $24,333 in rent from his tenants at 7910 Radnor Road in 2002. *See* government exhibit 85, page 4, and government exhibit 88, page 4, attached hereto as Exhibits A and B. The Court should preclude the government from eliciting this testimony and introducing these returns for the following reasons.

The government appears to be ignoring the fact that there are three Radnor Road properties at issue. All were owned by Mr. Jemal: Mr. Jemal lived at 7912 Radnor Road; Mr. Esherick lived at 7804 Radnor Road; and Mr. Jemal rented the third house, at 7910 Radnor Road.

The government has elicited no testimony that 7910 Radnor Road and 7804 Radnor Road were comparable properties. In fact, there has been no testimony about 7910 Radnor Road to date. Given the lack of testimony about 7910 Radnor Road, let alone any testimony as to its comparability to 7804 Radnor Road, evidence of rents received by Mr. Jemal for 7810 Radnor Road is wholly irrelevant.[1]

---

[1] Rule 401 of the Federal Rules of Evidence defines "relevant evidence" as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. 401. Rule 402 provides that "[e]vidence which is not relevant is not admissible." Fed. R. Evid. 402.

Moreover, testimony in the record is that the various properties owned by Mr. Jemal on Radnor Road were not comparable. Sabra Quinn testified that although 7912 Radnor Road was a standard ranch house like 7804 Radnor Road, 7912 Radnor Road had been renovated and included a cathedral ceiling. *See* Transcript of testimony of Sabra Quinn, Sept. 19, 2006, 1379:23-1380:25. George Myers testified that 7912 Radnor Road had a much larger garage than 7804 Radnor Road and was situated on a larger lot than 7804 Radnor Road. *See* Transcript of testimony of George Myers, Sept. 26, 2006, 2202:10-2203:2. Because testimony elicited by the government has shown that 7912 Radnor Road and 7804 Radnor Road are not comparable, the government certainly cannot argue that 7910 Radnor Road and 7804 Radnor Road were comparable.

## III.  CONCLUSION

Because the amount of rent that Mr. Jemal received from his tenants at 7910 Radnor Road in 2001 and 2002 is irrelevant, the Court should preclude the government from introducing testimony regarding the rent Mr. Jemal received for 7910 Radnor Road in 2001 and 2002 and should preclude the government from introducing Mr. Jemal's personal tax returns for 2001 and 2002 for the purpose of demonstrating the amount of rent Mr. Jemal received from his tenants at 7910 Radnor Road in those years.

Respectfully submitted,

Paul F. Kemp /MB
_____
Paul F. Kemp (D.C. Bar # 922773)
Carol Elder Bruce (D.C. Bar #202200)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Counsel for Blake Esherick

September 27, 2006