UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, | ) |
| | ) |
| v. | ) |
| | ) |
| DOUGLAS JEMAL, et al., | ) |
| | ) |
| Defendants. | ) |

Crim. No.  05-359-1, -2, -3 (RMU)

**DEFENDANTS' MOTION FOR JUDGMENT OF ACQUITTAL
AS TO COUNT EIGHT (TAX EVASION)**

Defendants Douglas Jemal and Blake Esherick ("Defendants"), through counsel, hereby

move this Court, pursuant to Federal Rule of Criminal Procedure 29(a), for a judgment of

acquittal on Count Eight of the Indictment because the evidence is insufficient to sustain a

conviction on those counts.  Defendants respectfully request oral argument on this motion.  A

proposed Order is attached.

Respectfully submitted,

Paul F. Kemp (D.C. Bar # 922773)
Carol Elder Bruce (D.C. Bar #202200)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Reid H. Weingarten
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036-1795
(202) 429-3000

Michele A. Roberts
Jeffrey M. King
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C.  20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C.  20036
(202) 331-3334

Counsel for Douglas Jemal

Dated:  October 14, 2006

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>DOUGLAS JEMAL, et al.,<br><br>Defendants. | )<br>)<br>)<br>)    Crim. No. 05-0359-1, -2, -3 (RMU)<br>)<br>)<br>)<br>)<br>) |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION FOR
JUDGMENT OF ACQUITTAL AS TO COUNT EIGHT (TAX EVASION 2003)**

Defendants Douglas Jemal ("Mr. Jemal") and Blake Esherick ("Mr. Esherick"), through

counsel, respectfully move the Court to enter a judgment of acquittal with regard to Count Eight

(Tax Evasion 2003) of the Indictment pursuant to Federal Rule of Criminal Procedure 29.

**I.      THE RULE 29 STANDARD**

Federal Rule of Criminal Procedure 29(a) provides in relevant part:

> After the government closes its evidence or after the close of all
> the evidence, the court on the defendant's motion must enter a
> judgment of acquittal of any offense for which the evidence is
> insufficient to sustain a conviction.

Fed. R. Crim. P. 29(a). In considering a Rule 29 motion, the court must grant relief "when the

evidence . . . is such that a reasonable juror must have a reasonable doubt as to the existence of

any of the essential elements of the crime." United States v. Payton, No. 81-1792, 1982 U.S.

App. LEXIS 21154, at *8 (D.C. Cir. Mar. 9, 1982) (citing United States v. Staten, 581 F.2d 878,

882 (D.C. Cir. 1978) (citation omitted)). While the evidence must be viewed in the light most

favorable to the government, the Court is required to take a "hard look at the evidence and

accord the government the benefit of only 'legitimate inferences.'" United States v. Recognition

Equip., Inc., 725 F. Supp. 587, 588 (D.D.C. 1989) (noting that the court should not "indulge in

fanciful speculation or bizarre reconstruction of the evidence" when considering a Rule 29

motion). "'The trial judge should not allow the case to go to the jury if the evidence is such as to

permit the jury to merely conjecture or to speculate as to defendant's guilt.'" United States v.

Morrow, No. 04-355 (CKK), 2005 U.S. Dist. LEXIS 11753, at *11 (D.D.C. June 13, 2005)

(quoting United States v. Bethea, 442 F.2d 790, 792 (D.C. Cir. 1971)).

   In resolving this motion, the Court should consider all evidence presented in the

government's case-in-chief and on cross-examination of the government's witnesses. United

States v. Brodie, 403 F.3d 123, 133-34 (3d Cir. 2005). Defendants contend that the Court should

grant this motion immediately due to the lack of sufficient evidence to sustain a conviction.

However, if the Court reserves decision on this motion under Rule 29(b), the Court must later

resolve this motion solely on the basis of the evidence at the time the ruling was reserved without

consideration of any evidence that may be presented in the defense case-in-chief. Fed. R. Crim.

P. 29(b); see also United States v. Wahl, 290 F.3d 370, 375 (D.C. Cir. 2002).

   For the reasons more fully set forth below, Rule 29 requires this Court to enter a

judgment of acquittal on Count Eight (Tax Evasion).

**II.    26 U.S.C. § 7201 and 18 U.S.C. § 2**

   Count Eight charges that Mr. Jemal and Mr. Esherick attempted to evade and defeat

taxes, and payment thereof, in violation of 26 U.S.C. § 7201 and aiding and abetting and causing

an act to be done in violation of 18 U.S.C. § 2.

   26 U.S.C. § 7201 states,

> Any person who willfully attempts in any manner to evade or
> defeat any tax imposed by this title or the payment thereof shall, in
> addition to other penalties provided by law, be guilty of a felony
> and, upon conviction thereof, shall be fined not more than

$100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

18 U.S.C. § 2 states,

> (a) Whoever commits an offense against the United States or aids, abets, counsels, commands, induces or procures its commission, is punishable as a principal.
> (b) Whoever willfully causes an act to be done which if directly performed by him or another would be an offense against the United States, is punishable as a principal.

Specifically, the government has alleged that during 2003, Mr. Jemal and Mr. Esherick willfully attempted to evade or defeat income tax due and owing by Mr. Esherick by failing to make an income tax return to the Internal Revenue Service by April 15, 2004; by failing to pay income tax by April 15, 2004; by concealing and attempting to conceal the true and correct income of Mr. Esherick for 2003; and by causing Douglas Development Corporation to pay taxes to the Internal Revenue Service on the $66,000 paid to Mr. Esherick through the company's payroll. *See* Indictment, Count Eight, paragraphs 3-3(D).

## III.    THE GOVERNMENT ELICITED NO TESTIMONY THAT MR. JEMAL AND MR. ESHERICK WILLFULLY ATTEMPTED TO EVADE OR DEFEAT ANY TAX, OR THE PAYMENT THEREOF, DUE AND OWING BY MR. ESHERICK

The government has elicited no testimony that Mr. Jemal and Mr. Esherick willfully attempted to evade or defeat any tax due or owed by Mr. Esherick, nor has the government put on any evidence that Mr. Jemal and Mr. Esherick aided and abetted each other in evading or defeating any tax due or owed by Mr. Esherick. The government failed to elicit evidence that Mr. Jemal and Mr. Esherick engaged in any conduct that would establish a willful attempt to evade taxation. *See United States v. Bishop*, 264 F.3d 535 (5th Cir. 2001). In Bishop, the court observed that

- 3 -

> A wide range of conduct can support a finding of willful attempt to
> evade taxation, for instance: keeping a double set of books, making
> false entries or alterations, creating false invoices or documents,
> destroying books or records, concealing assets or covering up
> sources of income, handling one's affairs to avoid making the
> records normally accompanying transactions of a particular kind,
> any conduct likely to mislead or conceal, holding assets in others'
> names, providing false explanations, giving inconsistent statements
> to government agents, failing to report a substantial amount of
> income, a consistent pattern of underreporting large amounts of
> income, or spending large amounts of cash that cannot be
> reconciled with the amount of reported income.

Id. at 550. In the instant case, the government introduced only one piece of evidence and elicited

only one piece of testimony regarding Mr. Esherick's tax obligations in 2003, neither of which

remotely resembles the type of willful evidence described in Bishop. The government

introduced Government Exhibit 7-R as evidence of the existence of a Form W-2 for Mr. Esherick

for 2003 (Trial Transcript ("Tr.") at 651:11-19) and has elicited testimony from Jeanne Moisa, a

representative from the Internal Revenue Service, that Mr. Esherick filed his tax return for 2003

on June 30, 2005. Tr. at 611:11-15

> Q. Okay. When was the return filed?
> A. June 30 of 2005.
> Q. And just from your experience, when would the return
> normally have been due?
> A. April 15 of – is this the 2003 year? It would be 2004.

The introduction of Government Exhibit 7-R and Ms. Moisa's testimony are insufficient

to prove that Mr. Jemal and Mr. Esherick willfully attempted to evade or defeat any tax. The

evidence the government put on regarding taxes for Mr. Esherick in 2003 relates only to Mr.

Esherick's late filing of his tax return for 2003. Such late filing might be a violation of 26

U.S.C. § 7203, if proved. But the Defendants are not charged with violating of Section 7203.

They are charged with violating Section 7201. Although "[t]he difference between willful

failure to pay a tax when due, which is made a misdemeanor, and willful attempt to defeat and

- 4 -

evade one, which is made a felony, is not easy to detect or define," the Supreme Court has explained the difference.  See Spies v. United States, 317 U.S. 492, 497 (1943).  The Supreme Court has held that "willful but passive neglect of the statutory duty may constitute the lesser offense, but to combine with it a willful and positive attempt to evade tax in any manner or to defeat it by any means lifts the offense to the degree of felony."  Id. at 499.  In Spies, there were multiple categories of evidence which the government claimed would support an inference of willful attempt to evade or defeat tax:  "…petitioner insisted that certain income be paid to him in cash, transferred it to his own bank by armored car, deposited it, not in his own name but in the names of others of his family, and kept inadequate and misleading records."  Id. at 499-500.

Here, the government charged Mr. Jemal and Mr. Esherick with violating § 7201, not § 7203.  Under the government's theory, every § 7201 prosecution would become a § 7203 prosecution.  The Code does not contemplate such a conflation of § 7201 and 7203; rather, it specifically distinguishes between an attempt to evade or defeat tax (§ 7201) and a willful failure to file a return, supply information, or pay tax (§ 7203).  In the instant case, the government has elicited no testimony regarding any "willful and positive attempt" to evade tax or defeat it and has elicited no testimony of any items of evidence which would support such an inference.  The Court should not permit the government to proceed with Count Eight because its evidence does not establish willful evasion, as charged.

## IV.    CONCLUSION

Because the evidence adduced by the Government is insufficient, as a matter of law, to sustain a conviction of the Defendants under Count Eight, Mr. Jemal and Mr. Esherick respectfully request that this Court enter a judgment of acquittal with regard to that Count pursuant to Federal Rule of Criminal Procedure 29.

Respectfully submitted,

Paul F. Kemp (D.C. Bar # 922776)
Carol Elder Bruce (D.C. Bar #202200)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Counsel for Blake Esherick


Reid H. Weingarten
Brian M. Heberlig
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036-1795
 (202) 429-3000

Michele A. Roberts
Jeffrey M. King
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal


October 14, 2006