UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES,           ) | |
|           ) | |
|    v.          ) | Crim. No. 05-359-1, -2, -3 (RMU) |
|           ) | |
| DOUGLAS JEMAL, ET AL.,           ) | |
|           ) | |
|    Defendants.          ) | |

**REPLY MEMORANDUM IN SUPPORT OF
DEFENDANTS' MOTION FOR JUDGMENT OF ACQUITTAL
ON COUNT THREE FOR FAILURE TO ESTABLISH A PROPER MAILING**

The Court should grant a judgment of acquittal on Count Three because the government has failed to prove any proper mailing in furtherance of the alleged scheme to defraud. The credit card statements and payments at issue (a) were irrelevant to the ultimate success or continuation of the alleged scheme, and (b) would have occurred irrespective of the alleged scheme to defraud.

The government's almost exclusive reliance on United States v. Woodward, 149 F.3d 46 (1st Cir. 1998), in its opposition is misplaced because the alleged scheme and mailings here are readily distinguishable from those at issue in that case. The defendant in Woodward was a Massachusetts legislator who engaged in a mail fraud scheme to deprive citizens of his honest services by accepting gratuities from a lobbyist. The relevant mailings were the lobbyist's monthly credit card bills. In upholding the defendant's conviction, the court held that if the lobbyist did not pay his credit card bill, "his credit line would have been terminated and the gratuities could not have continued . . . ." 149 F.3d at 65. In sharp contrast, the Defendants here clearly had the means to pay for items of value in cash and could have continued to do so even if

their credit lines had been terminated. Thus, the credit card mailings were not a necessary part of the ongoing scheme.

In addition, the credit card at issue in <u>Woodward</u> was a <u>corporate</u> credit card. <u>Id.</u> at 52. The court found it noteworthy that the corporate credit card bills would not have been mailed "but for the fraudulent scheme" -- indicating that the lobbyist's corporate credit card was used solely to purchase the gratuities provided to the legislator and contained no other personal charges. <u>Id.</u> at 65 n.10 (distinguishing the mailings at issue from other cases in which mailings that would have been mailed regardless of the scheme were deemed insufficient). Notably, the Supreme Court in <u>Schmuck</u> made the same observation. 489 U.S. 713 n.7 (mailings were "derivative" of the scheme to sell doctored vehicles "and would not have occurred but for that scheme"). In contrast, the mailings at issue here would have occurred irrespective of the alleged scheme to defraud because the credit cards at issue were the Jemals' <u>personal</u> credit cards that were used to make a number of other purchases during the relevant months that independently resulted in monthly statements that required payment.

For the foregoing reasons, the Court should enter a judgment of acquittal on Count Three of the Indictment because the government has failed to prove a proper mailing in furtherance of the alleged scheme to defraud.

      Respectfully submitted,

      _____
      Reid H. Weingarten (D.C. Bar #365893)
      Brian M. Heberlig (D.C. Bar #455381)
      Steptoe & Johnson LLP
      1330 Connecticut Avenue, N.W.
      Washington, D.C. 20036-1795
      (202) 429-3000

Michele A. Roberts
Jeffrey M. King
Akin Gump Strauss Hauer & Feld LLP
1333 New Hampshire Avenue, N.W.
Washington, D.C. 20036
(202) 887-4306

Christopher B. Mead
London & Mead
1225 19th Street, N.W.
Suite 320
Washington, D.C. 20036
(202) 331-3334

Counsel for Douglas Jemal


Stanley M. Brand
Ross Nabatoff
The Brand Law Group
923 Fifteenth Street, N.W.
Washington, D.C. 20005
(202) 662-9700

Counsel for Norman Jemal


Paul Kemp
Carol Elder Bruce
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4400

Counsel for Blake Esherick

Dated: October 16, 2006