UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES, )<br>)<br>v. )<br>)<br>DOUGLAS JEMAL, et al., )<br>)<br>       Defendants. )<br>) | Crim. No. 05-359-1, -2, -3 (RMU) |

**DEFENDANT'S REPLY TO GOVERNMENT'S OPPOSITION TO
DEFENDANT'S MOTION FOR JUDGMENT OF ACQUITTAL
AS TO COUNT FOUR (FRAUD IN THE FIRST DEGREE)**

Defendant Blake Esherick ("Defendant"), through counsel, replies to the government's Opposition to Defendant's Motions For Judgment Of Acquittal And Motion To Dismiss ("Opposition") as it applies to Count Four (Fraud in the First Degree).

Despite the government's argument to the contrary, the fact remains that the evidence in the record is such that a reasonable juror must have a reasonable doubt as to the existence of the essential elements of the crime alleged. Specifically, a reasonable juror must have a reasonable doubt that Mr. Esherick created and submitted, or caused to be created and submitted, the $38,000 invoice ("Invoice"), that Mr. Esherick acted with intent to defraud the District of Columbia, and that the Invoice is false and fraudulent.

The government argues that

> …a reasonable juror could conclude [Mr. Esherick] prepared or directed the preparation of the invoice for the following reasons
> - A contemporaneous memorandum specifically states that he prepared it;
> - It was found in his computer files;
> - He had a relationship with Michael Lorusso, to whom it was submitted, and it was the sort of invoice -- undated, unsigned,

> unnumbered and unsupported– that Esherick would conclude he
> could submit to Lorusso and have paid despite its obvious
> defects[.]

Government's Opposition to Defendants' Motions for Judgment of Acquittal and Motion to Dismiss ("Opposition") at 58-59. None of the points raised by the government are sufficient to eliminate the reasonable doubt that necessarily must exist as to whether Mr. Esherick created and submitted the $38,000 invoice ("Invoice") or caused the Invoice to be created and submitted.

First, contrary to the government's assertion, there is no "contemporaneous memorandum" that states that Mr. Esherick prepared it. Government Exhibit 492, which presumably is the document that the government is referencing, is an email from Carla Burr to Sabra Gould dated August 8, 2001. The email states, "When Blake had you [Ms. Gould] bill the Tenant for the Elevator Damage, did he give you any back-up for the invoice?" There is no indication in the email that Ms. Burr is referencing the Invoice. Certainly the email does not "specifically state[]" that Mr. Esherick prepared the Invoice.

Moreover, what the government leaves out – and the reason why the government's argument must fail – is that the only evidence in the record, which is from Ms. Gould herself, is that it was probably Paul Millstein, not Blake Esherick, that prepared the invoice.[1] See Memorandum Of Law In Support of Defendant's Motion For Judgment Of Acquittal As To Count Four (Fraud In The First Degree) ("Motion") at 4.

Second, even though the Invoice was found in Mr. Esherick's computer file, the government's own expert in computer forensics testified that this fact does not mean that Mr.

---

[1] In another section of the government's Opposition, the government describes Ms. Gould's testimony as follows: "…she occasionally prepared documents for Millstein…." See Opposition at 14 (emphasis added). This statement grossly understates the significance of what Ms. Gould testified. Ms. Gould's actual testimony, which was that it was probably Paul Millstein who directed her to create the Invoice, exonerates Mr. Esherick. See Tr. at 1444:14-23.

Esherick created the Invoice. Susy Hwang testified,

> Q. And there was no security protection on the network that prevented one used from accessing another user's folder, correct?
> A. I'm not a hundred percent sure on that, but the way it was set up, it seemed everyone could share and save files to any other folder.
> Q. So for instance, Blake Esherick created a document, he could save it in the Douglas Jemal folder, correct, to use an example?
> A. Yes.
> Q. And likewise if a secretary created a document, she could save it in the Blake Esherick folder?
> A. That's also correct.
> Q. And no special permission was needed for that secretary to save a document in Mr. Esherick's folder, correct?
> A. No.

Trial Transcript ("Tr.") at 1131:6-1132:17. Thus, the record is clear; every reasonable juror must have a reasonable doubt as to whether Mr. Esherick created or caused to be created the Invoice.

Not only is the record devoid of evidence that Mr. Esherick created or caused to be created the Invoice, there also is no evidence of any intent to defraud the District at the time the Invoice was created. As Mr. Esherick argued in his Motion, the plethora of evidence that the government elicited about whether Douglas Development Corporation <u>ultimately</u> had to pay for the work done to repair the damage caused by the movers (or whether subcontractors never bothered to charge Douglas Development Corporation for their work) cannot be considered as evidence of the intent of the individual who created and submitted the Invoice to defraud the District of Columbia. <u>See</u> Motion at 5-6.

Accordingly, the Court should enter a judgment of acquittal with regard to Count Four.

Respectfully submitted,

/s/
Paul F. Kemp (D.C. Bar # 922773)
Carol Elder Bruce (D.C. Bar #202200)
Venable LLP
575 7th Street, N.W.
Washington, D.C. 20004
(202) 344-4000

Counsel for Blake Esherick

October 16, 2006