UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES, | ) |
| v. | ) Crim. No. 05-359-1, -2, -3 (RMU) |
| DOUGLAS JEMAL, et al., | ) |
| Defendants. | ) |

REPLY TO GOVERNMENT'S OPPOSITION TO
DEFENDANTS' MOTION TO CORRECT AND
SUPPLEMENT JURY INSTRUCTIONS

Defendants Douglas Jemal and Blake Esherick ("Defendants"), through counsel, hereby reply to the government's motion.

**Instruction 7.8:** The defense does not object to the government's request that the middle sentence of the instruction, beginning with "I note the fact ...." be deleted.

**Instruction 7.10:** The defense does object to the government's request that the additional proposed language (two sentences) be modified so as to state, in one sentence, "Certain gifts and loans – as I shall define those terms for you – are excluded from gross income." No such caveat is included in the instruction proposed by the government and accepted by the Court on the definition of income. Both sentences proposed by the Defendants are critical.

The first sentence – "As a matter of law, gifts and loans of any amount are excluded from gross income" – is important because it states the proper tax treatment of gifts and loans. The defense theory of the case is that the checks to Barbara Gill, the payments to and for the benefit of Mr. Esherick, and the rent-free use of the houses were loans or gifts to Mr. Esherick. It is

critical that the jury instructions include a statement of the law as to the proper tax treatment of gifts and loans.

The second sentence – "Upon receipt of gifts or loans, a donee has no obligation to report the receipt of the gifts or loans on his tax returns" – is important because it clarifies confusing testimony by Jennifer Abbott, the government's expert on income tax calculations and an Internal Revenue Service employee. Ms. Abbott testified in response to the question whether a recipient of a gift has to pay any tax, "Under the $22,000, no, otherwise I don't know." *See* Trial Transcript at 4064:2-3. This statement by Ms. Abbott is confusing and should be clarified by the Court in the jury instructions. The sentences proposed by the Defendants make clear that gifts and loans are excluded from income and that the recipient of gifts or loans does not need to pay tax on those gifts or loans and does not need to report those items on his or her tax return.

**Instruction 7.13:** The Defendants are willing to accept the government's proposed instruction with certain revisions. The following paragraphs contain the instruction proposed by the government and the revisions proposed by the Defendants:

> There has been evidence that certain of the payments for cars used by Mr. Esherick were paid by Douglas Development, and that Mr. Esherick claimed personal tax deductions for the business use of the vehicles. There has also been evidence that Douglas Development accounted for the expenses on at least one of the vehicles in a manner consistent with Douglas Development being the owner of the vehicle, even though title was in Mr. Esherick's name.
> The issue as to whether the payments on the vehicles was intended to be compensation, and the extent of said compensation, is a matter that rests exclusively with the jury.
> You may consider that the cars were titled in Mr. Esherick's name, the fact that Douglas Development made payments on the cars, and that Mr. Esherick claimed a deduction for the business use of his vehicles. You may also consider, that there is evidence that the vehicles were for business purposes and at least one of the vehicles was treated as a depreciable asset on Douglas Development's books.
> You should consider all the evidence to determine whether the payment by Douglas Development of the automobile loans constituted income to Mr. Esherick.

Deleted: 's automobile loan obligations
Deleted: , on the one hand,
Deleted: monthly payments on the vehicles were Mr. Esherick's obligations
Deleted: amounts paid by
Deleted: went towards the payment of his personal indebtedness
Deleted: he
Deleted: ¶
Deleted: on the other hand,
Deleted: vehicle or
Deleted: used in
Deleted: and the extent that

In addition, this instruction should include the two sentences regarding good faith belief that we inadvertently deleted when we red-lined the instructions and that are included in the other instructions regarding specific items, namely, "If you find that Blake Esherick and Douglas Jemal believed the company payments on behalf of Blake Esherick were not income to Blake Esherick, however unreasonable such belief may be, you must acquit the Defendants. If a defendant has a good faith belief that a transaction does not constitute taxable income, he cannot be guilty of tax evasion, even if his belief was mistaken."

**Instruction 7.14:** The government's objection to the Defendants' proposed language appears to be based on the concern that the Defendants' proposed instruction fails to include language explaining that housing provided by an employer is included from gross income. In fact, however, the instruction already includes three paragraphs of instructions on this point. The Defendants' proposed language clarifies that if the jury finds that the housing was provided to Mr. Esherick not by Douglas Development Corporation but by Douglas and/or Norman Jemal, then the value of the housing is not considered income to Mr. Esherick. This proposition is a key element of the Defendants' theory of the case and the Court should include jury instructions on this proposition.

Further, contrary to the government's argument, the final two paragraphs proposed by the Defendants are accurate statements of the law: if the jury finds that the rent-free use of the houses was a gift, then the gift recipient has no obligation to report the value of the gift and has no federal income tax or gift tax liability as a result of the gift; if the government fails to prove beyond a reasonable doubt that the rent-free use of the houses was provided by Douglas Development Corporation rather than by Douglas and/or Norman Jemal, then the use of the houses does not constitute income to Mr. Esherick; and if a defendant has a good faith belief that

- 3 -

a transaction does not constitute taxable income, then he cannot be guilty of tax evasion, even if his belief was mistaken.

If the government believes that a concept is missing from the last paragraph, we request that the government draft a section for the parties to review.

**Instruction 7.16:** Contrary to the government's argument that "federal law could not be more clear: it says that gifts from an employer to an employee simply are not excluded from gross income – it makes no exception for close friends or otherwise innocent intent of the donor and donee," case law indicates that in fact, there is not a bright-line test for distinguishing gifts from compensation payments under the Code. Instead, the gift-compensation determination "must be based ultimately on the application of the fact-finding tribunal's experience with the mainsprings of human conduct to the totality of the facts of each case." *See Lane v. United States*, 286 F.3d 723, 729 (4th Cir. 2002) (citing *Commissioner v. Duberstein*, 363 U.S. 278, 284-85 (U.S. 1960)).

Accordingly, Defendants suggest that an instruction be given that incorporates both the Defendants' and the government's concerns. The instruction could read as follows:

> As I already have instructed you, gifts are not income to the recipient of the gifts and the recipient of gifts need not report the gifts on his tax return. Amounts transferred by or for an employer to, or for the benefit of an employee, are not considered gifts, if they are given in the context of the employer-employee relationship.
> If you find that Douglas Jemal and/or Norman Jemal allowed Mr. Esherick to use the houses in the course of their personal relationship, then the use of the houses was a gift to Mr. Esherick. If you find that Douglas Development Corporation allowed Mr. Esherick to use the houses, then the use of the houses was income to Mr. Esherick.
> If you find that Mr. Jemal and Mr. Esherick believed the use of the houses was not income to Mr. Esherick, however unreasonable such belief may be, you must acquit the Defendants. If a defendant has a good faith belief that a transaction does not

constitute taxable income, he cannot be guilty of tax evasion, even if his belief was mistaken.

                Respectfully submitted,

                ___/s/_____
                Paul F. Kemp (D.C. Bar # 922773)
                Carol Elder Bruce (D.C. Bar #202200)
                Venable LLP
                575 7th Street, N.W.
                Washington, D.C. 20004
                (202) 344-4400

                Counsel for Blake Esherick


                Reid H. Weingarten
                Brian M. Heberlig
                Steptoe & Johnson LLP
                1330 Connecticut Avenue, N.W.
                Washington, D.C. 20036-1795
                (202) 429-3000

                Michele A. Roberts
                Jeffrey M. King
                Akin Gump Strauss Hauer & Feld LLP
                1333 New Hampshire Avenue, N.W.
                Washington, D.C. 20036
                (202) 887-4306

                Christopher B. Mead
                London & Mead
                1225 19th Street, N.W.
                Suite 320
                Washington, D.C. 20036
                (202) 331-3334

                Counsel for Douglas Jemal

Dated: October 17, 2006