UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| UNITED STATES, ) | |
| ) | |
| v. ) | Crim. No. 05-359-1, -2, -3 (RMU) |
| ) | |
| DOUGLAS JEMAL, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' MOTION FOR RECONSIDERATION
### OF JURY INSTRUCTION 7.16

Defendants Douglas Jemal and Blake Esherick ("Defendants"), through counsel, hereby move this Court to reconsider its ruling on Jury Instruction 7.16.

## I.  BACKGROUND

On October 16, 2006, Defendants submitted a Motion To Correct And Supplement Jury Instructions ("Motion"). In their Motion, Defendants requested that the Court delete Jury Instruction 7.16, as it was then-written.

On October 17, 2006, the government filed an Opposition to Defendants' Motion ("Opposition"). In its Opposition, the government proposed replacing Instruction 7.16 with this instruction:

> As a general matter, the tax laws <u>exclude</u> from gross income "gifts" that are received by the taxpayer. However, the tax law does <u>not</u> exclude from a taxpayer's gross income any amounts transferred by or for an employer to, or for the benefit of an employee, even when the employer labels the transfer a "gift."
> Nonetheless, if you find that Blake Esherick and Douglas Jemal believed rent-free use of a house was excludible as a non-employer gift from Norman Jemal and/or Douglas Jemal, however unreasonable such belief may be, you must find the defendants did not have criminal intent with regard to this aspect of the alleged compensation. If a defendant has a good faith belief that a

> transaction does not constitute taxable income, he cannot be found guilty of tax evasion as to that transaction, even if his belief was mistaken.

Opposition at 5-6.

Also on October 17, 2006, Defendants filed a Reply to the government's Opposition ("Reply"). In their Reply, Defendants argued that the government had misconstrued the law on the provision of items from an employer to an employee and suggested that the Court give an instruction that would accommodate both Defendants' and the government's concerns. Accordingly, Defendants proposed the following instruction:

> As I already have instructed you, gifts are not income to the recipient of the gifts and the recipient of gifts need not report the gifts on his tax return. Amounts transferred by or for an employer to, or for the benefit of an employee, are not considered gifts, if they are given in the context of the employer-employee relationship.
> If you find that Douglas Jemal and/or Norman Jemal allowed Mr. Esherick to use the houses in the course of their personal relationship, then the use of the houses was a gift to Mr. Esherick. If you find that Douglas Development Corporation allowed Mr. Esherick to use the houses, then the use of the houses was income to Mr. Esherick.
> If you find that Mr. Jemal and Mr. Esherick believed the use of the houses was not income to Mr. Esherick, however unreasonable such belief may be, you must acquit the Defendants. If a defendant has a good faith belief that a transaction does not constitute taxable income, he cannot be guilty of tax evasion, even if his belief was mistaken.

Reply at 4-5.

Later on October 17, 2006, Ms. Dostourian and Ms. Luck, law clerks to the Court, indicated that the Court would use the language proposed by the government as Jury Instruction 7.16.

## II.   ARGUMENT

The second sentence of the instruction proposed by the government and accepted by the Court contains a misstatement of the law. In its entirety, the instruction states:

> As a general matter, the tax laws <u>exclude</u> from gross income "gifts" that are received by the taxpayer. However, the tax law does <u>not</u> exclude from a taxpayer's gross income any amounts transferred by or for an employer to, or for the benefit of an employee, even when the employer labels the transfer a "gift."
> Nonetheless, if you find that Blake Esherick and Douglas Jemal believed rent-free use of a house was excludible as a non-employer gift from Norman Jemal and/or Douglas Jemal, however unreasonable such belief may be, you must find the defendants did not have criminal intent with regard to this aspect of the alleged compensation. If a defendant has a good faith belief that a transaction does not constitute taxable income, he cannot be found guilty of tax evasion as to that transaction, even if his belief was mistaken.

Opposition at 5-6. The second sentence is incorrect in that it appears to create a *per se* rule where there is none.

A minor edit to the first paragraph will correct this misstatement. Rather than reading,

> As a general matter, the tax laws <u>exclude</u> from gross income "gifts" that are received by the taxpayer. However, the tax law does <u>not</u> exclude from a taxpayer's gross income any amounts transferred by or for an employer to, or for the benefit of an employee, even when the employer labels the transfer a "gift[,]"

the paragraph should read,

> As a general matter, the tax laws <u>exclude</u> from gross income "gifts" that are received by the taxpayer. There is a narrow exception to the above principle: a gift made by an employer to an employee exclusively for personal reasons, if it is entirely unrelated to the employment relationship could be considered a gift that is not considered income to the employee.

This proposed language also is consistent with *Williams*. *See Williams v. Comm'r*, 120 Fed. Appx. 289, 293-94 (10th Cir. 2005). In *Williams*, the Circuit Court noted that the legislative

- 3 -

history of 26 U.S.C. § 102(c)(1) indicates that a gift made by an employer to an employee exclusively for personal reasons, if it is entirely unrelated to the employment relationship and reflects no anticipation of business benefit, can qualify for section 102 exclusion treatment such that the gift will not be income to the employee.

The proposed language also is consistent with *Lane v. United States*, 286 F.3d 723 (4th Cir. 2002). In *Lane*, the issue was whether a cash payment in exchange for services or a gift was income. Although there was no "employment relationship" between the taxpayer and the donor in Lane, the Internal Revenue Service ("IRS") argued that the performance of services gave rise to a current employment relationship, even though the donor had not formally hired the taxpayer, and that the cash payments from the de facto employer to the de facto employee were in exchange for the services performed. Noting that the relationship between the giver and the recipient of the payments at issue was much deeper than just a relationship driven by a desire to secure compensation for services, and recognizing the persuasiveness of evidence showing disinterested generosity on the part of the donor outside of the employment relationship, the Fourth Circuit upheld the district court's finding that the payments were gifts.[1] *See id.* at 733.

---

[1] "Disinterested generosity" means, on the facts of this case, that Douglas and Norman Jemal did not require anything in the employment relationship from Mr. Esherick in return for the rent-free housing.

### III.  CONCLUSION

For these reasons, Defendants request that the Court reconsider its ruling on Jury Instruction 7.16.

                Respectfully submitted,

                ___/s/_____
                Paul F. Kemp (D.C. Bar # 922773)
                Carol Elder Bruce (D.C. Bar #202200)
                Venable LLP
                575 7th Street, N.W.
                Washington, D.C. 20004
                (202) 344-4400

                Counsel for Blake Esherick

                Reid H. Weingarten
                Brian M. Heberlig
                Steptoe & Johnson LLP
                1330 Connecticut Avenue, N.W.
                Washington, D.C. 20036-1795
                (202) 429-3000

                Michele A. Roberts
                Jeffrey M. King
                Akin Gump Strauss Hauer & Feld LLP
                1333 New Hampshire Avenue, N.W.
                Washington, D.C. 20036
                (202) 887-4306

                Christopher B. Mead
                London & Mead
                1225 19th Street, N.W.
                Suite 320
                Washington, D.C. 20036
                (202) 331-3334

                Counsel for Douglas Jemal

Dated: October 18, 2006