UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| v. | : | Crim. No. 05-359 -01, -03  (RMU) |
| | : | |
| DOUGLAS JEMAL | : | |
| BLAKE ESHERICK | : | |
| | : | |
| Defendants. | : | |

GOVERNMENT'S REPLY TO DEFENDANTS' REPLY TO THE
GOVERNMENT'S OPPOSITION TO DEFENDANTS' MOTION
FOR A NEW TRIAL ON COUNT FOUR OF THE INDICTMENT

The defendants have filed a "declaration" with their reply to the Government's opposition
to the defendants' new trial motion, raising a host of assertions that properly belonged (if
anywhere) in their initial motion.  The Government therefore submits the following brief reply,
directed at the import of the declaration on the defendants' arguments.[1]

THE DECLARATION ADDS NOTHING

The time to make the record is during trial — not in an affidavit attached to a reply brief
in a post-trial motion.

In any event, the declaration of one of Douglas Jemal's auxiliary attorneys only
establishes the following: 1) the defendants never requested on the record that the Court delete
the entire paragraph that they now claim they perceived to be objectionable; and 2) the
government never acknowledged that such a request had been granted.  Thus, the declaration
fails to alter the following fundamental facts:  there was but a single sentence that the defendants
requested in open court to have the Court instruct the jury, there was but a single sentence to

---

[1]    Defense counsel has indicated that to the extent this pleading is directed at the
issues raised in the declaration, counsel has no objection to the government's filing it. To the
extent that it is a "re-hash," counsel objects.

which the government directed its comments in opposition thereto in open court (a proposed sentence that government counsel termed "incomprehensible," Tr. 4352), and there was but a single sentence that was the subject of negotiations between government counsel and defense counsel over lunch.

Even assuming that counsel now recalls that he <u>believed</u> at the time that an entire paragraph was at issue, or that he <u>understood</u> that he sought to make it an issue, or that he <u>recalls</u> that the negotiated sentence was supposed to replace an entire paragraph, it was the defendants' responsibility to make that clear <u>on the record</u>. The defendants have conceded they did not make the kind of objections they were required to make to preserve this issue. In light of the presence of **11** defense lawyers in the well of the Courtroom (and other attorneys associated with the defense in the audience), the failure of the defense to articulate clearly its request is inexcusable, and their claim for extraordinary relief – a new trial – at this time is meritless.[2]

Furthermore, significantly lacking from the declaration is an acknowledgment that the central arguments counsel made at trial were flatly wrong. The instruction given by the Court came <u>directly</u> from standard federal jury instructions on wire fraud. Sand, et al <u>Modern Federal Jury Instructions</u>, Inst. 44-5 at p. 44-29. Defense counsel did not recognize the straightforward legal principles embodied in that instruction. Instead, counsel essentially accused the Court of carelessness, opining that the Court had committed a "grievous" word processing error in so

---

[2]     Government counsel did not overhear every comment or proposal defense counsel may have made to the Court's law clerks, and does not recall every comment and proposal that may have been made in his presence. Government counsel was at times reviewing proposed language, reviewing legal authority and consulting with co-counsel. Government counsel generally recalls working to come up with a single sentence as "balancing" type language, acceptable to the defense, intended to express the legal principles in dispute in "defense language."

instructing the jury. Tr. 4347. Counsel also erroneously stated that the Court had orally

instructed the jury on the same instruction that the Second Circuit rejected in Rossomando. It

was defense counsel who was careless in both these assertions, for, 1) as noted, the instruction

were taken straight from a standard source of federal jury instructions, and 2) the instruction was

simply not the same as that given by the Second Circuit in Rossomando but was a standard jury

instruction that had been used (nearly verbatim) by the Second Circuit post-Rossomando.[3]

* * *

   Thus, even if the Court were to consider the declaration, even if the Court were to revisit

the propriety of the particular instructions, even if the Court were to disregard the flawed aspects

of the defendants' arguments in Court, and even if the Court were to conclude that a proper

request to strike had been made (and agreed to by the Court), still no error can be found. In short,

this Court got it right: to resolve the parties' disagreements about a particular jury instruction,

the Court provided standard federal jury instructions.[4] In addition, the Court gave an additional

---

[3]     Indeed, the defendants actually persisted in the latter of these two errors, as they
failed in their initial post-trial pleading to acknowledge that the language at issue here had been
approved by the Second Circuit subsequent to Rossomando and failed to acknowledge that the
language at issue came directly from a standard source of federal jury instructions.

[4]     The government does address one assertion that appeared in defendants' reply
brief. Defendants concede they did in fact elicit "no ultimate loss" testimony from Mr. Black.
Defendants' Reply Mem. at 3. The fact that counsel claims they did so in anticipation of
sentencing underscores counsel's appreciation of the strength of the government's case and the
likelihood of conviction on this count, and demonstrates how those perceptions compelled
counsel to litigate sentencing issues at trial (contrary to counsel's repeated insistence that the
evidence on this count was weak).

   In any event, the jury had no way of knowing counsel's alleged purpose in eliciting the
"no ultimate loss" testimony, and no way of knowing that counsel was (purportedly) litigating a
sentencing issue at that time, and not, for example, attempting to minimize the significance of the
charged conduct. Absent further guidance, the jury could have mistakenly believed that the

sentence agreed upon by counsel.  The declaration changes nothing.  There was no error

whatsoever, let alone error warranting a new trial.

        WHEREFORE, the Government requests that the defendants' motion be denied.

                                    Respectfully submitted,

                                    JEFFREY A. TAYLOR
                                    UNITED STATES ATTORNEY

By:                                   

                                    Mark H. Dubester, D.C. Bar No. 339655
                                    Timothy G. Lynch, D.C. Bar No. 456506
                                    Assistant United States Attorneys
                                    555 4th Street, NW, Rm. 5917
                                    Washington, D.C. 20530
                                    (202) 514-7986

---

government was required to prove an ultimate loss.  Thus, once such evidence was elicited, the
Court properly instructed the jury as to its significance.