UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | |
| v. : | Crim. No. 06-077 (RMU) |
| : | |
| BLAKE C. ESHERICK : | |

**GOVERNMENT'S OPPOSITION TO DEFENDANT'S MOTION**
**FOR COURT RECOMMENDATION OF COMMUNITY CONFINEMENT**

The United States, through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendant's request that the Court recommend community confinement.

The sentence imposed by the Court consisted of the certainty of prison time, followed by home detention as a part of supervised release.[1] The various components of the defendant's sentence were imposed as part of unitary sentence. No reason exists to decrease any aspect of the sentence at this point, or to alter any aspect of the sentencing scheme intended by the Court.

In this regard, the defendant was convicted at trial of three felonies. His guidelines range was 27 - 33 months. He acknowledged no culpability for the wire fraud conviction (and acknowledged only a fraction of his tax evasion conduct). This Court granted a "Booker departure," but no additional grounds for leniency exist.

In this regard, the defendant's request, though styled as a "Recommendation of Community Confinement," is really a request that the Court take significant steps to reduce an essential term of the defendant's sentence. Notably, the Judgment and Commitment Order has a place for recommendations to the Bureau of Prisons. No such recommendation was included.

---

[1] Defendant's complaint that he would be sitting around in prison not working is besides the point. The prison sentence – brief as it may be – serves as punishment and satisfies other goals of sentencing such as general deterrence.

To this end, the defendant's Motion is barred by the strict time limits of Rule 35. Indeed, a notice of appeal has already been filed.

The Government does not object to the Court recommending to the Bureau of Prisons (BOP) that it consider the defendant's request that he be permitted to serve his prison sentence at the Federal Prison Camp, Pensacola, Florida, so long as such classification is consistent with BOP's policies and other considerations. The BOP is entrusted with classifying prisoners and designated institutions of confinement.

The Government does object to further hearings on this matter implicating the BOP's classification policies.

WHEREFORE, the government requests his Motion be Granted.

RESPECTFULLY SUBMITTED,

JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By:      /s/
MARK H. DUBESTER, D.C. Bar No. 339655
ASSISTANT UNITED STATES ATTORNEY
555 Fourth Street, N.W.,
Washington, D.C. 20530
Ph. (202) 514-7986